Jen-Feng Lee, SBN 204328
jflee@ltpacificlaw.com
Kenneth K. Tanji, Jr., SBN 162273
ktanji@ltpacificlaw.com
**LT Pacific Law Group, LLP**
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
F: 626-810-7300

Robert E. Aycock (Admitted *pro hac vice*)
robert@kimballanderson.com
William B. Chadwick (Admitted *pro hac vice*)
will@kimballanderson.com
**KIMBALL ANDERSON**
649 E. South Temple, 2nd Floor
Salt Lake City, UT 84102
T: 801-359-3333
F: 801-326-4526

Attorneys for Defendants
XIAMEN JXD ELECTRONIC COMMERCE CO. LTD.
XIAMEN SUNNYPET PRODUCTS CO. LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| YUNTEK INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>XIAMEN JXD ELECTRONIC COMMERCE CO., LTD. and XIAMEN SUNNYPET PRODUCTS CO., LTD.,<br><br>Defendants. | Case No. 4:20-cv-07201-JSW<br><br>**Defendants' Answer and Counterclaims** |

Defendant XIAMEN JXD ELECTRONIC COMMERCE CO. LTD. ("JXD") and XIAMEN SUNNYPET PRODUCTS CO. LTD. ("SUNNYPET"), collectively "Defendants", hereby answer the complaint ("Complaint") filed by Plaintiff YUNTEK INTERNATIONAL, INC. ("YUNTEK" or Plaintiff), and assert defenses and counterclaims, as stated herein.

**NATURE OF THE ACTION**

1. Admit.

2. Admit that Plaintiff purports to state a claim under U.S. patent laws, 35 U.S.C. §§ 1 *et seq.*, but denies that the claim has any merit. Except as expressly admitted herein, Defendants deny every allegation contained therein.

**PARTIES**

3. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

4. Admit.

5. Admit.

**INTRADISTRICT ASSIGNMENT**

1. This paragraph states a legal conclusion and argument to which no response is required.[1]

**JURISDICTION AND VENUE**

2. This paragraph states a legal conclusion and argument to which no response is required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338. Except as otherwise admitted herein, Defendants deny every allegation contained therein.

3. This paragraph states a legal conclusion and argument to which no response is required. To the extent a response is required, Defendants admit that they are entities in the People's Republic of China. Except as otherwise admitted herein, Defendants deny every allegation contained therein.

---

[1] The numbering of the response paragraphs herein correspond to the numbering of the paragraphs in the Complaint.

4. This paragraph states a legal conclusion and argument to which no response is required. To the extent a response is required, Defendants admit that they are foreign entities and reserve the right to challenge venue selection. Except as otherwise admitted herein, Defendants deny every allegation contained therein.

5. This paragraph states a legal conclusion and argument to which no response is required. To the extent a response is required, Defendants admit that they have promoted products to customers and that they have offered for sale and have sold products in the United States and this District on www.amazon.com and other websites. Except as otherwise admitted herein, Defendants deny every allegation contained therein, including the allegations of infringement.

6. Defendants admit that they are involved in the manufacturing and sale of the "accused products" as defined in the Complaint. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations contained therein and on that basis deny all other allegations.

**GENERAL ALLEGATIONS**

7. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

8. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

9. Deny.

10. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

11. Defendants admit that they sell a product identified as Model #DCC1039B1C. Except as otherwise admitted herein, Defendants deny every allegation contained therein, including the allegations of infringement.

12. Defendants admit that they sell a product identified as Model #DCC1047C. Except as otherwise admitted herein, Defendants deny every allegation contained therein, including the allegations of infringement.

13. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Defendants deny all allegations of infringement.

14. Deny.

## COUNT 1
### (Infringement of U.S. Patent No. 6,715,446)

15. This paragraph does not include an allegation that requires a response.

16. Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Deny.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

## PRAYER FOR RELIEF

Defendants deny all that Plaintiff is entitled to any relief sought in the Complaint and requests that the Court deny any and all such relief to Plaintiff in its entirety with prejudice and that Plaintiff take nothing.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue under the foregoing denials, and without prejudice to Defendants' right to plead additional defenses as discovery into the facts of the matter warrant, Defendants hereby asserts the following affirmative defenses, undertaking the burden of proof only as to those defenses that are deemed by law to be affirmative defenses. Defendants reserves the right to allege and assert additional affirmative defenses, at law or in equity, that may exist now or may be available in the future, based on discovery and further investigation in this action.

1.   The Complaint fails to state a claim upon which relief may be granted.

2.   Defendants do not willfully, intentionally, recklessly, knowingly, jointly, or otherwise infringe and have not infringe (either directly, contributorily, or by inducement) any valid and enforceable claim of the '446 Patent either literally or under the doctrine of equivalents.

3.   The claims of the '446 Patent are invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120, and one or more sections of Title 37 of the Code of Federal Regulations.

4.   The Complaint fails to state a claim that could support an award of enhanced damages under 35 U.S.C. § 284.

5.   Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, implied waiver, acquiescence, equitable estoppel, promissory estoppel, patent misuse, unfair competition, unclean hands, inequitable conduct, failure to comply with their duty of candor, and/or other equitable remedies.

6.   Plaintiff's claims are barred, in whole or in part because some of all of the accused activities/products are licensed, expressly or impliedly.

7.   Plaintiff's claims are barred, in whole or in part, because of the doctrine of prosecution history estoppel.

8.   Plaintiff's claims are barred for failure to comply with the notice requirement under 35 U.S.C. § 287.

9.   Any claim for costs made by Plaintiff is precluded under 35 U.S.C. § 288.

10.  Plaintiff's claims are barred, in whole or in part, due to intervening rights and/or prior commercial use.

11.  Plaintiff's claim for attorney's fees is barred.

12.  Plaintiff's claims are barred because of the patent misuse for exploiting the patent in excess of the rights granted.

Defendants reserve the right to assert additional affirmative defenses as the case progresses and more discovery is completed.

## DEFENDANTS' COUNTERCLAIMS

## **FACTS**

1. Defendant and Counterclaim-Plaintiff Xiamen JXD Electronic Commerce Co. Ltd. ("JXD") is a corporation organized under the laws of the People's Republic of China ("PRC"), located in Xiamen, China.

2. Defendant and Counterclaim-Plaintiff Xiamen Sunnypet Products Co. Ltd. ("Sunnypet") is a corporation organized under the laws of the PRC, located in Xiamen, China.

3. On information and belief, Plaintiff and Counterclaim-Defendant Yuntek International, Inc. ("Yuntek") is a California corporation with a principal place of business at 2416 Tripaldi Way, Hayward, CA 94545.

4. On information and belief, and based upon records at the United States Patent and Trademark Office, Yuntek is the owner of U.S. Patent No. 6,715,446 ("'446 Patent").

5. There is an actual controversy between Yunktek, on the one hand, and JXD and Sunnypet (collectively, "Counterclaimants") on the other regarding non-infringement and invalidity of the '446 Patent because Yuntek has asserted that Counterclaimants infringe the '446 Patent.

6. Defendants bring these counterclaims under the patent laws of the United States 35 U.S.C. § 1, *et seq.*, and for a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

7. This Court has jurisdiction over Yuntek because, *inter alia*, Yunktek admits it is a California corporation with its principal place of business at 2416 Tripaldi Way, Hayward, California, and because Yunktek has submitted itself to the jurisdiction of this Court by filing the Complaint.

8. This Court has jurisdiction over the subject matter of these counterclaims under at least 28 U.S.C. §§ 1331, 1332, 1338, and/or 1367.

9. Subject to and without waiving any motions related to venue, venue for these Counterclaims is proper in this Court because these Counterclaims are closely related to the claims set forth in the Complaint.

**COUNTERCLAIM ONE: DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

10. Defendants repeat and incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

11. An actual, continuing, and justiciable controversy exists between Yuntek and Counterclaimants as to Counterclaimants' non-infringement of the '446 Patent as evidenced by Yunktek's Complaint alleging infringement and Counterclaimants' Answer denying the allegations and asserting that it has not infringed, contributed to the infringement of, nor induced the infringement of any valid and enforceable claim of the '446 Patent.

12. Absent a declaration of non-infringement, Yunktek will continue to wrongfully assert the '446 Patent against Counterclaimants and continue to cause injury and damage to Counterclaimants.

13. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaimants request a judicial determination and declaration that they do not and have not infringed, contributed to the infringement or, or induced infringement of any valid and enforceable claim of the '446 Patent, either directly or indirectly, literally or under the doctrine of equivalents, or in any other matter.

**COUNTERCLAIM TWO: DECLARATORY JUDGMENT OF INVALIDITY**

14. Defendants repeat and incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

15. An actual, continuing, and justiciable controversy exists between Yuntek and Counterclaimants as to the validity of the claims of the '446 Patent as evidenced by Yunktek's Complaint alleging infringement and Counterclaimants' Answer denying the allegations and alleging invalidity.

16. Absent a declaration of invalidity of the claims of the '446 Patent, Yunktek will continue to wrongfully assert the '446 Patent against Counterclaimants and continue to cause injury and damage to Counterclaimants.

17. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaimants request a judicial determination and declaration that the claims of the '446 Patent

are invalid for failure to comply with one or more of the statutory requirements for patentability set forth in Title 35, United States Code, including at least Sections 101, 102, 103, 112, 116, 119, and/or 120 and/or one or more sections of Title 37, Code of Federal Regulations.

**COUNTERCLAIM THREE: DECLARATORY JUDGMENT OF UNENFORCEABILITY**

18. Defendants repeat and incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

19. An actual, continuing, and justiciable controversy exists between Yuntek and Counterclaimants as to the enforceability of the claims of the '446 Patent as evidenced by Yunktek's Complaint alleging infringement and Counterclaimants' Answer denying the allegations and alleging unenforceability under many equitable doctrines.

20. Absent a declaration of invalidity of the claims of the '446 Patent, Yunktek will continue to wrongfully assert the '446 Patent against Counterclaimants and continue to cause injury and damage to Counterclaimants.

21. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaimants request a judicial determination and declaration that the claims of the '446 Patent are unenforceable under the equitable doctrines of laches, waiver, implied waiver, acquiescence, equitable estoppel, promissory estoppel, patent misuse, unfair competition, unclean hands, inequitable conduct, failure to comply with their duty of candor, and/or other equitable doctrines.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaimants respectfully request that the Court grant the following relief:

a. A declaration that Yunktek shall recover nothing from Counterclaimants;

b. A declaration that Counterclaimants have not infringed, and are not infringing, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '446 Patent;

c. A declaration that the claims of the '446 Patent are invalid;

d. A declaration that the claims of the '446 Patent are unenforceable;

  e. An order enjoining Yunktek, its affiliates, and its and their respective officers, agents, servants, employees, attorneys, and representatives, and any successors and assigns thereof, from charging or asserting infringement of any claim of the '446 Patent against Counterclaimants or anyone in privity with them;

  f. An order that Counterclaimants are the prevailing parties and that this is an exceptional cased under 35 U.S.C. § 285;

  g. An award to Counterclaimants of its reasonable attorney fees and costs; and

  h. Any other and further relief that this Court may deem just and appropriate.

## JURY DEMAND

Counterclaimants demand a trial by jury on all issues raised in this action.

Dated:  April 9, 2021        LT PACIFIC LAW GROUP LLP

             By: */s/Jen-Feng Lee*
               Jen-Feng Lee

               KIMBALL ANDERSON
               Robert E. Aycock
               William B. Chadwick

               Attorneys for Defendants and Counterclaim-Plaintiffs Xiamen JXD Electronic Commerce Co. Ltd. and Xiamen Sunnypet Products Co. Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2021 the preceding document was filed with the Clerk of the Court using CM/ECF, which will send notification of the filing to all attorneys of record in this case.

*/s/Jen-Feng Lee*
Jen-Feng Lee
