UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUNTEK INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> XIAMEN JXD ELECTRONIC COMMERCE CO., LTD., et al., <br><br> Defendants. | Case No. 20-cv-07201-JSW <br><br> **ORDER SETTINE PRETRIAL AND TRIAL DATES, VACATING CASE MANAGEMENT CONFERENCE, AND REFERRING MATTER TO MAGISTRATE JUDGE TO CONDUCT SETTLEMENT CONFERENCE** <br><br> Re: Dkt. No. 24 |

This matter is scheduled for an initial case management conference on Friday, April 16, 2021. The Court has received and considered the parties' joint case management conference statement, and it HEREBY VACATES the case management conference. IT IS HEREBY ORDERED that the pretrial dates proposed jointly by the parties in their case management statement on pages 6-7 are adopted through the end of 2021, except as expressly modified by this Order.

It is FURTHER ORDERED as follows:

**A.    DATES**

Date to Complete ADR:          July 9, 2021

Markman Hearing:               October 7, 2021 at 2:00 p.m.

The Court shall set a case management conference in its *Markman* order and set trial and pretrial dates. It is FURTHER ORDERED the parties shall follow this Court's Guidelines for Civil Jury Trials, which sets forth the deadlines for all pretrial filings, including the exchange of and filing of motions in limine.

The parties are reminded that each side shall each be allowed to file ONE motion for summary judgment. Defendants shall coordinate their briefing and may request an extension of pages, if necessary. Should the parties file cross-motions for summary judgment, they shall meet and confer to determine the order of filing and only submit four briefs to the Court for its review:

1. Opening summary judgment motion;
2. Opposition and cross-motion;
3. Reply to motion and opposition to cross-motion;
4. Reply to cross-motion (filed at least TWO WEEKS prior to hearing).

**B.      DISCOVERY**

The parties are reminded that a failure voluntarily to disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions. Thirty days prior to the close of nonexpert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

If the parties have discovery disputes, they shall follow the procedures set forth in this Court's Civil Standing Orders. The Court reserves the right to refer discovery disputes to a randomly assigned Magistrate Judge.

**C.      PROCEDURE FOR AMENDING THIS ORDER**

No provision of this order may be changed except by written order of this Court upon its own motion or upon motion of one or more parties made pursuant to Civil Local Rule 7-1 upon a showing of very good cause. A motion may take the form of a stipulation and proposed order pursuant to Civil Local Rule. 7-1(a)(5) and Civil Local Rule 7-12, but the parties may not modify the pretrial schedule by stipulation without a Court order. If the modification sought is an extension of a deadline contained herein, the motion must be brought before expiration of that

deadline. A conflict with a court date set after the date of this order does not constitute good cause. The parties are advised that if they stipulate to a change in the discovery schedule, they do so at their own risk.

### D. ALTERNATIVE DISPUTE RESOLUTION

The parties are HEREBY REFERRED to a randomly-assigned Magistrate Judge to conduct a settlement conference to be completed, if possible, by no later than July 9, 2021.

**IT IS SO ORDERED.**

Dated: April 12, 2021

JEFFREY S. WHITE
United States District Judge