MATTHEW H. POPPE (SBN: 177854)
matthew.poppe@rimonlaw.com
RIMON, P.C.
800 Oak Grove Ave., Suite 250
Menlo Park, CA 94025
Telephone: (650) 461-4433
Facsimile: (650) 461-4433

Attorneys for Plaintiff
YUNTEK INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| YUNTEK INTERNATIONAL, INC., | Case No.: 3:20-cv-07201-JSW |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | |
| XIAMEN JXD ELECTRONIC COMMERCE CO., LTD. and XIAMEN SUNNYPET PRODUCTS CO., LTD., | DEMAND FOR JURY TRIAL |
| Defendants. | |

FIRST AMENDED COMPLAINT
CASE NO. 3:20-CV-07201-JSW

Plaintiff Yuntek International, Inc. ("Yuntek" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Xiamen JXD Electronic Commerce Co., Ltd. and Xiamen Sunnypet Products Co., Ltd. (collectively, "Sunnypet" or "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

2. This action is based on Sunnypet's ongoing infringement of U.S. Patent No. 6,715,446 B2 (the "'446 Patent"), entitled "Pet Tent," which Yuntek owns and which was validly issued by the United States Patent and Trademark Office ("USPTO") on April 6, 2004.

**PARTIES**

3. Yuntek is a corporation organized and existing under the laws of the State of California, with its principal place of business at 2416 Tripaldi Way, Hayward, California.

4. On information and belief, Xiamen JXD Electronic Commerce Co., Ltd. ("Xiamen JXD") is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business at No. 368, Heshan Road, 7th Floor, Huli District, Xiamen City, Fujian, People's Republic of China.

5. On information and belief, Xiamen Sunnypet Electronic Commerce Co., Ltd. ("Xiamen Sunnypet") is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business at No. 366, Heshan Road, 1st-7th Floors and 9th Floor, Huli District, Xiamen City, Fujian, People's Republic of China, and/or No. 368, Heshan Road, 7th Floor, Huli District, Xiamen City, Fujian, People's Republic of China. On information and belief, Xiamen Sunnypet is the parent company of Xiamen JXD.

**INTRADISTRICT ASSIGNMENT**

1. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an intellectual property case subject to district-wide assignment. In view of Yuntek's location in Alameda County, whereas Defendants are foreign companies, Yuntek requests assignment to any of the San Francisco, Oakland, or San Jose Divisions.

**JURISDICTION AND VENUE**

2. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. The Court has subject matter jurisdiction pursuant to at least 28 U.S.C. §§ 1331, 1332, 1338(a), and/or 1367.

3. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, excluding interest and costs, and this action is between Yuntek, a citizen of the United States, and Defendants, each of which is a citizen of the People's Republic of China.

4. Venue is proper under 28 U.S.C. § 1391(b)(3) and (c)(3) and 1400(b) because Defendants, as foreign defendants, may be sued in any judicial district, including in this District. This District is a convenient forum for resolution of the parties' disputes set forth herein because, among other things, Yuntek is located in this District and, on information and belief, acts of infringement have occurred in this District.

5. The Court has personal jurisdiction over Defendants because, on information and belief, Defendants intentionally directs their infringing activities to the United States and this District, and infringing sales have in fact occurred in the United States and this District, and Defendants have therefore purposefully availed themselves of the privileges and benefits of doing business in the United States and this District in connection with their infringing activities that form the basis of this lawsuit. For example, and among other things, Defendants promote themselves and their products by means of an English language website, and they offer for sale and have sold the infringing products and other products to customers in the United States and this District on www.amazon.com and other websites under the Petsfit brand name.

6. On information and belief, both Defendants are involved in the manufacturing and/or sale of the accused products. For example, when Yuntek first contacted Sunnypet about its patent infringement in 2018, Yuntek received a response email from a person who listed Xiamen JXD in the email signature. In addition, the Sunnypet website (http://www.sunnypet.com) lists a company address of 7th Floor, No. 368, Heshan Road, Huli District, Xiamen City, Fujian Province, China. A business records search shows that is the address of Xiamen JXD. Also, on Amazon listings for the

accused products, the seller is identified as Xiamen JXD Electronic Commerce Co., Ltd.  As for Xiamen Sunnypet, a Google search on its name produces search results with the Sunnypet website at the top with a link that reads "SUNNYPET (XIAMEN) PRODUCTS CO., LTD."  In addition, the Panjiva website identifies Xiamen Sunnypet as the supplier of multiple pet home products imported into the United States.  Further, a United States design patent for a pet carrier product, US D872,945 S, issued to Xiamen Sunnypet on January 14, 2020.

## GENERAL ALLEGATIONS

7. Yuntek designs and develops pet homes and carriers, including its Pet Tent product.  Yuntek has several patents on these products, including, but not limited to, the '446 Patent.

8. The '446 Patent was duly issued by the USPTO on April 6, 2004.  Yuntek is, and at all relevant times has been, the sole owner by assignment of all right, title, and interest in and to the '446 Patent.

9. The '446 Patent discloses and claims a novel pet carrier that is collapsible, foldable into a compact shape, and lightweight, yet forms a sturdy structure when assembled and is also comfortable for a pet.

10. Yuntek licenses the '446 Patent to a maker of products that embody the inventions of the '446 Patent, which products the maker has sold for many years.

11. Sunnypet has sold and continues to sell one or more products that infringe the '446 Patent, including, but not limited to, on www.amazon.com.  One example is Sunnypet's "Petsfit Soft Portable Dog Crate/Cat Crate/Foldable Pet Kennel/Indoor Outdoor Pet Home," offered for sale in multiple sizes.  This product is pictured below, as shown on www.amazon.com (last visited on October 10, 2020).  On information and belief, Sunnypet identifies this product and/or other, similar products as Model #DCC1039B1C.

12. Another infringing product is Sunnypet's "Petsfit Sturdy Wire Frame Soft Pet Crate, Collapsible for Travel," offered for sale in multiple sizes. This product is pictured below, as shown on www.amazon.com (last visited on September 11, 2020). On information and belief, Sunnypet identifies this product and/or other, similar products as Model #DCC1047C.

13. Yuntek expects to identify additional infringing Sunnypet products through discovery in this action. For example, based on images available in Sunnypet Petsfit listings on www.amazon.com as of October 10, 2020, it appears that the '446 Patent is infringed by such products as the "Petsfit Sturdy Wire Frame Soft Pet Crate, Collapsible for Travel," ASIN B07MC3GKHK. All such products, including those identified in the paragraphs above, are referred to collectively herein as the "Accused Products."

14. Yuntek has given Sunnypet written notice of the '446 Patent and Sunnypet's infringement thereof on multiple occasions since June 2018. Sunnypet responded with a purported non-infringement argument that addressed only one of multiple accused products and ignored basic principles of applicable patent law. For example, Sunnypet compared the product to figures in the '446 Patent, not to the patent claims.

**COUNT I**
**(Infringement of U.S. Patent No. 6,715,446)**

15. Yuntek incorporates by reference the allegations of paragraphs 1-18 above, inclusive, as if fully set forth here.

16. Yuntek owns the '446 Patent, which duly issued on April 6, 2004 and is presumed by law to be valid and enforceable. Yuntek has owned the '446 Patent continuously since its issuance.

17. Sunnypet has infringed and continues to infringe one or more claims of the '446 Patent, including, but not limited to, claim 6, by importing the Accused Products into the United

States, selling them in the United States, and offering them for sale in the United States, without a license or other permission from Yuntek.

18. Sunnypet has indirectly infringed and continues to indirectly infringe one or more claims of the '446 Patent, including, but not limited to, claim 6, by inducing the infringement by others in the United States, including, but not limited to, Sunnypet's customers who purchase and/or use the Accused Products in the United States, without a license or other permission from Yuntek.

19. Sunnypet's acts of inducement include advertising the Accused Products on www.amazon.com and other websites through which customers in the United States may purchase the products, delivering the Accused Products to customers in the United States, and providing such customers with instructions for use of the Accused Products on the websites and with the deliveries.

20. Since at least June 2018, Sunnypet has engaged in acts of inducement knowing of the '446 Patent and knowing that the induced acts constitute infringement of the '446 Patent.

21. Since at least June 2018, Sunnypet's infringement of the '446 Patent has been willful in view of Pet Life's actual knowledge of the '446 Patent, Yuntek's accusations of infringement, and the unreasonableness of Sunnypet's purported non-infringement argument, thereby entitling Yuntek to enhanced damages pursuant to 35 U.S.C. § 284.

22. Yuntek has been damaged by Sunnypet's infringement in an amount to be determined through discovery. On information and belief, Yuntek has suffered lost revenue and is entitled, at a minimum, to a reasonable royalty on Sunnypet's infringing sales and other acts, together with prejudgment and post-judgment interest. The harm suffered by Yuntek is irreparable, and Yuntek has no adequate remedy at law, warranting injunctive relief.

23. This is an exceptional case such that Yuntek is entitled to recover its reasonable attorney fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Yuntek respectfully prays for the following against Sunnypet:

1. Entry of judgment in favor of Yuntek and against Sunnypet for direct and indirect infringement of one or more claims of the '446 Patent;

2. Compensatory damages in an amount to be proven at trial for Sunnypet's past infringement and any future infringement up to the date that Sunnypet is finally and permanently enjoined from further infringement;

3. Enhanced damages pursuant to 35 U.S.C. § 284;

4. Prejudgment and post-judgment interest at the maximum rate permitted by law;

5. Attorney fees pursuant to 35 U.S.C. § 285;

6. Yuntek's costs of suit;

7. An order enjoining Sunnypet, its direct or indirect parents, subsidiaries, affiliates, divisions, successors, and assigns, their respective directors, officers, employees, and agents, and those acting in privity or concert with any of them, from further acts of direct or indirect infringement of the '446 Patent; and

8. Such other relief as the Court may deem just and proper.

DATED: May 18, 2021                    RIMON, P.C.


                                       By: /s/ Matthew H. Poppe
                                           Matthew H. Poppe
                                           Attorneys for Plaintiff
                                           YUNTEK INTERNATIONAL, INC.


## DEMAND FOR JURY TRIAL

Plaintiff Yuntek International, Inc. hereby demands a trial by jury of all issues so triable.

DATED: May 18, 2021                    RIMON, P.C.


                                       By: /s/ Matthew H. Poppe
                                           Matthew H. Poppe
                                           Attorneys for Plaintiff
                                           YUNTEK INTERNATIONAL, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2021 the within document was filed with the Clerk of the Court using CM/ECF, which will send notification of the filing to all attorneys of record in this case.

                                                    */s/ Matthew H. Poppe*
                                                   Matthew H. Poppe