Matthew H. Poppe (SBN 177854)
matthew.poppe@rimonlaw.com
RIMON, P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone: 650.461.4433
Facsimile: 650.461.4433

Attorneys for Plaintiff
YUNTEK INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| YUNTEK INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> XIAMEN JXD ELECTRONIC COMMERCE CO., LTD. and XIAMEN SUNNYPET PRODUCTS CO., LTD., <br><br> Defendants. | Case No. 4:20-cv-07201-JSW <br><br> **PLAINTIFF YUNTEK INTERNATIONAL, INC.'S MOTION (1) TO DISMISS, OR TO PARTIALLY STRIKE, DEFENDANTS' AMENDED COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY, AND (2) TO STRIKE PRAYER FOR DECLARATION OF UNENFORCEABILITY; REQUEST FOR JUDICIAL NOTICE** |

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION .................................................................................................................... 3

II. FACTUAL AND PROCEDURAL BACKGROUND ............................................................. 4

III. LEGAL STANDARD .............................................................................................................. 5

IV. ARGUMENT ........................................................................................................................... 6

    A. The Court Should Dismiss Sunnypet's Amended Invalidity Counterclaim ............. 6

        1. Sunnypet Mostly States Generic Allegations With No Factual Support ................................................................................................................ 7

        2. Sunnypet's Sole Alleged Prior Art Patent Does Not Support Invalidity ................................................................................................... 8

            a. Sunnypet's Cited Patent Is Not Prior Art ......................................... 8

            b. Sunnypet's Cited Patent Lacks an Invalidating Disclosure .............. 9

    B. In the Alternative, the Court Should Strike All Parts of Sunnypet's Invalidity Counterclaim That Are Not Based on the Cited '451 Patent .................. 10

    C. The Court Should Strike Sunnypet's Prayer for a Declaration That Yuntek's Patent Is Unenforceable ............................................................................ 11

    D. The Court Should Grant Judicial Notice of the Patents Cited Herein ..................... 11

V. CONCLUSION ...................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Cardivascular Sys., Inc. v. Medtronic, Inc.*,
  No. C-95-3577 DLJ, 1996 WL 467293 (N.D. Cal. July 24, 1996) ........................................... 7

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ....................................................... 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ....................................................... 5

*Ely Holdings Ltd. v. O'Keeffe's, Inc.*,
  18-CV-06721-JCS, 2019 WL 4071028 (N.D. Cal. Mar. 5, 2019) .......................................... 6

*Foster Poultry Farms v. Alkar-Rapidpak-MP Equipment, Inc.*,
  868 F. Supp. 2d 983 (E.D. Cal. 2012) .................................................................................. 11

*GeoVector Corp. v. Samsung Elecs. Co.*,
  234 F. Supp. 3d 1009 (N.D. Cal. 2017) ................................................................................ 11

*Grid Sys. Corp. v. Texas Instruments Inc.*,
  771 F. Supp. 1033 (N.D. Cal. 1991) ....................................................................................... 7

*PageMelding, Inc. v. ESPN, Inc.*,
  No. C 11-06263 WHA, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012) ............................... 5, 7

*Princo Corp. v. Int'l Trade Comm'n*,
  616 F.3d 1318 (Fed. Cir. 2010) ............................................................................................ 11

*Qarbon.com Inc. v. eHelp Corp.*,
  315 F. Supp. 2d 1046 (N.D. Cal. 2004) .................................................................................. 7

*Rees v. PNC Bank, N.A.*,
  308 F.R.D. 266 (N.D. Cal. 2015) ............................................................................................ 6

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods.*,
  -- U.S. --, 137 S. Ct. 954, 197 L. Ed. 2d 292 (2017) ............................................................ 11

*Usher v. City of Los Angeles*,
  828 F.2d 556 (9th Cir. 1987) ................................................................................................... 5

*Wordtech Sys., Inc. v. Integrated Networks Solutions Inc.*,
  609 F.3d 1308 (Fed. Cir. 2010) .............................................................................................. 7

*X One, Inc. v. Uber Technologies, Inc.*,
  239 F. Supp. 3d 1174 (N.D. Cal. 2017) ................................................................................ 11

*Xilinx, Inc. v. Invention Inv. Fund I LP*,
  No. C 11-0671 SI, 2011 WL 3206686 (N.D. Cal. July 27, 2011) ......................................... 6, 7

**Statutes**

35 U.S.C. § 101 ............................................................................................................................. 7, 11

35 U.S.C. § 103 .................................................................................................................................. 7

35 U.S.C. § 112(a), (b) ....................................................................................................................... 7

35 U.S.C. § 119(a) .............................................................................................................................. 8

35 U.S.C. § 282(b)(3)(A) .............................................................................................................. 1, 10

America Invents Act of 2011 ...................................................................................................... 1, 3, 10

**Other Authorities**

Federal Rules of Evidence Rule 201 ............................................................................................ 1, 3, 11

FRCP 8 ............................................................................................................................................... 7

Rule 12(b)(6) ........................................................................................................................ 1, 2, 5, 6, 12

Rule 12(f) ............................................................................................................................. 1, 2, 3, 6, 12

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 9, 2021, at 9:00 a.m., or as soon thereafter as the matter be heard, in Courtroom 5 of the Oakland Courthouse, 2d Floor, 1301 Clay Street, Oakland, CA 94612, Plaintiff Yuntek International, Inc. ("Yuntek"), will and hereby does move for an order, regarding the Answer and Counterclaims to First Amended Complaint filed by Defendants Xiamen Jxd Electronic Commerce Co., Ltd. and Xiamen Sunnypet Products Co., Ltd. (together, "Sunnypet"), Dkt. No. 38, (1) dismissing Counterclaim Two for a declaratory judgment of invalidity or, alternatively, striking all grounds for that counterclaim except those based on alleged prior art U.S. Patent No. 7,458,451 (the "'451 Patent"), and (2) striking from the Prayer for Relief paragraph (d) thereof, which requests a declaration that Yuntek's asserted patent is unenforceable.

The motion to dismiss is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Counterclaim Two fails to state a claim upon which relief can be granted because the pleading alleges no relevant facts and states no specific basis for alleged invalidity except with respect to the '451 Patent, which cannot invalidate Yuntek's asserted patent as a matter of law because it is not prior art in relevant respects and does not disclose every element of any claim in Yuntek's patent.  Furthermore, the invalidity counterclaim is based in part on an alleged failure to satisfy the best mode requirement, which was eliminated as a basis to invalidate a patent by the America Invents Act, 35 U.S.C. § 282(b)(3)(A).

The motion to strike is made pursuant to Rule 12(f) of the Federal Rules of Civil Procedure on the grounds that (1) if the motion to dismiss is denied, all portions of Counterclaim Two other than those relating to the '451 Patent should be stricken as immaterial, impertinent, and/or redundant because they relate to defenses that are not adequately pled and/or are contrary to law, and (2) paragraph (d) of the Prayer for Relief should be stricken as immaterial, impertinent, and/or redundant because Defendants have not pled an unenforceability counterclaim.

Yuntek further requests, pursuant to Rule 201 of the Federal Rules of Evidence, that the Court take judicial notice of the '451 Patent; two other patents in the same family (Nos. 6,550,592 and 7,048,102); Yuntek's asserted patent and reexam certificate; and their respective filing dates.

The motions and requests herein are based on this Notice of Motion, the Memorandum of Points and Authorities set forth below, all pleadings and documents in the Court's file, all matters of which the Court may or must take judicial notice, and such other written or oral argument as may be presented at or before the time this motion is heard by the Court.

## STATEMENT OF RELIEF SOUGHT

Yuntek seeks the following:

(1) An order dismissing, pursuant to Rule 12(b)(6), Sunnypet's Second Counterclaim for a declaratory judgment of invalidity or, alternatively, striking, pursuant to Rule 12(f), all grounds for the invalidity counterclaim except those based on the alleged prior art '451 Patent.

(2) An order striking from the Prayer for Relief, pursuant to Rule 12(f), paragraph (d) thereof, which requests a declaration that Yuntek's asserted patent is unenforceable.

(3) An order granting Yuntek's request for judicial notice of the '451 Patent; two other patents in the same family (Nos. 6,550,592 and 7,048,102); Yuntek's asserted patent, U.S. Patent No. 6,715,446 (the "'446 Patent"); the related reexamination certificate; and their filing dates.

## STATEMENT OF ISSUES TO BE DECIDED

(1) Whether Sunnypet's Counterclaim Two for Declaratory Judgment of Invalidity should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted because (a) no facts and no specific basis for alleged invalidity are stated in the pleading other than with respect to the '451 Patent, and (b) the '451 Patent cannot render invalid Yuntek's asserted patent as a matter of law because the '451 Patent is not prior art in relevant respects and it does not disclose every element of any claim in Yuntek's patent.

(2) Whether, if the motion to dismiss is denied, all portions of Counterclaim Two other than those relating to the '451 Patent should be stricken pursuant to Rule 12(f) as immaterial, impertinent, and/or redundant because they relate to defenses that are not adequately pled and/or are contrary to law (including because a patent cannot be invalidated for allegedly failing the best mode requirement).

(3) Whether paragraph (d) of the Prayer for Relief, which requests a declaration that the claims of Yuntek's asserted patent are unenforceable, should be stricken pursuant to Rule 12(f)

as immaterial, impertinent, and/or redundant pursuant to Rule 12(f) because Defendants have not pled a counterclaim for a declaratory judgment of unenforceability.

(4)     Whether the Court should take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the '451 Patent; two other patents in the same family (Nos. 6,550,592 and 7,048,102); Yuntek's asserted '446 Patent; the related reexam certificate; and their filing dates.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

This is a patent infringement action in which Yuntek alleges that Sunnypet infringes U.S. Patent No. 6,715,446 B2 (the "'446 Patent"). Sunnypet's original responsive pleading asserted three counterclaims, including for a declaratory judgment of invalidity and unenforceability of the '446 Patent. *See* Defendants' Answer and Counterclaims, Dkt. No. 25, ¶¶ 14-21. Yuntek filed a motion to dismiss those counterclaims on the basis that they contained boilerplate allegations with no specific facts or grounds to support them. Dkt. No. 31. Sunnypet did not file a response, but instead voluntarily amended its counterclaims. *See* Dkt. No. 38. However, Sunnypet's amended invalidity counterclaim is no better than the original. For the most part, it simply supplements the bare statutory citations in the original counterclaim with a brief description of the corresponding legal standards. That does not satisfy the *Iqbal*/*Twombly* standard.

The only exception is a cursory reference to an alleged prior art patent, U.S. Patent No. 7,458,451 (the "'451 Patent"). *See* Dkt. No. 38, p. 7 (¶ 19). This is a rare instance in which a prior art-based invalidity defense can be rejected at the pleading stage. First, the only potentially relevant contents of the '451 Patent were added by continuation-in-part applications that were filed well after the priority date and application filing date of Yuntek's asserted patent. The '451 Patent thus is not prior art in relevant respects. Second, the disclosure of the '451 Patent is so far removed from the claimed invention of Yuntek's asserted patent that it can be summarily rejected as prior art. If the Court disagrees, it should at least strike the rest of the invalidity counterclaim as to which no factual support is stated. Paragraph 23 of amended Counterclaim Two should also be stricken on the grounds that it asserts a best mode defense that the America Invents Act of 2011 eliminated as a basis for invalidating a patent.

Yuntek also moves to strike a paragraph of Sunnypet's Prayer for Relief that requests a declaration that the claims of Yuntek's asserted patent are unenforceable. Unlike the original counterclaims, Sunnypet's amended pleading states no counterclaim for a declaratory judgment of unenforceability. There is therefore no support for the prayer for a declaration of unenforceability, which presumably was included in error and should be stricken.[1]

## II.    FACTUAL AND PROCEDURAL BACKGROUND

This is a patent infringement action brought by Yuntek against Sunnypet. Yuntek owns the '446 Patent, entitled "Pet Tent," which was validly issued by the United States Patent and Trademark Office on April 6, 2004. First Amended Complaint ("FAC"), Dkt. No. 37, p. 1, ¶ 2; *id.*, p. 3, ¶ 8; Exhibit A.[2] The patent covers a collapsible pet carrier such as the one shown in the following image from the patent's cover page:



Sunnypet has sold and is selling one or more products that infringe the '446 Patent, including on www.amazon.com. *Id.*, pp. 3-4, ¶¶ 11-13. Following is an image of one of the Accused Products:



---

[1] Yuntek notified Sunnypet about this issue, as well as the other grounds for this motion, more than a week before filing this motion, but Sunnypet took no corrective action.

[2] The exhibit references in this brief refer to the exhibits attached to this motion, which are the subject of Yuntek's request for judicial notice stated *infra* at 11.

*See id.*, ¶ 11.  Yuntek notified Sunnypet in writing of the '446 Patent and Sunnypet's infringement thereof on multiple occasions starting in June 2018, but Sunnypet has nonetheless continued to sell the infringing products.  *Id.*, ¶ 14.

Yuntek filed the Complaint in this action on October 15, 2020, alleging direct, indirect, and willful infringement by Sunnypet.  *See* Complaint, Dkt. No. 1, ¶¶ 17-23.  Sunnypet filed an Answer and Counterclaims in which it denied infringement and asserted three counterclaims for a declaratory judgment of, respectively, non-infringement, invalidity, and unenforceability.  Dkt. No. 25.  Yuntek moved to dismiss the invalidity and unenforceability counterclaims on the basis that no supporting facts were pled and several of the asserted theories were unsupported by law or had to be pled with particularity.  *See* Motion to Dismiss, Dkt. No. 31.  Sunnypet did not respond; rather, after Yuntek filed an amended complaint pursuant to a stipulated order, Sunnypet filed a new Answer and Counterclaims.  *See* Dkt. Nos. 35-38.  Sunnypet's amended pleading asserts only two counterclaims, for non-infringement and invalidity, the unenforceability counterclaim having been dropped.  *See* Dkt. No. 38, pp. 6-7.  The amendments to the invalidity counterclaim do not save it from dismissal for the reasons discussed below.

### III.  LEGAL STANDARD

Under Rule 12(b)(6), a complaint should be dismissed if it fails to state a claim upon which relief can be granted.  A motion to dismiss a counterclaim brought pursuant to Rule 12(b)(6) is evaluated under the same standard.  *PageMelding, Inc. v. ESPN, Inc.,* No. C 11-06263 WHA, 2012 WL 3877686, *1 (N.D. Cal. Sept. 6, 2012).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  This requires that the plaintiff allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  When assessing whether the plaintiff has stated facts sufficient to "raise a right to relief above the speculative level," *Twombly,* 550 U.S. at 570, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor.  *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987).  "However, the court is

not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Xilinx, Inc. v. Invention Inv. Fund I LP,* No. C 11-0671 SI, 2011 WL 3206686, *5 (N.D. Cal. July 27, 2011) (internal quotations omitted).

Rule 12(f) authorizes a court to "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." "A matter is immaterial if it 'has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266 (N.D. Cal. 2015) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)). "A matter is impertinent if it consists of statements that do not pertain to and are not necessary to the issues in question." *Id*. "Redundant allegations are those that are wholly foreign to the issues involved or the needless repetition of allegations." *Id*. (citing *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011); *Nguyen v. CTS Elecs. Mfg. Solutions Inc.*, 301 F.R.D. 337, 342 (N.D. Cal. 2014)). The function of a motion to strike is "'to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Id*. (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). "Granting a motion to strike may be proper if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Id*. (citing *Fantasy*, 984 F.2d at 1527-28). "'With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party.'" *Id*. (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (cit. om.)). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id*. (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *Nguyen*, 301 F.R.D. at 342)).

## IV.    ARGUMENT

### A.    The Court Should Dismiss Sunnypet's Amended Invalidity Counterclaim

The Court should dismiss Sunnypet's counterclaim for a declaratory judgment of invalidity for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The *Iqbal*/*Twombly* plausibility standard discussed above applies to an invalidity counterclaim. *See, e.g., Ely Holdings Ltd. v. O'Keeffe's, Inc.,* 18-CV-06721-JCS, 2019 WL 4071028, *1 (N.D. Cal.

Mar. 5, 2019); *PageMelding*, 2012 WL 3877686, at *3; *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004); *Advanced Cardivascular Sys., Inc. v. Medtronic, Inc.*, No. C-95-3577 DLJ, 1996 WL 467293, *13 (N.D. Cal. July 24, 1996); *Grid Sys. Corp. v. Texas Instruments Inc.*, 771 F. Supp. 1033 (N.D. Cal. 1991).

### 1.  Sunnypet Mostly States Generic Allegations With No Factual Support

Sunnypet's invalidity counterclaim states several theories of invalidity, but mostly without any supporting factual allegations. *See* Dkt. No. 38, ¶¶ 17-24. Paragraph 17 of the counterclaim merely cites several statutory provisions by number, along with unspecified regulatory provisions. *See id.*, ¶ 17 (citing 35 U.S.C. §§ 101, 102, 103, 112, 116, 119, 120, and "one or more sections of Title 37, Code of Federal Regulations"). It is insufficient for an invalidity counterclaim to "simply plead[] the citation." *Qarbon.com*, 315 F. Supp. 2d at 1050; *see also Xilinx,* 2011 WL 3206686, at *6 ("bare-bones recitation of statutes does not meet the requirements of *Twombly* and *Iqbal* and does not put [opposing party] on notice of the basis of … claims of invalidity.").

The subsequent paragraphs of Sunnypet's counterclaim, with one exception, merely state statutory language. *Compare* Dkt. No. 38, ¶ 18, *with* 35 U.S.C. § 101; *compare* Dkt. No. 38, ¶ 21, *with* 35 U.S.C. § 103; *compare* Dkt. No. 38, ¶¶ 22-24, *with* 35 U.S.C. § 112(a), (b). This again is insufficient. Even before *Iqbal* and *Twombly* were decided, this Court held that "conclusory pleading of the statutory language is insufficient to meet the fair notice requirement of Rule 8…." *Grid Sys.*, 771 F. Supp. at 1042. Rather, an invalidity counterclaim "must link each challenged patent with particular defects, and allege some factual basis for each alleged defect." *Id.*; *see also Qarbon.com*, 315 F. Supp. 2d at 1050-51 (granting motion to dismiss invalidity counterclaim that "does not provide a more specific statement of the basis of the counterclaim"); *PageMelding*, 2012 WL 3877686, at *3 ("Defendant's conclusory pleading of the statutes results in a general allegation that the ... patent is defective, nothing more. This counterclaim falls short of the "fair notice" requirement of FRCP 8 as interpreted by *Iqbal* and *Twombly*."). Generic allegations such as Sunnypet's are "radically insufficient" because they do not give the plaintiff a basis to evaluate them, preserve relevant evidence, or prepare a defense. *Grid Sys.,* 771 F. Supp. at 1037, 1042; *see also Wordtech Sys., Inc. v. Integrated Networks Solutions Inc.,* 609 F.3d 1308, 1322 (Fed. Cir.

2010) (noting that an allegation that "claims of the Patents are invalid for failure to comply with" statutory requirements provides "little notice").

### 2. Sunnypet's Sole Alleged Prior Art Patent Does Not Support Invalidity

The only factual assertion in Sunnypet's amended invalidity counterclaim is that Yuntek's asserted patent is anticipated by U.S. Patent No. 7,458,451 (the "'451 Patent"). The '451 Patent cannot invalidate Yuntek's patent because (1) it is not actually prior art and (2) it does not disclose all elements of any claim of Yuntek's patent. The simple, easily-understood structural elements of Yuntek's pet carrier patent claims make this argument suitable for a motion to dismiss.

#### a. Sunnypet's Cited Patent Is Not Prior Art

Yuntek's patent is entitled to a November 9, 2001 priority date based on a corresponding Chinese patent application filed on that date. *See* Exhibit A, cover page; 35 U.S.C. § 119(a). The U.S. application from which Yuntek's patent issued was filed on November 8, 2002. *See* Exhibit A, cover page. The '451 Patent cited by Sunnypet issued from an application filed on January 26, 2006, long after the relevant dates for Yuntek's patent. *See* Exhibit B, cover page. Therefore, the '451 Patent is not prior art to Yuntek's patent.

The '451 Patent is fourth in a line of related patents, one of which has an application filing date slightly before the priority date of Yuntek's patent. *See* Exhibit A, cover page, "Related U.S. Application Data" section (citing U.S. Patent No. 6,550,592 with an application filing date of Oct. 1, 2001). However, the '451 Patent is a continuation-in-part patent, *see id.*, and the parts of the '451 Patent that relate to pet carriers (the subject of Yuntek's patent) were not in the first patent. This can be seen by comparing the first two patents in the patent family. *Compare* Exhibit C at 2:2-3, 2:13, 3:5-27, 7:11-8:21 & Figs. 17-23 (references to pet carriers in the second patent in the patent family, U.S. Patent No. 7,048,102), *with* Exhibit D (U.S. Patent No. 6,550,592, which has none of those references). The parts of the '451 Patent that relate to a *foldable/collapsible* pet carrier, which are the portions on which Sunnypet presumably intends to rely, were added even later. *Compare* Exhibit B at 8:59-10:3 & Figs. 24-28 (relevant portions of '451 Patent, with an application filing date of January 26, 2006), *with* Exhibit C (lacking those portions). This further

confirms that neither the '451 Patent nor any of the other patents in the same family is prior art to Yuntek's pet carrier patent.

### b. Sunnypet's Cited Patent Lacks an Invalidating Disclosure

Even if the '451 Patent were prior art, it does not have an invalidating disclosure because it is missing many claim elements present in Yuntek's patent. Indeed, the two patented designs are fundamentally different.

Yuntek's patented invention is a collapsible pet carrier with a continuous main body and panels at each end that are engageable with the main body, such as by zippers. The end panels provide structural support when they are engaged, and allow the carrier to be collapsed and folded when they are disengaged. The front panel has an opening that allows a pet to enter and exit the carrier after it has been set up. These elements can be seen, for example, in Figure 3:



FIG. - 3

*See* Exhibit A, Fig. 3. All claims of the '451 Patent require, among other things, a continuous main body; front and back panels that provide structural support when engaged or allow the carrier to be collapsed and folded when disengaged; and a front opening in the front panel for pet ingress/egress. *See* Exhibit E at 1:32-52, 1:64-2:21, 2:39-60, 3:40-4:3, 4:45-67.[3]

The design of the '451 Patent cited by Sunnypet is fundamentally different, as shown in the following figure from that patent:

---

[3] Yuntek's original patent, Exhibit A, underwent (and survived) multiple reexaminations. Exhibit E is the most recent reexamination certificate that states the patent claims in their current form.



FIG. 28

Exhibit B, Fig. 28.  Here, the main body is not continuous but rather unzips along edge 464 such that panels 434, 432, and 412 lie flat.  In addition, there is no opening in a front panel to allow a pet to enter or exit the carrier when it is fully assembled.  Further, the design relies on separate, external elements to provide structure.  *See id*. at 9:30-37, 9:45-48, 9:64-10:3.  Thus, even if these disclosures were not four years too late to be prior art, they would not be invalidating.

**B.     In the Alternative, the Court Should Strike All Parts of Sunnypet's Invalidity Counterclaim That Are Not Based on the Cited '451 Patent**

Should the Court find that Sunnypet's invalidity claim based on the '451 Patent cannot be resolved at the pleading stage, despite that patent not being prior art and lacking an invalidating disclosure, then the Court should at least strike all other portions of the invalidity counterclaim as to which Sunnypet has stated no factual support—*i.e.*, paragraphs 17-18 and 20-24.  Not only do they lack factual support, but paragraph 23 states a best mode theory that the America Invents Act of 2011 eliminated as a basis to invalidate a patent.  *See* 35 U.S.C. § 282(b)(3)(A) ("the failure to

disclose the best mode shall not be a basis on which any claim of a patent may be canceled or held invalid or otherwise unenforceable").[4]

### C. The Court Should Strike Sunnypet's Prayer for a Declaration That Yuntek's Patent Is Unenforceable

Sunnypet's original pleading included Counterclaim Three for a Declaratory Judgment of Unenforceability, but Sunnypet dropped that counterclaim from its amended pleading. *Compare* Dkt. No. 25, p. 7, *with* Dkt. No. 38, pp. 6-7. Yet Sunnypet's amended pleading still contains a prayer for a "declaration that the claims of the '446 Patent are unenforceable." Dkt. No. 38, p. 8, ¶ d. This presumably was an oversight, but Sunnypet has not offered to correct it even though Yuntek raised the issue more than a week ago. Regardless of Sunnypet's intent, the prayer is not supported by Sunnypet's remaining counterclaims and therefore should be stricken.

### D. The Court Should Grant Judicial Notice of the Patents Cited Herein

Pursuant to Rule 201 of the Federal Rules of Evidence, Yuntek requests that the Court take judicial notice of the asserted '446 Patent, the related reexamination certificate, Sunnypet's cited '451 Patent, two other patents in the same family as the '451 Patent that are cited on the face of the '451 Patent, and the related filing dates. The patents and reexamination certificate are attached hereto as Exhibits A-E. As public records, they are judicially noticeable and may be considered in connection with a motion to dismiss. *See, e.g., GeoVector Corp. v. Samsung Elecs. Co.*, 234 F. Supp. 3d 1009, 1016 n.2 (N.D. Cal. 2017); *X One, Inc. v. Uber Technologies, Inc.*, 239 F. Supp. 3d 1174, 1182 n.1 (N.D. Cal. 2017). In addition, "[c]ourts routinely take judicial notice of patent filing dates." *Foster Poultry Farms v. Alkar-Rapidpak-MP Equipment, Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) (citing cases).

---

[4] This is not the first time Sunnypet has asserted a legal theory that contravenes definitive statutory or case law. Sunnypet's original pleading included theories of laches and patent misuse that have been abolished or severely limited and that Sunnypet abandoned after Yuntek raised this argument in its prior motion to dismiss. *See* Dkt. No. 25, p. 4, ¶¶ 5, 12; *id*., p. 7, ¶ 21; Dkt. No. 31 at 5; *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods.*, -- U.S. --, 137 S. Ct. 954, 197 L. Ed. 2d 292 (2017) (laches does not apply to patent claims); *Princo Corp. v. Int'l Trade Comm'n*, 616 F.3d 1318, 1329 (Fed. Cir. 2010) (patent misuse doctrine has a "narrow scope").

## V. CONCLUSION

For the foregoing reasons, Yuntek respectfully requests that this Court grant its motion to dismiss Sunnypet's second counterclaim for invalidity pursuant to Rule 12(b)(6) or, alternatively, strike the portions of that counterclaim described above pursuant to Rule 12(f).  Yuntek further requests, pursuant to Rule 12(f), that the Court strike paragraph (d) of the Prayer for Relief in Sunnypet's Answer and Counterclaims.  Finally, Yuntek requests that the Court take judicial notice of the patents and reexamination certificate attached hereto as Exhibits A-E, along with their respective filing dates.

Dated:  June 3, 2021                                              RIMON, P.C.


                                                                 By: */s/ Matthew H. Poppe*
                                                                      Matthew H. Poppe

                                                                      Attorneys for Plaintiff YUNTEK
                                                                      INTERNATIONAL, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2021 the within document was filed with the Clerk of the Court using CM/ECF, which will send notification of the filing to all attorneys of record in this case.

/s/ Matthew H. Poppe
Matthew H. Poppe