Jen-Feng Lee, SBN 204328
jflee@ltpacificlaw.com
Kenneth K. Tanji, Jr., SBN 162273
ktanji@ltpacificlaw.com
**LT Pacific Law Group, LLP**
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
F: 626-810-7300

Robert E. Aycock (Admitted *pro hac vice*)
robert@kimballanderson.com
William B. Chadwick (Admitted *pro hac vice*)
will@kimballanderson.com
**KIMBALL ANDERSON**
649 E. South Temple, 2nd Floor
Salt Lake City, UT 84102
T: 801-359-3333
F: 801-326-4526

Attorneys for Defendants
XIAMEN JXD ELECTRONIC COMMERCE CO. LTD.,
XIAMEN SUNNYPET PRODUCTS CO. LTD., and
PETSFIT INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| YUNTEK INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> XIAMEN JXD ELECTRONIC COMMERCE CO., LTD., XIAMEN SUNNYPET PRODUCTS CO., LTD., and PETSFIT INC., <br><br> Defendants. | Case No. 4:20-cv-07201-JSW <br><br> **DEFENDANT PETSFIT INC.'S ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT** |

Defendant PETSFIT INC. ("PETSFIT" or "Defendant"), hereby answers the Second Amended Complaint ("Complaint") filed by Plaintiff YUNTEK INTERNATIONAL, INC. ("YUNTEK" or Plaintiff), and assert defenses and counterclaims, as stated herein.[1]

## NATURE OF THE ACTION

1. Admit.

2. Admit that Plaintiff purports to state a claim under U.S. patent laws, 35 U.S.C. §§ 1 *et seq.*, but denies that the claim has any merit. Except as expressly admitted herein, Defendant denies every allegation contained therein.

## PARTIES

3. Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

4. Admit.

5. Admit.

6. Admit to corporate information with correction on address at 1100 N. Hellman Ave., not 1000 N. Hellman.

## INTRADISTRICT ASSIGNMENT

7. This paragraph states a legal conclusion and argument to which no response is required.

## JURISDICTION AND VENUE

8. This paragraph states a legal conclusion and argument to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338. Except as otherwise admitted herein, Defendant denies every allegation contained therein.

9. This paragraph states a legal conclusion and argument to which no response is required. Except as otherwise admitted herein, Defendants deny every allegation contained therein.

---

[1] Pursuant to the Court's Order dated July 13, 2021, "[o]nly Petsfit Inc., and not Defendants shall be required or permitted to answer or otherwise response to the Second Amended Complaint absent a further court order, and Defendants shall be deemed to have denied any new allegations in the Second Amended Complaint." Dkt. No. 47.

10. This paragraph states a legal conclusion and argument to which no response is required. To the extent a response is required, Defendant provides warehouse/logistic services to Sunnypet and JXD defendants. Except as otherwise admitted herein, Defendant denies every allegation contained therein, including the allegations of infringement.

11. Defendant denies that it manufactures or sales the accused products. Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations contained therein and on that basis denies all other allegations.

12. Defendant admits that it handles warehouse/logistical operations for Sunnypet and JXD. Defendant denies that it imports and sells and offers to sell the Accused Products in the United States. Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the remaining factual allegations contained therein and on that basis denies all other allegations.

## GENERAL ALLEGATIONS

13. Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

14. Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

15. Deny.

16. Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

17. Defendant admits that it sells a product identified as Model #DCC1039B1C. Except as otherwise admitted herein, Defendant denies every allegation contained therein, including the allegations of infringement.

18. Defendant admits that it sells a product identified as Model #DCC1047C. Except as otherwise admitted herein, Defendant denies every allegation contained therein, including the allegations of infringement.

19. Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations. Defendant denies all allegations of infringement.

20. Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations. Defendant denies all allegations of infringement.

## COUNT 1
**(Infringement of U.S. Patent No. 6,715,446)**

21. This paragraph does not include an allegation that requires a response.

22. Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

## PRAYER FOR RELIEF

Defendant denies all that Plaintiff is entitled to any relief sought in the Complaint and requests that the Court deny any and all such relief to Plaintiff in its entirety with prejudice and that Plaintiff take nothing.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue under the foregoing denials, and without prejudice to Defendant's right to plead additional defenses as discovery into the facts of the matter warrant, Defendant hereby asserts the following affirmative defenses, undertaking the burden of proof only as to those defenses that are deemed by law to be affirmative defenses. Defendant reserves the right to allege and assert additional affirmative defenses, at law or in equity, that may exist now or may be available in the future, based on discovery and further investigation in this action.

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendant does not willfully, intentionally, recklessly, knowingly, jointly, or otherwise infringe and have not infringe (either directly, contributorily, or by inducement) any valid and enforceable claim of the '446 Patent either literally or under the doctrine of equivalents.

3. The claims of the '446 Patent are invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101, 102, 103, 112, 116, 119 and/or 120, and one or more sections of Title 37 of the Code of Federal Regulations.

4. The Complaint fails to state a claim that could support an award of enhanced damages under 35 U.S.C. § 284.

5. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, implied waiver, acquiescence, equitable estoppel, promissory estoppel, unfair competition, unclean hands, failure to comply with their duty of candor, and/or other equitable remedies.

6. Plaintiff's claims are barred, in whole or in part because some of all of the accused activities/products are licensed, expressly or impliedly.

7. Plaintiff's claims are barred, in whole or in part, because of the doctrine of prosecution history estoppel.

8. Plaintiff's claims are barred for failure to comply with the notice requirement under 35 U.S.C. § 287.

9. Any claim for costs made by Plaintiff is precluded under 35 U.S.C. § 288.

10. Plaintiff's claims are barred, in whole or in part, due to intervening rights and/or prior commercial use.

11. Plaintiff's claim for attorney's fees is barred.

Defendant reserves the right to assert additional affirmative defenses as the case progresses and more discovery is completed.

# DEFENDANT'S COUNTERCLAIMS

## FACTS

1. Defendant and Counterclaim-Plaintiff Petsfit is a corporation organized and existing under the laws of the State of Delaware.

2. On information and belief, Plaintiff and Counterclaim-Defendant Yuntek International, Inc. ("Yuntek") is a California corporation with a principal place of business at 2416 Tripaldi Way, Hayward, CA 94545.

3. On information and belief and based upon records at the United States Patent and Trademark Office, Yuntek is the owner of U.S. Patent No. 6,715,446 ("'446 Patent").

4. There is an actual controversy between Yuntek, on the one hand, and Petsfit, JXD and Sunnypet (collectively, "Counterclaimants") on the other regarding non-infringement and invalidity of the '446 Patent because Yuntek has asserted that Counterclaimants infringe the '446 Patent.

5. 6. Defendant brings these counterclaims under the patent laws of the United States 35 U.S.C. § 1, et seq., and for a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

6. This Court has jurisdiction over Yuntek because, inter alia, Yuntek admits it is a California corporation with its principal place of business at 2416 Tripaldi Way, Hayward, California, and because Yuntek has submitted itself to the jurisdiction of this Court by filing the Complaint.

7. This Court has jurisdiction over the subject matter of these counterclaims under at least 28 U.S.C. §§ 1331, 1332, 1338, and/or 1367.

8. Subject to and without waiving any motions related to venue, venue for these Counterclaims is proper in this Court because these Counterclaims are closely related to the claims set forth in the Complaint.

## COUNTERCLAIM ONE: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

9. Defendant repeats and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

10. An actual, continuing, and justiciable controversy exists between Yuntek and

1    Counterclaimant as to Counterclaimant's non-infringement of the '446 Patent as evidenced by
2    Yuntek's Complaint alleging infringement and Counterclaimants' Answer denying the allegations
3    and asserting that it has not infringed, contributed to the infringement of, nor induced the
4    infringement of any valid and enforceable claim of the '446 Patent.

5        11.    Absent a declaration of non-infringement, Yuntek will continue to wrongfully assert
6    the '446 Patent against Counterclaimants and continue to cause injury and damage to
7    Counterclaimants.

8        12.    Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.,
9    Counterclaimants request a judicial determination and declaration that they do not and have not
10   infringed, contributed to the infringement or, or induced infringement of any valid and enforceable
11   claim of the '446 Patent, either directly or indirectly, literally or under the doctrine of equivalents,
12   or in any other matter.

**COUNTERCLAIM TWO: DECLARATORY JUDGMENT OF INVALIDITY**

14       13.    Defendant repeats and incorporates the allegations contained in the preceding
15   paragraphs as if fully set forth herein.

16       14.    An actual, continuing, and justiciable controversy exists between Yuntek and
17   Counterclaimant as to the validity of the claims of the '446 Patent as evidenced by Yuntek's
18   Complaint alleging infringement and Counterclaimant's Answer denying the allegations and
19   alleging invalidity.

20       15.    Absent a declaration of invalidity of the claims of the '446 Patent, Yuntek will
21   continue to wrongfully assert the '446 Patent against Counterclaimants and continue to cause injury
22   and damage to Counterclaimants.

23       16.    Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.,
24   Counterclaimants request a judicial determination and declaration that the claims of the '446 Patent
25   are invalid for failure to comply with one or more of the statutory requirements for patentability set
26   forth in Title 35, United States Code, including at least Sections 101, 102, 103, 112, 116, 119, and/or
27   120 and/or one or more sections of Title 37, Code of Federal Regulations.

28       17.    The claims of the '446 Patent including, but not limited to claims 6, 7, 31-38, 40-51,

53-61, and 64-65, were known or used by others in this country, or patented or described in a printed publication in this or a foreign country before the invention by the applicant for the '446 Patent, including but not limited to, U.S. Patent Nos. 5,941,195, 6,216,637, and 6,155,206.

18. All features disclosed in the '446 Patent were known in the pet-carrier and related industries before the priority date of the '446 Patent, including but not limited to collapsible pet carriers with a main body, a front and back panel attached to the main body with zippers, an opening, a front shade made of mesh, handles attached to the top, mesh windows, an interior pad, and folding carriers in specific configurations.

19. The subject matter of the claims of the '446 Patent including, but not limited to claims 6, 7, 31-38, 40-51, 53-61, and 64-65, would have been obvious at the time the invention was made to a person having ordinary skill in the art of that subject matter for reasons including, but not limited to, the features taught in the claims were known in the industry (either independently or in combination), the benefits of the features taught in the claims were known, and the methods for combining the features were known and feasible.

20. The specification of the '446 Patent does not contain a written description of the manner in full, clear, concise, and exact terms as to enable any person skilled in the art to make and use the same in light of the claim scope proposed by Plaintiff with regard to at least its application of the claim terms "above the front opening" and "top side."

21. The claims of the '446 Patent including, but not limited to claims 6, 7, 31-38, 40-51, 53-61, and 64-65, cover subject matter not sufficiently described in the specification of that patent in light of the claim scope proposed by Plaintiff with regard to at least the terms "above the front opening" and "top side."

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant respectfully requests that the Court grant the following relief:

a. A declaration that Yuntek shall recover nothing from Counterclaimant;

b. A declaration that Counterclaimant has not infringed, and is not infringing, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim

of the '446 Patent;

      c.    A declaration that the claims of the '446 Patent are invalid;

      d.    An order enjoining Yuntek, its affiliates, and its and their respective officers, agents, servants, employees, attorneys, and representatives, and any successors and assigns thereof, from charging or asserting infringement of any claim of the '446 Patent against Counterclaimants or anyone in privity with them;

      e.    An order that Counterclaimants are the prevailing parties and that this is an exceptional cased under 35 U.S.C. § 285;

      f.    An award to Counterclaimants of its reasonable attorney fees and costs; and

      g.    Any other and further relief that this Court may deem just and appropriate.

## JURY DEMAND

Counterclaimant demands a trial by jury on all issues raised in this action.

Dated: August 4, 2021

KIMBALL ANDERSON

/s/ Robert E. Aycock
Robert E. Aycock
William B. Chadwick

LT PACIFIC LAW GROUP LLP
Jen-Feng Lee

*Attorneys for Defendants
Xiamen JXD Electronic Commerce Co. Ltd.;
Xiamen Sunnypet Products Co. Ltd.; and
Petsfit Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2021 the preceding document was filed with the Clerk of the Court using CM/ECF, which will send notification of the filing to all attorneys of record in this case.

               */s/Robert E. Aycock*
                Robert E. Aycock