Matthew H. Poppe (SBN 177854)
matthew.poppe@rimonlaw.com
RIMON, P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone: 650.461.4433
Facsimile: 650.461.4433

Attorneys for Plaintiff
YUNTEK INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| YUNTEK INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> XIAMEN JXD ELECTRONIC COMMERCE CO., LTD., XIAMEN SUNNYPET PRODUCTS CO., LTD., and PETSFIT INC., <br><br> Defendants. | Case No. 4:20-cv-07201-JSW <br><br> **PLAINTIFF YUNTEK INTERNATIONAL, INC.'S MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS; CASE STATUS REPORT** <br><br> Hearing Date:     October 8, 2021 <br> Hearing Time:     9:00 a.m. <br> Hearing Location: Ctrm. 5, 2d Floor <br> Judge:            Hon. Jeffrey S. White |

**TABLE OF CONTENTS**

| | Page |
|---|---|
| I. INTRODUCTION | 2 |
| II. NATURE OF THE CASE | 2 |
| III. PROCEDURAL BACKGROUND | 4 |
|     A. Yuntek's Original Infringement Contentions | 4 |
|     B. Yuntek's Proposed Amended Infringement Contentions | 4 |
|         1. Additional Reference Numbers for the Accused Products | 5 |
|         2. Additional Information Related to Yuntek's Willful Infringement Contentions Based on Pre-Lawsuit Communications with Defendants | 6 |
|         3. Additional Information Related to These Proceedings | 7 |
|         4. Related Meet-and-Confer Discussions | 8 |
| IV. LEGAL STANDARD | 8 |
| V. ARGUMENT | 9 |
|     A. Yuntek Diligently Sought Leave to Amend After Learning New Facts | 9 |
|         1. Yuntek Learned of Additional Accused Products Through Discovery | 10 |
|         2. Yuntek Learned of Facts Supporting Its Willful Infringement Claim and Other Issues at the Settlement Conference in This Case | 11 |
|         3. Yuntek's Remaining Proposed Amendments Relate to Recent Proceedings in This Litigation | 13 |
|     B. Yuntek's Amended Infringement Contentions Will Not Prejudice Defendants | 13 |
| VI. CONCLUSION | 14 |
| VII. STATUS REPORT | 14 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Micro Devices, Inc. v. LG Elecs., Inc.*,
   No. 14-cv-01012-SI, 2017 WL 732896 (N.D. Cal. Feb. 24, 2017) ............................... 9, 11, 12

*Apple Inc. v. Samsung Elecs. Co.*,
   No. CV 12-00630 LHK, 2012 WL 5632618 (N.D. Cal. Nov. 15, 2012) ............................ 9, 12

*Chrimar Sys. Inc. v. Cisco Sys. Inc.*,
   No. 13-cv-01300-JSW (MEJ), 2015 WL 13449849 (N.D. Cal. May 14, 2015) ............... 11, 13

*Illumina Inc. v. BGI Genomics Co.*,
   No. 20-cv-01465-WHO, 2021 WL 2400941 (N.D. Cal. Jun. 11, 2021) ................................... 9

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
   No. C 13-159 CW, 2013 WL 5955548 (N.D. Cal. Nov. 6, 2013) ......................................... 12

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006) .......................................................................................... 9, 11

**Other Authorities**

Patent L.R. 3-1 ............................................................................................................................ 2, 4

Patent L.R. 3-1(i) ............................................................................................................................ 6

Patent L.R. 3-2 ............................................................................................................................ 2, 4

Patent L.R. 3-6 ............................................................................................................................ 1, 8

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 8, 2021, at 9:00 a.m. (the first available date indicated on the Court's website), or as soon thereafter as the matter may be heard, in Courtroom 5 of the Oakland Courthouse, 2d Floor, 1301 Clay Street, Oakland, CA 94612, Plaintiff Yuntek International, Inc. ("Yuntek") will and hereby does move for an order granting leave to amend its infringement contentions in the form attached hereto as Exhibit A.

This motion is made pursuant to Patent L.R. 3-6 on the grounds that at the time it served its original infringement contentions, Yuntek was unaware of the information it seeks to add by way of amendment despite diligent efforts because the information includes (1) internal Sunnypet reference numbers for accused products that were not publicly available or were otherwise not found by Yuntek despite diligent efforts; (2) details about contacts between the parties in 2015 that Yuntek did not recall until being informed about them by counsel for Defendants Xiamen JXD Electronic Commerce Co., Ltd., Xiamen Sunnypet Products Co., Ltd., and Petsfit Inc. (together, "Defendants") during the settlement conference in this case; and (3) procedural developments in this action since the date of Yuntek's original infringement contentions. Further, Defendants will not be prejudiced by the proposed amendments. Therefore, good cause exists for leave to amend.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities set forth below, the attached Exhibits A and B, the supporting Declarations of Matthew H. Poppe and David Chou filed herewith, all pleadings and documents in the Court's file, all matters of which the Court may or must take judicial notice, and such other written or oral argument as may be presented at or before the time this motion is heard by the Court.

**STATEMENT OF RELIEF SOUGHT**

Yuntek seeks an order granting leave to amend its infringement contentions in the form attached hereto as Exhibit A.

**STATEMENT OF ISSUE TO BE DECIDED**

Whether good cause exists to grant Yuntek leave to amend its infringement contentions in the form attached hereto as Exhibit A because Yuntek has acted with diligence and Defendants will not suffer prejudice from the granting of the motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This is a patent infringement action in which Yuntek alleges that Defendants infringe U.S. Patent No. 6,715,446 B2 (the "'446 Patent"). On May 21, 2021, Yuntek served a document entitled Disclosure of Asserted Claims and Infringement Contentions Pursuant to Patent L.R. 3-1 and Document Production Pursuant to Patent L.R. 3-2 ("Infringement Contentions"). Yuntek now seeks leave to amend its Infringement Contentions to add three types of information that Yuntek learned after it served its original Infringement Contentions: (1) additional internal reference numbers for the accused products disclosed in Defendants' document production; (2) additional facts supporting Yuntek's willful infringement claim, which Defendants' counsel disclosed at the settlement conference in this case; and (3) recent procedural developments. Yuntek's proposed amended infringement contentions are attached hereto as Exhibit A.

Good cause exists to grant Yuntek's motion because Yuntek has acted diligently and Defendants will not be prejudiced. Indeed, Defendants offered to stipulate that Yuntek could amend its infringement contentions as requested, but only on conditions that were not acceptable to Yuntek. Defendants do not dispute that Yuntek has acted diligently since serving its original Infringement Contentions, but they claim Yuntek should have included the proposed amendments in its original contentions. However, Yuntek could not have done so for the reasons stated below. Defendants have not asserted a claim of prejudice except in the most conclusory of terms.

Based on Yuntek's showing of good cause, the Court should grant Yuntek's motion.

**II.    NATURE OF THE CASE**

Yuntek owns the '446 Patent, entitled "Pet Tent," which the U.S. Patent and Trademark Office issued on April 6, 2004. Second Amended Complaint ("SAC"), Dkt. No. 52, ¶ 14. The

'446 Patent covers a collapsible pet carrier such as the one shown in the following image from the patent's cover page:



Defendants have sold and continue to sell many products that infringe the '446 Patent, including on www.amazon.com. *Id*. ¶ 17. Following is an image of one of the Accused Products:



*See id*., ¶ 11. Yuntek asserts one count for infringement of the '446 Patent based on Defendants' sales, offers to sell, and imports of the accused products, as well as Defendants' acts of indirect infringement. *Id*. ¶¶ 21-26, 28.

Yuntek also claims that Defendants' infringement has been willful, and that this is an exceptional case, based in part on the fact that Defendants have been on notice of the '446 Patent and Yuntek's infringement allegations since at least January 2015. *Id*. ¶ 20. Yuntek was led to believe at that time that the infringement would stop, but Yuntek learned that Defendants were selling the accused products in the United States in 2018. *Id*. Yuntek sent Defendants written notice regarding the new acts of infringement on multiple occasions in June 2018 and thereafter, but Defendants did not stop infringing despite never identifying a reasonable and good faith non-infringement or invalidity argument. *Id*.

## III. PROCEDURAL BACKGROUND

Yuntek filed the Complaint in this action on October 15, 2020, alleging direct, indirect, and willful infringement. *See* Complaint, Dkt. No. 1, ¶¶ 17-23. Yuntek has amended the Complaint twice, once to correct a factual error and once to add Defendants' U.S. affiliate as a party and to supplement certain allegations. *See* First Amended Complaint, Dkt. No. 37; SAC.

### A. Yuntek's Original Infringement Contentions

On April 12, 2021, the Court issued an Order setting a partial case schedule. Dkt. No. 27. Pursuant to that schedule, Yuntek's disclosures under Patent Local Rules 3-1 and 3-2 were due on May 21, 2012. *Id*. at 1; Dkt. No. 24 at 6. Yuntek served its Infringement Contentions on that date. Declaration of Matthew H. Poppe, filed herewith ("Poppe Decl."), ¶ 2 & Ex. A.

Yuntek's Infringement Contentions identify two categories of accused products: (1) pet carriers alleged to literally infringe, in which a mesh screen in the front panel opens upward and attaches above the front opening, and (2) pet carriers alleged to infringe under the Doctrine of Equivalents, in which the mesh screen in the front panel opens downward and lies flat when fully open. *See id*., Ex. A, pp. 2-38. For each of these two product categories, Yuntek identified the product reference numbers used by Defendants and/or the product names listed in Defendants' www.amazon.com product listings to the extent permitted by Yuntek's independent investigation. *See id*.; Poppe Decl. ¶ 3.

Yuntek's Infringement Contentions also stated the basis for Yuntek's allegation of willful infringement, to the extent known by Yuntek at that time. *See id*., Ex. A, p. 39. The Infringement Contentions only mentioned Yuntek's communications with Defendants in 2018, *see id*., because Yuntek did not remember that it had also been contacted by Defendants' counsel about the '446 Patent in 2015 at the beginning of a year-long dispute with another party. Declaration of David Chou, filed herewith ("Chou Decl."), ¶¶ 4-5; *see also* Poppe Decl. ¶ 4.

### B. Yuntek's Proposed Amended Infringement Contentions

On July 8, 2021, Yuntek sent Defendants its proposed amended infringement contentions and an explanatory meet-and-confer letter. Poppe Decl. ¶ 5 & Ex. B. The July 8 proposal is the same as the proposed amended infringement contentions attached here as Exhibit A, with three

minor additions.[1]  Poppe Decl. ¶ 6.  The material sought to be added by amendment is shown in the redline attached hereto as Exhibit B.  The proposed amendments fall into three categories, each discussed below.

### 1. Additional Reference Numbers for the Accused Products

Yuntek located the accused products on Defendants' websites and on www.amazon.com.  Poppe Decl. ¶ 7; Chou Decl. ¶ 6.  The Amazon listings identify the products by name and by an Amazon reference number, but do not list Defendants' internal reference numbers.  Poppe Decl. ¶ 8 & Ex. D.  Defendants' websites identify the products by a different name and by internal reference numbers, such as DCC1039F and DCC1047D.  *Id*. ¶¶ 9-10 & Exs. E-F.  The internal reference numbers are also on certain product materials.  *See id*. ¶ 12 & Ex. H.

Yuntek's original Infringement Contentions identified the infringing products by their Amazon names and, with one exception, by Defendants' internal reference numbers to the extent known by Yuntek at that time.  Poppe Decl., Ex. A, pp. 1-2 (identifying the products as DCC1039, DCC1047, and DCC002, plus one product identified only by its Amazon name).  Yuntek made clear that the products were accused "regardless of the product's size, color, pattern, or folding style and regardless of the name(s) and/or other identifier(s) Sunnypet has used for the product . . . ."  *Id*.; *see also id*. at fns. 1-3 on pp. 1-2.

One week after Yuntek served its original Infringement Contentions, Defendants made a document production in response to Yuntek's First Set of Requests for Production of Documents and Things.  Poppe Decl. ¶ 11 & Ex. G.  Defendants' document production included documents with photos and reference numbers of other pet carrier products sold by Defendants.  *See id*. ¶¶ 13-14 & Exs. I-J.  Several of the products include the same essential features as the originally accused products, but with different reference numbers that seem merely to indicate different sizes, colors,

---

[1] Specifically, Exhibit A hereto includes one more product of interest (though requiring further discovery before being accused of infringement) about which Yuntek notified Defendants on July 16, 2021, *see* Poppe Decl. ¶ 6 & Ex. C; an additional reference to an accused product that was listed in one section of Yuntek's proposed amended infringement contentions but inadvertently omitted from another section, *id*. ¶ 6; and citations to two additional documents, one of which was only recently located and the other of which post-dates Yuntek's Infringement Contentions, *id*. ¶ 6; *see infra* at 7 & n.2.

or minor features. *See id*. Some of the new reference numbers are the same as the ones listed in Yuntek's original Infringement Contentions, but with different suffixes (such as DCC1039023, DCC1039033, and DCC1047054). *See id*. Yuntek's proposed amended infringement contentions list several of these new reference numbers and explain how the infringement charts in Yuntek's original Infringement Contentions apply to these new reference numbers. *See* Exhibit B, attached hereto, pp. 2-4, 20-24. The proposed amended contentions also identify other reference numbers for which Yuntek needs additional information from Defendants to complete its infringement analysis. *Id*., pp. 4, 24-25. Yuntek has asked Defendants for that information several times, but Defendants have not provided it. Poppe Decl. ¶ 15 & Exs. B (top of page 2), K (¶ 3), M (¶ 4), N.

### 2. Additional Information Related to Yuntek's Willful Infringement Contentions Based on Pre-Lawsuit Communications with Defendants

Yuntek has pled that Defendants' patent infringement was willful, such that enhanced damages should be awarded to Yuntek. SAC, ¶¶ 20, 27. Per Patent L.R. 3-1(i), Yuntek stated the basis for its willful infringement allegation in its original Infringement Contentions. *See* Poppe Decl., Ex. A, p. 39. There, Yuntek described its communications with Defendants in 2018 after Yuntek learned Defendants were selling infringing products in the United States. *Id*. Yuntek also described relevant proceedings from this litigation. *Id*.

Several weeks later, on June 28, 2021, Magistrate Judge Kandis Westmore conducted a settlement conference with the parties. Dkt. No. 43; Poppe Decl. ¶ 4. During the settlement conference, Defendants' counsel referenced communications between Yuntek and Defendants regarding the '446 Patent in 2015. Poppe Decl. ¶ 4. Prior to the settlement conference, Yuntek did not recall these communications and Yuntek's counsel was unaware of them. *Id*.; Chou Decl. ¶ 4. The 2015 communications were in the context of a patent dispute between Yuntek and a U.S. company called K&H Manufacturing ("K&H"). Chou Decl. ¶ 5. After Yuntek notified K&H of its infringement of the '446 Patent, Defendants' counsel initiated several communications with Yuntek from January 30, 2015 and February 9, 2015 to inform Yuntek that it was K&H's supplier and to seek a resolution of the dispute. *Id*. Yuntek did not respond, preferring to deal directly with K&H, and did not hear from Defendants again until 2018. *Id*. By contrast, Yuntek continued

extensive discussions with K&H and several K&H customers throughout 2015 and into 2016. *Id.* Until the settlement conference in this case, Yuntek thought of that dispute as being with K&H and did not remember that Sunnypet was K&H's supplier and had briefly interacted with Yuntek in 2015. *Id.*

Yuntek was already granted leave, by stipulation, to file a Second Amended Complaint that includes allegations about the 2015 interactions between Yuntek and Defendants. *See* SAC, ¶¶ 20, 27; Dkt. Nos. 46, 47. Yuntek now seeks leave to make conforming amendments to the willful infringement allegations in its Infringement Contentions. *See* Exhibit B, attached hereto, pp. 44-45. Yuntek also seeks to add the K&H pet carrier products supplied by Defendants to the list of accused products, *id.* at 3, 20, and to supplement its indirect infringement allegations with information related to K&H and K&H's downstream customers, *id.* at 43.

### 3. Additional Information Related to These Proceedings

Yuntek stated in its original Infringement Contentions that its willful infringement claim is based in part on Defendants' conduct during this litigation. *See* Poppe Decl., Ex. A, p. 39. Yuntek wishes to supplement those allegations with information about proceedings that occurred after Yuntek served its original Infringement Contentions. *See* Exhibit B, attached hereto, p. 46.

Yuntek's original Infringement Contentions also stated that Yuntek would concurrently produce certain documents. *See* Poppe Decl., Ex. A, pp. 40-42. Yuntek now seeks to amend its Infringement Contentions to state that those documents have been produced and to identify three documents that Yuntek has produced more recently. *See* Exhibit B, attached hereto, pp. 47-48.[2]

---

[2] One added document is a certified copy of the '446 Patent's file history. *See* Exhibit B, attached hereto, p. 47. Yuntek produced an uncertified copy of the file history with its Infringement Contentions and said it had ordered a certified copy from the Patent Office and would produce it upon receipt. Poppe Decl. ¶ 17 & Ex. A, p. 40. Yuntek produced the certified copy on June 27, 2021. *Id.* ¶ 17. The other two added documents are agreements between Yuntek and other alleged infringers. *See* Exhibit B, attached hereto, p. 48. One was signed after Yuntek served its original Infringement Contentions and was produced to Defendants promptly thereafter. Poppe Decl. ¶ 18. The other is from 2010. Chou Decl. ¶ 7. Yuntek's Infringement Contentions list an agreement between Yuntek and that infringer from 2013, but Yuntek only recently realized that there was an earlier agreement with the same company. Poppe Decl. ¶ 19; Chou Decl. ¶ 7.

### 4. Related Meet-and-Confer Discussions

Yuntek sent its proposed amended infringement contentions and an explanatory letter to Defendants' counsel on July 8, 2021. Poppe Decl. ¶ 5 & Ex. B. The parties exchanged meet-and-confer emails on July 13 and 16, and then discussed Yuntek's request by telephone on July 19. *Id*. ¶ 16 & Ex. K. During that call, Defendants' counsel asked Yuntek to produce documents to assist with Defendants' consideration of Yuntek's amendment request. *Id*. ¶ 16 & Ex. L. On July 29, 2021, Yuntek voluntarily produced those documents to Defendants. *Id*. ¶ 16.

The parties exchanged additional meet-and-confer emails on August 3, followed by an August 4 email from Defendants' counsel stating that Defendants would not oppose Yuntek's request to amend its infringement contentions—but only if Yuntek agreed that Defendants could amend their invalidity contentions. *Id*., Exs. O-P. Yuntek responded the same day with an email asking to see Defendants' proposed amended invalidity contentions, which Defendants' counsel sent the following day, August 5. *Id*., Exs. Q-R. On August 9, Yuntek informed Defendants that the proposed amendments to Defendants' invalidity contentions were unacceptable,[3] and asked Defendants to allow Yuntek to amend its infringement contentions without being conditioned on Defendants also being allowed to amend their invalidity contentions. *Id*., Ex. S. Defendants refused in a follow-up meet-and-confer email and telephone call. *Id*. ¶ 27 & Ex. T.

During the parties' meet-and-confer discussions, Defendants' counsel represented and then reaffirmed multiple times that Defendants would not assert lack of diligence as a basis to oppose Yuntek's motion for leave to amend its infringement contentions, except to argue that Yuntek could have included the proposed amendments in its original Infringement Contentions. *Id*. ¶¶ 16, 27 & Exs. L, T.

## IV. LEGAL STANDARD

"Amendment of the Infringement Contentions . . . may be made only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. The local rules list several "[n]on-

---

[3] Yuntek had previously requested that Defendants amend their invalidity contentions, but only to delete dozens of listed prior art references for which Defendants provided no invalidity charts. *See infra* at 14. Defendants' proposed amendments deleted most of the uncharted prior art references, but retained three such references and sought to add them to its charts. *See* Poppe Decl., Ex. R.

exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause . . . ." *Id*. One of the non-exhaustive examples is "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Id*. Further, "[c]ourts have allowed amendments when the movant made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery." *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-cv-01012-SI, 2017 WL 732896, at *2 (N.D. Cal. Feb. 24, 2017) (citing *Karl Storz Endoscopy-Am. v. Stryker Corp.*, No. 14-0876-RS (JSC), 2016 WL 7386136 (N.D. Cal. Dec. 21, 2016)).

"In determining whether a party has established good cause, courts first look to whether the party has shown that it has acted with diligence." *Illumina Inc. v. BGI Genomics Co.*, No. 20-cv-01465-WHO, 2021 WL 2400941, at *2 (N.D. Cal. Jun. 11, 2021) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)). "If the court finds that the moving party has acted with diligence, it then must determine whether the non-moving party would suffer prejudice if the motion to amend were granted." *Id*. (quoting *Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. Jun. 26, 2013)).

## V.     ARGUMENT

Good cause exists to grant Yuntek's Motion for Leave to Amend Infringement Contentions because Yuntek has acted diligently and Defendants will not be prejudiced.

### A.     Yuntek Diligently Sought Leave to Amend After Learning New Facts

Yuntek premises its claim of diligence on the fact that it did not know the information it seeks to add by amendment when it served its original Infringement Contentions, and it has acted diligently since learning that information. Indeed, Defendants have represented to Yuntek that they do not claim a lack of diligence since Yuntek learned the new information; they merely assert that Yuntek should have included the information in its original Infringement Contentions. *Supra* at 8. As Yuntek explains below, that was not feasible.

**1.    Yuntek Learned of Additional Accused Products Through Discovery**

When Yuntek served its original Infringement Contentions, it did not know about the products it seeks to add now as new accused products. Poppe Decl. ¶ 7; *see also id*. ¶¶ 8-10 & Exs. D, E, F. Rather, it learned about those products through discovery and then diligently sought to amend its Infringement Contentions. *See id*., Exs. I, J.

Defendants' counsel has argued that "[i]nformation about the additional carriers and their features is and has been publicly available and should have been discovered before service of the infringement contentions through your prefiling investigation." Poppe Decl., Ex. K, p. 3. But when Yuntek asked where the information was publicly available, Defendants were silent. *Id*. ¶ 28 & Ex. K. Defendants' assertion that the information was publicly available and should have been found by Yuntek is not credible for the following reasons:

- The documents produced by Defendants from which Yuntek learned about the new products include products sold from 2014 to the present. *See id*., Ex. I, SUNNY_00028 (referring to products sold from 2014.10.15-2021.5.12); *id*., Ex. J (product list purported to include "all pet carrier products"); *id*., Ex. G, pp. 4, 11-12 (RFP responses by which Defendants agreed to produce product documentation from six years before filing of Complaint to present). Defendants' documents do not reveal the dates during which each listed product was sold. *See id*., Exs. I, J. If any of these products were discontinued before this litigation started, Yuntek would have had no way to learn about them.

- Defendants' product listings on www.amazon.com do not include Defendants' internal reference numbers for the listed products. *See id*. ¶ 8 & Ex. D. Thus, Yuntek has no way to identify those reference numbers from the Amazon listings. To Yuntek's knowledge, the accused products Yuntek seeks to add by amendment are not listed on www.amazon.com. *Id*. ¶ 7.

- The only other channel known to Yuntek through which the accused products are sold is Defendants' "Sunnypet" and "Petsfit" websites. Poppe Decl. ¶ 7; Chou

Decl. ¶ 6.  Neither website lists any of the new accused products Yuntek seeks to add.  Poppe Decl. ¶¶ 9-10 & Exs. E, F.[4]

Because information about the accused products that Yuntek seeks to add is not publicly available, Yuntek properly used fact discovery to learn about those products.  *See, e.g., Advanced Micro Devices*, 2017 WL 732896, at *3-*4 (granting leave to amend infringement contentions to add new accused products that plaintiff identified by cross-checking public information against information from defendant); *Chrimar Sys. Inc. v. Cisco Sys. Inc.*, No. 13-cv-01300-JSW (MEJ), 2015 WL 13449849, at *2-*3 (N.D. Cal. May 14, 2015) (recommending that plaintiff be granted leave to amend its infringement contentions "to incorporate additional products identified by [defendant] during discovery"); *id.*, Dkt. No. 262 (order adopting recommendation); *O2 Micro*, 467 F.3d at 1365-66 (explaining that this District's local patent rules permit amendments to infringement contentions "when new information comes to light in the course of discovery" if diligence is shown).  Yuntek then acted diligently in sending its proposed amended contentions to defendants, pursuing meet-and-confer discussions, and filing the present motion.  *See supra*, pp. 4-8.  Defendants do not argue that Yuntek failed to exercise diligence after learning about the products it seeks to add to its Infringement Contentions in discovery.  *See supra*, p. 8.

> **2.    Yuntek Learned of Facts Supporting Its Willful Infringement Claim and Other Issues at the Settlement Conference in This Case**

Yuntek also seeks leave to supplement the willful infringement portion of its Infringement Contentions to address Defendants' knowledge of the asserted '446 Patent in 2015, not just 2018 as stated in Yuntek's original Infringement Contentions.  Yuntek was already granted leave to file a Second Amended Complaint with these allegations.  SAC, ¶¶ 20, 27; Dkt. Nos. 46, 47.  Yuntek now merely seeks to make conforming amendments to its Infringement Contentions.

---

[4] The Sunnypet and Petsfit websites list products with reference #DCC1800, Poppe Decl., Ex. E at 5, 7, 17 & Ex. F at 11, 15, 17, but that is not a new accused product; Yuntek's proposed amended infringement contentions merely match up this reference number with an accused product already identified by its Amazon name in Yuntek's original Infringement Contentions.  *See* Exhibit B, attached hereto, p. 2.  The Petsfit website also lists a product with reference #DCC2611, Poppe Decl., Ex. F at 8, but that is not a new accused product either.  Yuntek's proposed amended infringement contentions merely identify it as a product that Yuntek intends to investigate further.  *See* Exhibit B, attached hereto, pp. 4, 25.  Among other things, Yuntek will investigate when this product was added to the Petsfit website.

Although the information Yuntek seeks to add by amendment technically was in Yuntek's possession when it served its original Infringement Contentions, it is understandable that Yuntek did not remember the 2015 communications with Defendants at that time. The communications occurred six years ago and took place over a mere 10-day period. *Supra*, pp. 6-7. Yuntek did not initiate the communications and, indeed, did not respond to Defendants' contacts, choosing instead to engage with Defendants' U.S. customer, K&H. *Id*. The communications occurred near the start of the K&H dispute, which continued with heavy activity for a year thereafter. *Id*. From Yuntek's perspective, it was a dispute with K&H, not Defendants. Chou Decl. ¶ 5.

Notably, Defendants apparently did not remember these communications at first either. Yuntek served document requests asking for, among other things, "All Documents Relating to any Communication between You and Yuntek" and "All Documents Relating to the Asserted Patent . . . ." Poppe Decl., Ex. G, pp. 8-9. Defendants agreed to produce all responsive, non-privileged documents. *Id*. Yet when Defendants produced responsive documents on May 28, 2021, they did not include any communications with Yuntek in 2015. Poppe Decl. ¶ 11. Defendants made no mention of those communications until the settlement conference a month later. *Id*. Despite promising to do so, Defendants *still* have not produced any such documents in discovery. *Id*.; *see also id*., Ex. K, p. 3 (7/13/21 email from Defendants' counsel stating, "Supplemental production of 2015 correspondence between Sunnypet and Yuntek. Forthcoming.").

Even if the Court were to find that Yuntek's possession of the information in question precludes a finding of diligence, "[c]ourts have allowed amendments when the movant made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery." *Advanced Micro Devices, Inc.*, 2017 WL 732896, at *2 (citing *Karl Storz Endoscopy-Am.*, 2016 WL 7386136); *see also Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C 13-159 CW, 2013 WL 5955548, at *1 (N.D. Cal. Nov. 6, 2013) ("even if the movant was arguably not diligent, the court retains discretion to grant leave to amend"); *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *6 (N.D. Cal. Nov. 15, 2012) (granting leave to amend infringement contentions despite failure to establish diligence

because of lack of prejudice to defendant). All three of those listed circumstances are present here. Yuntek should therefore be granted leave to amend.

### 3. Yuntek's Remaining Proposed Amendments Relate to Recent Proceedings in This Litigation

Yuntek's other proposed amendments to its Infringement Contentions related to litigation developments that occurred after the date of Yuntek's original Infringement Contentions. *See supra* at 7. Yuntek obviously could not have included that information in its original contentions and has diligently worked to amend its contentions since the original contentions were served. Indeed, Yuntek sent Defendants its proposed amendments less than two months after serving its original contentions. *See* Poppe Decl., Exs. A, B.

### B. Yuntek's Amended Infringement Contentions Will Not Prejudice Defendants

At no time during the parties' meet-and-confer discussions did Defendants' counsel identify prejudice that Defendants would suffer if Yuntek amends its infringement contentions, except to state that Defendants "based their settlement and litigation strategies on Yuntek's complaint and infringement contentions." *See* Poppe Decl. ¶¶ 16, 27 & Exs. K (p. 3, ¶ 8), P, T. Indeed, Defendants were willing to stipulate that Yuntek could amend its infringement contentions if Yuntek would agree to let Defendants amend their invalidity contentions. *See id.*, Ex. P. There are still more than two months of fact discovery left, and no depositions have occurred. *Id.* ¶ 30. Claim construction briefing has not occurred yet, and Defendants had notice of Yuntek's proposed amendments before serving their proposed claim constructions. *Compare id.* ¶ 5 & Ex. B (proposed amended infringement contentions sent to Defendants' counsel on July 8, 2021), *with* Dkt. No. 27 at 1 & Dkt. No. 24 at 6 (parties' proposed claim constructions due on July 9, 2021). Defendants have never stated a need to revise their proposed claim constructions based on Yuntek's proposed amendments. *See* Poppe Decl. ¶ 31 & Exs. K, P, T. Indeed, Defendants would have no justification for doing so because Yuntek is not revising its infringement theories and the new accused products are the same as the existing ones in all material respects. *See* Exhibit B, attached hereto, pp. 4-42 (showing a lack of changes to the infringement charts in Yuntek's Infringement Contentions); *Chrimar Sys. Inc.*, 2015 WL 13349849, at *6-*7 (finding no prejudice

from amended infringement contentions "where there is no evidence that [plaintiff] is shifting legal theories" and fact discovery was still open). Because Defendants will suffer no prejudice from amended Infringement Contentions, Yuntek's motion should be granted.

## VI. CONCLUSION

For the foregoing reasons, Yuntek respectfully requests that this Court grant its motion for leave to amend its Infringement Contentions in the form attached as Exhibit A. Good cause exists to grant the motion because Yuntek acted with diligence and Defendants will suffer no prejudice.

## VII. STATUS REPORT

Yuntek wishes to bring two other matters to the Court's attention that do not require immediate resolution.

First, as noted above, Defendants' invalidity contentions list numerous uncharted prior art references. *See supra* at 8 n.3; Poppe Decl., Ex. R. Yuntek asked Defendants to serve amended invalidity contentions that omit the uncharted references, and said it would move to strike the extraneous references if Defendants failed to do so. *Id.*, Ex. U. Defendants agreed to do so, but their proposed amended invalidity contentions failed to delete three uncharted references and, instead, added new arguments based on those three references to Defendants' invalidity charts. *See id.*, Ex. R. After further meet-and-confer discussions, the parties appear to be at an impasse regarding those three references. *Id.* ¶ 32. Despite that impasse, Defendants' counsel has represented that Defendants will still remove the other uncharted references from their invalidity contentions and Yuntek need not file a motion to strike for that purpose. *Id*. Yuntek will refrain from filing a motion to strike in reliance on that representation and on the expectation that Defendants' right to rely on the other three uncharted references will be resolved in connection with a forthcoming motion by Defendants for leave to amend their invalidity contentions.

Second, the parties have communicated at length about scheduling one or more depositions of Defendants' employees located in China. *Id.* ¶ 33; *see, e.g., id.*, Exs. K, M, P, U. Defendants' counsel has repeatedly insisted that oral depositions are impossible, even by remote means, due to the illegality of depositions in China and travel restrictions related to COVID-19. Yuntek has responded that deponents in China routinely travel to neighboring jurisdictions for depositions in

U.S.-based litigation, and that COVID-related travel restrictions may be inconvenient but are not a reason to avoid oral depositions altogether. Yuntek's counsel is informed that depositions of Chinese nationals in other U.S. litigation are still occurring despite COVID. Indeed, given the frequency with which Chinese companies are parties in U.S. litigation, any other result would be untenable. Defendants' proposed solution—a deposition on written questions—is not adequate because it would provide no opportunity to obtain spontaneous answers or to ask follow-up questions. Yuntek has informed Defendants that it is willing to wait a few weeks to schedule the deposition(s) to see if COVID-related health risks and travel restrictions ease during that period, but the issue cannot wait much longer due to the approaching close of fact discovery on October 22, 2021. If the parties are unable to resolve this issue in the next few weeks, Yuntek may need to file a motion to compel or to make limited modifications to the case schedule so that the deposition(s) can occur after the close of fact discovery. Yuntek does not want to alter other parts of the case schedule because the asserted patent will expire in late 2022 and Yuntek wants to take this case to judgment before then.

Dated: August 19, 2021                    RIMON, P.C.


                                          By: */s/ Matthew H. Poppe*
                                              Matthew H. Poppe

                                              Attorneys for Plaintiff YUNTEK
                                              INTERNATIONAL, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2021, the within document was filed with the Clerk of the Court using CM/ECF, which will send notification of the filing to all attorneys of record in this case.

/s/ *Matthew H. Poppe*
Matthew H. Poppe