# EXHIBIT E

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | |
|---|---|
| Inventor(s):   David K.Y. Chou | |
| Patent No.:   6,715,446 | Art Unit:   3993 |
| Reexam. No.:  95/001,513 | Examiner:   Fetsuga, Robert M. |
| Confirm. No.:  2286 | |
| Filed:   December 15, 2010 | **Customer No. 23910** |
| Title:   PET TENT | |

**REPLY TO OFFICE ACTION UNDER 37 C.F.R. §1.111**

Mail Stop Inter Partes Reexam
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Sir:

This REPLY is in response to the Office Action mailed January 25, 2011.

Amendments to the **Specification** begin on **Page 2** of this paper.

Amendments to the **Claims** begin on **Page 4** of this paper.

**Remarks** begin on **Page 15** of this paper.

- 1 -

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

## AMENDMENT TO THE SPECIFICATION

Please amend the specification of the patent by adding the four paragraphs underlined below to the specification after the paragraph that ends on line 4 of column 4 and before the paragraph which begins on line 5 of column 4 of the issued patent. Support for this amendment is found in the abstract and claims 1-42 of the application as originally filed. Appendix C to this Reply includes a line-by-line comparison of the added first, second, third and fourth paragraphs identifying the corresponding support in the original abstract and claims 1-42 of the application as filed. No new matter has been added.

Add the following four paragraphs to the specification after the paragraph that ends on line 4 of column 4 and before the paragraph which begins on line 5 of column 4 of the issued patent.

--- In one embodiment shown in FIGS. 1, 2, and 3, the present invention provides a collapsible tent 100 for housing a pet which folds into a storage bag when not in use. The collapsible tent 100 includes a main body 1, front panel 2 and back panel 3. The frames of the front panel 2 and back panel 3 are in the "upside down U" (dome) shape. The top and sides of the front panel 2 and back panel 3 are connected to the main body 1 with zippers 102 and 104. The bottoms of the front panel 2 and back panel 3 are sewn to the main body 1. Mesh windows 11 are provided on the sides of the main body 1. Shades 12 are also provided on the outside of the windows 11. The bottoms of the two sides of the main body 1 are harnessed with webbing loops 14. A webbing handle 15 is sewn on the upper portion of the main body 1 (i.e., along the peak of the U-shaped dome). There is an opening 21 on the front panel 2 that allows ingress and egress. A shade 22 covers up the opening 21. The shade 22 is made of mesh material.

In another embodiment, the present invention provides a collapsible housing for accommodating a pet including: a main body; a back panel connected to the main body, a front panel connected to the main body, and multiple loops for accommodating stakes. In particular embodiments, the collapsible housing also includes one or more of the following features. The front panel is connected to the main panel by a zipper. The rear panel is connected to the main panel by a zipper. The front panel has a front opening that allows access to the collapsible housing for accommodating a pet. A shade is attached to the front panel above the front opening. A bottom side, a first side and a second side of the front shade are connected to the front panel with one or more zippers. The main body has a first side and a second side and one of the first side and the second side has a side mesh window. The side mesh windows have a side shade. The side shade is securable above the side mesh window. A top of the main body has a handle attached thereto. The back panel has a back mesh window. The back mesh window has a back shade. The housing

- 2 -

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

YUNTEK-SP 000715

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

forms a storage bag in a folded condition.

In a further embodiment, the present invention provides a housing for a pet including: a main body having a bottom side, first side, a second side, and a curved top side; a back panel connected to the main body; and a front panel connected to the main body. The housing is collapsible such that the first side and the second side fold toward the bottom side, the front side and the back side fold in towards the bottom side, and thereafter the bottom surface is folded in half. In particular embodiments, the housing also includes one or more of the following features. The housing includes multiple loops for accommodating stakes. The front panel is connected to the main panel by a zipper. The rear panel is connected to the main panel by a zipper. The front panel has a front opening that allows access to the housing. A shade is attached to the front panel above the front opening wherein a bottom side, a first side and a second side are connected to the front panel with one or more zippers. The main body has a first side and a second side, and at least one of the first side and the second side has a side mesh window. The side mesh window has a side shade which is securable above the side mesh window. The curved top of the main body has a handle attached thereto. The housing forms a storage bag in a folded condition.

In yet another embodiment, the present invention provides a housing for a pet including: a main body; a back panel connected to the main body, a front panel connected to the main body; multiple loops for accommodating stakes; and a handle connected to a top surface of the main body. In particular embodiments, the housing also includes one or more of the following features. The housing is collapsible such that a first side of the main body and a second side of a main body fold toward a bottom side of the main body, thereafter the front panel and the back panel are folded toward the bottom side of the main body. The front panel is connected to the main panel by a zipper. The housing has a back mesh window which has a back shade. The rear panel is connected to the main panel by a zipper. The front panel has a front opening that allows access to the housing. A front shade is attached to the front panel above the front opening wherein a bottom side, a first side and a second side of the front shade are connected to the front panel with one or more zippers. The main body has a first side and a second side and one of the first side and the second side has a side mesh window. The side mesh window has a side shade wherein the side shade is securable above the side mesh window. The back panel has a back mesh window wherein the back mesh window has a back shade. The housing forms a storage bag in a folded condition. ---

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

YUNTEK-SP 000716

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

## AMENDMENTS TO THE CLAIMS

Please amend the claims as follows.

1. (Amended) A collapsible housing for accommodating a pet comprising:

a main body having a bottom side, a first side, a second side, and a top side, said main body forming a continuous structure;

a front panel including a front panel frame, and a back panel including a back panel frame, said front panel and said back panel joined to the main body on the bottom side and selectively engageable with the first, second, and top sides; and

wherein said housing is foldable such that said housing has an unfolded configuration suitable for accommodating a pet, and a folded configuration in which:

the first, second, and top sides are disengaged from said front and back panels, wherein when disengaged, said front and back panels open in a direction parallel to a longest side of the main body;

the main body is [collapsible] collapsed so that the first, second, and top sides are collapsed on top of said bottom side; and

the front panel and the back panel are folded over the collapsed main body with one of the front panel and the back panel folded over the other.

2. (Amended) The collapsible housing for accommodating a pet of claim 1, wherein the front panel is selectively engageable [engagable] with the first, second, and top sides of the main body by one or more zippers. [a zipper.]

3. (Amended) The collapsible housing for accommodating a pet of claim 1, wherein the back panel is selectively engageable [engagable] with the first, second, and top sides of the main body by one or more zippers. [a zipper.]

4. (Original) The collapsible housing for accommodating a pet of claim 1, wherein the front panel further has a front opening that allows access to the collapsible housing for accommodating a pet.

5. (Amended) The collapsible housing for accommodating a pet of claim 4, wherein the front opening is provided with a front shade made of mesh.

- 4 -

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

**YUNTEK-SP 000717**

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

6. (Amended) The collapsible housing for accommodating a pet of claim 5, wherein <u>the front</u> [a] shade is attached to the front panel above the front opening<u>; and wherein a bottom side, a first side and a second side of the front shade are connected to the front panel with one or more zippers</u>.

7. (Amended) <u>A collapsible housing for accommodating a pet comprising:</u>

<u>a main body having a bottom side, a first side, a second side, and a top side, said main body forming a continuous structure;</u>

<u>a front panel, and a back panel, said front panel and said back panel joined to the main body on the bottom side and selectively engageable with the first, second, and top sides;</u>

<u>wherein the front panel further has a front opening that allows access to the collapsible housing for accommodating a pet;</u>

<u>wherein a front shade is attached to the front panel above the front opening;</u>

<u>wherein the front shade is mesh;</u>

[The collapsible housing for accommodating a pet of claim 6,] wherein a bottom side, a first side and a second side of the front shade are connected to the front panel with one or more [zippers.] <u>zippers; and</u>

<u>wherein said housing is foldable such that:</u>

<u>the first, second, and top sides are disengaged from said front and back panels, wherein when disengaged, said front and back panels open in a direction parallel to a longest side of the main body;</u>

<u>the main body is collapsible so that the first, second, and top sides are collapsed on top of said bottom side; and</u>

<u>the front panel and the back panel are folded over the collapsed main body with one of the front panel and the back panel folded over the other.</u>

8. (Amended) The collapsible housing for accommodating a pet of claim 1, <u>wherein</u> at least one of the first side and the second side has a side mesh window.

9. (Original) The collapsible housing for accommodating a pet of claim 8 wherein the side mesh window has a side shade.

10. (Original) The collapsible housing for accommodating a pet of claim 9 wherein the side shade is securable above the side mesh window.

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

YUNTEK-SP 000718

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

11. (Original) The collapsible housing for accommodating a pet of claim 1, wherein the top side of the main body has a handle attached thereto.

12. (Original) The collapsible housing for accommodating a pet of claim 1, wherein the back panel has a back mesh window.

13. (Original) The collapsible housing for accommodating a pet of claim 12, wherein the back mesh window has a back shade.

14. (Original) The collapsible housing for accommodating a pet of claim 1, further comprising a plurality of loops for accommodating a plurality of stakes.

15. (Original) The collapsible housing for accommodating a pet of claim 1, further comprising a pad placed in the interior on the bottom side.

16. (Amended) A collapsible housing for a pet comprising:

 a main body having a bottom side, first side, a second side, and a curved top side, said main body forming a continuous structure;

a front panel including a front panel frame, and a back panel including a back panel frame, said front panel and said back panel joined to the main body on the bottom side and selectively engageable [engagable] with the first, second, and top sides; and

wherein said housing is foldable such that said housing has an unfolded configuration suitable for accommodating a pet and a folded configuration in which:

the first, second, and top sides are disengaged from said [from said] front and back panels;

the main body is collapsed [collapsible] so that the first, second, and top sides are collapsed on top of said bottom side;

the front panel and the back panel folded over the collapsed main body with one of the front panel and the back panel folded over the other; and

wherein the bottom surface is then folded in half.

17. (Original) The collapsible housing for a pet of claim 16, further comprising a plurality of loops for accommodating a plurality of stakes.

- 6 -

YUNTEK-SP 000719

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

18. (Amended) The collapsible housing for a pet of claim 16, wherein the front panel is selectively engageable [engagable] with the first, second, and top sides of the main body by one or more zippers. [a zipper.]

19. (Amended) The collapsible housing for a pet of claim 16, wherein the back panel is selectively engageable [engagable] with the first, second, and top sides of the main body by one or more zippers. [a zipper.]

20. (Original)The collapsible housing for a pet of claim 16, wherein the front panel further has a front opening that allows access to the housing.

21. (Amended) The collapsible housing for a pet of claim 20, wherein the front opening is provided with a front shade made of mesh.

22. (Amended) The collapsible housing of claim 21, wherein the front [a] shade is attached to the front panel above the front opening; and wherein a bottom side, a first side and a second side of the front shade are connected to the front panel with one or more zippers.

23. (Amended) [The collapsible housing of claim 22,] A collapsible housing for a pet comprising:
   a main body having a bottom side, first side, a second side, and a curved top side, said main body forming a continuous structure;
   a front panel, and a back panel said front panel and said back panel joined to the main body on the bottom side and selectively engageable with the first, second, and top sides;
      wherein the front panel further has a front opening that allows access to the housing;
      wherein a front shade is attached to the front panel above the front opening;
      wherein the front shade is mesh;
   wherein a bottom side, a first side and a second side of the front shade are connected to the front panel with one or more [zippers.] zippers;
      wherein said housing is foldable such that:
      when the first, second, and top sides are disengaged from said front and back panels;
      the main body is collapsible so that the first, second, and top sides are collapsed on top of said bottom side;
      the front panel and the back panel folded over the collapsed main body with one of the front panel and the back panel folded over the other; and

- 7 -

YUNTEK-SP 000720

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

the bottom side is then folded in half.

24. (Original) The collapsible housing for a pet of claim 16, wherein at least one of the first side and the second side has a side mesh window.

25. (Original) The collapsible housing for a pet of claim 24, wherein the side mesh window has a side shade.

26. (Original) The collapsible housing for a pet of claim 25, wherein the side shade is securable above the side mesh window.

27. (Original) The collapsible housing of claim 16, wherein the top side of the main body has a handle attached thereto.

28. (Original) The collapsible housing for a pet of claim 16, wherein the back panel has a back mesh window.

29. (Original) The collapsible housing for a pet of claim 28, wherein the back mesh window has a back shade.

30. (Original) The collapsible housing for accommodating a pet of claim 16, further comprising a pad placed in the interior on the bottom side.

31. (New) The collapsible housing for accommodating a pet of claim 7, wherein the front panel is selectively engageable with the first, second, and top sides of the main body by one or more zippers.

32. (New) The collapsible housing for accommodating a pet of claim 7, wherein the back panel is selectively engageable with the first, second, and top sides of the main body by one or more zippers.

33. (New) The collapsible housing for accommodating a pet of claim 7, wherein at least one of the first side and the second side has a side mesh window.

- 8 -

YUNTEK-SP 000721

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

34. (New) The collapsible housing for accommodating a pet of claim 33 wherein the side mesh window has a side shade.

35. (New) The collapsible housing for accommodating a pet of claim 34 wherein the side shade is securable above the side mesh window.

36. (New) The collapsible housing for accommodating a pet of claim 7, wherein the top side of the main body has a handle attached thereto.

37. (New) The collapsible housing for accommodating a pet of claim 7, wherein the back panel has a back mesh window.

38. (New) The collapsible housing for accommodating a pet of claim 37, wherein the back mesh window has a back shade.

39. (New) The collapsible housing for accommodating a pet of claim 7, further comprising a plurality of loops for accommodating a plurality of stakes.

40. (New) The collapsible housing for accommodating a pet of claim 7, further comprising a pad placed in the interior on the bottom side.

41. (New) A collapsible housing for accommodating a pet comprising:

a collapsible main body having a bottom side, a first side, a second side, and a top side, said main body forming a continuous structure;

a front panel including a front panel frame, said front panel joined to the main body on the bottom side and selectively engageable with the first, second, and top sides of the main body such that, when disengaged, said front panel opens in a direction parallel to a longest side of the main body;

a front opening in said front panel which allows access to the collapsible housing for entry and exit of the pet;

a back panel including a back panel frame, said back panel joined to the main body on the bottom side and selectively engageable with the first, second, and top sides of the main body such that when disengaged, said back panel opens in a direction parallel to a longest side of the main body;

- 9 -

YUNTEK-SP 000722

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

wherein, at a first time, said housing has an unfolded configuration and, at a second time, said housing has a folded configuration;

wherein, in said unfolded configuration,

the first, second, and top sides of said main body are engaged with said front panel and back panel; and

the front panel and the back panel are positioned substantially perpendicular to the bottom side of the main body such that the front panel frame and back panel frame support said first, second, and top sides of the main body;

wherein, in said folded configuration,

the first, second, and top sides of said main body are disengaged from said front and back panels;

the first, second, and top sides of said main body are collapsed on top of said bottom side of said main body; and

the front panel and the back panel are folded over the collapsed main body with one of the front panel and the back panel folded over the other of the front panel and the back panel.

42. (New) The collapsible housing for accommodating a pet of claim 41, wherein a front shade is attached to the front panel above the front opening.

43. (New) The collapsible housing for accommodating a pet of claim 42, wherein a bottom side, a first side and a second side of the front shade are connected to the front panel with one or more zippers.

44. (New) The collapsible housing for accommodating a pet of claim 43, wherein the front shade comprises mesh.

45. (New) The collapsible housing for accommodating a pet of claim 41, wherein the top side of the main body has a handle attached thereto.

46. (New) The collapsible housing for accommodating a pet of claim 41, wherein the top side of the main body has a handle sewn thereto.

47. (New) The collapsible housing for accommodating a pet of claim 41, wherein the front panel is

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

YUNTEK-SP 000723

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

selectively engageable with the first, second, and top sides of the main body by one or more zippers.

48. (New) The collapsible housing for accommodating a pet of claim 41, wherein the back panel is selectively engageable with the first, second, and top sides of the main body by one or more zippers.

49. (New) The collapsible housing for accommodating a pet of claim 41, wherein at least one of the first side and the second side has a side mesh window.

50. (New) The collapsible housing for accommodating a pet of claim 49, wherein the side mesh window has a side shade.

51. (New) The collapsible housing for accommodating a pet of claim 50, wherein the side shade comprises a fastener to secure the side shade above the side mesh window.

52. (New) The collapsible housing for accommodating a pet of claim 41, wherein the back panel has a back mesh window.

53. (New) The collapsible housing for accommodating a pet of claim 52, wherein the back mesh window has a back shade.

54. (New) The collapsible housing for accommodating a pet of claim 41, further comprising a plurality of loops connected to the bottom side of the main body for accommodating a plurality of stakes.

55. (New) The collapsible housing for accommodating a pet of claim 41, further comprising a pad positioned inside the main body on top of the bottom side of the main body.

56. (New) A collapsible housing for accommodating a pet comprising:
    a collapsible main body having a bottom side, a first side, a second side, and a top side, said main body forming a continuous structure;
    a front panel including a front panel frame, said front panel joined to the main body on the bottom side and selectively engageable with one or more zippers to the first, second, and top sides

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

YUNTEK-SP 000724

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

of the main body such that, when disengaged, said front panel opens in a direction parallel to a longest side of the main body;

a front opening in said front panel which allows access to the collapsible housing for entry and exit of the pet;

a front mesh shade attached to the front panel above the front opening wherein a bottom side, a first side and a second side of the front mesh shade are selectively engageable with one or more zippers to the front panel;

a back panel including a back panel frame, said back panel joined to the main body on the bottom side and selectively engageable with one or more zippers to the first, second, and top sides of the main body such that when disengaged, said back panel opens in a direction parallel to a longest side of the main body;

wherein said housing has an unfolded configuration and a folded configuration;

wherein, in said unfolded configuration of said housing,

the first, second, and top sides of said main body are engaged with said front panel and back panel, and

the front panel and the back panel are positioned substantially perpendicular to the bottom side of the main body such that the front panel frame and back panel frame support said first, second, and top sides of the main body;

wherein, in said folded configuration of said housing,

the first, second, and top sides of said main body are disengaged from said front and back panels,

the first, second, and top sides of said main body are collapsed on top of said bottom side of said main body, and

the front panel and the back panel are folded over the collapsed main body with one of the front panel and the back panel folded over the other of the front panel and the back panel.

57. (New) The collapsible housing for accommodating a pet of claim 56, further comprising a handle attached to said top side of said main body.

58. (New) The collapsible housing for accommodating a pet of claim 56, further comprising a handle sewn to the top side of the main body.

59. (New) The collapsible housing for accommodating a pet of claim 56, further comprising:

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

YUNTEK-SP 000725

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

a first mesh window in the first side; and

a second mesh window in the second side.


60. (New) The collapsible housing for accommodating a pet of claim 56, further comprising:

a first mesh window in the first side;

a second mesh window in the second side;

a first shade securable over the first mesh window; and

a second shade securable over the second mesh window.


61. (New) The collapsible housing for accommodating a pet of claim 56, further comprising:

a first mesh window in the first side;

a second mesh window in the back panel;

a first side shade securable over the first mesh window; and

a second side shade securable over the second mesh window.


62. (New) The collapsible housing for accommodating a pet of claim 56, further comprising:

a first mesh window in the first side;

a second mesh window in the second side;

a first shade securable over the first mesh window;

a second shade securable over the second mesh window;

a first fastener for holding open the first mesh window; and

a second fastener for holding open the second mesh window.


63. (New) The collapsible housing for accommodating a pet of claim 56, further comprising:

a first mesh window in the first side;

a second mesh window in the back panel;

a first side shade securable over the first mesh window;

a second side shade securable over the second mesh window;

a first fastener for holding open the first mesh window; and

a second fastener for holding open the second mesh window.


64. (New) The collapsible housing for accommodating a pet of claim 56, further comprising a plurality of loops connected to the bottom side for accommodating a plurality of stakes.

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

YUNTEK-SP 000726

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

65. (New) The collapsible housing for accommodating a pet of claim 56, further comprising a plurality of loops connected to the bottom side for accommodating a plurality of stakes and in combination with a plurality of stakes for securing said collapsible housing to the ground.

66. (New) The collapsible housing for accommodating a pet of claim 56, further comprising a pad placed inside the housing covering the bottom side of said main body.

67. (New) The collapsible housing for accommodating a pet of claim 56, further comprising a fastener for holding open the front mesh shade.

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

YUNTEK-SP 000727

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

## REMARKS

Prior to the Office Action mailed January 25, 2011 ("Office Action"), claims 1-30 were pending in the Reexamination. Claim 1 had previously been amended in Reexamination Ser. No. 90/010,942 filed April 5, 2010. This Reply amends the claims as indicated in the listing of claims above and adds new claims 31-67 leaving for the Examiner's present consideration claims 1-67 of which claims 1, 7, 16, 23, 41 and 56 are independent claims. The claims have been amended and added in response to the Office Action mailed January 25, 2011 and/or to better distinguish the prior art. No new matter has been added.

Appendix A to this Reply includes an identification of the status of all claims and support for claim changes pursuant to 37 C.F.R. §1.530(e).

Appendix B to this Reply includes a comparison of the limitations of amended claim 7, amended claim 23, new claim 41 and new claim 56 with issued claims of U.S. Patent 6,715,446 to facilitate the determination that pursuant to 37 C.F.R. §1.530(j) the claims do not enlarge the scope patent.

Appendix C to this reply includes an identification of the support for the amendment to the specification to facilitate the determination that pursuant to 37 C.F.R. §1.530(j) the amendment does not introduce new matter.

## Summary of Examiner's Rejections

1.      Claims 7 and 23 were confirmed (Office Action, p. 21).

2.      Claims 1-3, 11-13, 15, 16, 18, 19 and 27-30 were rejected under 35 U.S.C. §102(b) as being anticipated by U.S. Patent 2,538,778 to Halpin (hereinafter "Halpin") (Office Action, pp. 20-21).

3.      Claims 1-3, 11-13, 15, 16, 18, 19 and 27-30 were rejected under 35 U.S.C. §103(a) as being unpatentable over Halpin and U.S. Patent 5,918,711 to Godshaw (hereinafter "Godshaw") (Office Action, pp. 4-8).

4.      Claims 1-6, 11-13, 15, 16, 18-22 and 27-30 were rejected under 35 U.S.C. §103(a) as being unpatentable over Halpin, Godshaw, and U.S. Patent 4,397,398 to Watanabe (hereinafter "Watanabe") (Office Action, pp. 8-12).

5.      Claims 1-5, 8-21 and 24-30 were rejected under 35 U.S.C. §103(a) as being unpatentable over Halpin, Godshaw, Watanabe and U.S. Patent 5,335,618 to Zarola (hereinafter "Zarola") (Office Action, pp. 13-15).

- 15 -

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

## Summary of Patent Owner's Response

1.      Patent Owner has rewritten claims 7 and 23 in independent form incorporating the limitations of the base claims. Patent Owner has also added new claims 31-40 dependent upon claim 7.

2.      Patent Owner has amended the claims as indicated in the Listing of Claims above, and traverses the rejection of claims 1-3, 11-13, 15, 16, 18, 19 and 27-30 under 35 U.S.C. §102(b) as being anticipated by Halpin with respect to the amended claims.

3.      Patent Owner has amended the claims as indicated in the Listing of Claims above, and traverses the rejection of claims 1-3, 11-13, 15, 16, 18, 19 and 27-30 under 35 U.S.C. §103(a) as being unpatentable over Halpin and Godshaw with respect to the amended claims.

4.      Patent Owner has amended the claims as indicated in the Listing of Claims above, and traverses the rejection of claims 1-6, 11-13, 15, 16, 18-22 and 27-30 under 35 U.S.C. §103(a) as being unpatentable over Halpin, Godshaw, Watanabe with respect to the amended claims.

5.      Patent Owner has amended the claims as indicated in the Listing of Claims above, and traverses the rejection of claims 1-5, 8-21 and 24-30 under 35 U.S.C. §103(a) as being unpatentable over Halpin, Godshaw, Watanabe and Zarola with respect to the amended claims.

6.      Patent Owner has added new claims 41-65 to better distinguish the prior art. New independent claims 41 and 56 include the limitations of issued claim 1 and therefore do not impermissibly broaden the scope of the patent.

7.      Patent Owner has amended the specification of the patent pursuant to 37 C.F.R. §1.530(d)(1) to incorporate material from the abstract of the patent application as originally filed and from the claims of the patent application as originally filed.


## Detailed Response


### 1. Confirmation Of Claims 7 and 23

        In the Office Action, the Examiner confirmed the patentability of claims 7 and 23 (Office Action, p. 21). The Examiner stated that:

> "Claims 7 and 23 are patentable over the prior art because the recited feature of a shade attached by a zipper to a panel at a bottom, first side and second side of the shade, is not fairly taught by any of the Peeples, Godshaw, Littlepage, Zarola, Watanabe or Halpin references." (Office Action, p. 21).

Patent Owner has rewritten claims 7 and 23 in independent form incorporating limitations of the base claims. Patent Owner has provided, in Appendix B to this reply, a table comparing the limitations of claim 7 as amended with the limitations of issued claims 1, 4, 5, 6 and 7; and

- 16 -

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

YUNTEK-SP 000729

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

comparing the limitations of claim 23 as amended with the limitations of issued claims 16, 20, 21, 22 and 23. Note that in rewriting claims 7 and 23 in independent form, the limitation that the "opening is mesh" has been corrected to specify that the shade, rather than the opening, is "made of mesh." This amendment is consistent with FIGS. 1 and 3 and the disclosure which states:

> "there is an opening on the front panel; the opening on the front panel is covered by a mesh shade which can be rolled up and held in place by suitable material such as Velcro® at the top of the front panel; the sides and bottom of the mesh shade are attached to the front panel with zippers;" (Col. 1, lines 11-16).

Note that claims 7 and 23 as amended do not enlarge the scope of the patent because, as illustrated in the table provided in Appendix B, claims 7 and 23 include all of the limitations of issued claims 1 and 16, respectively, plus additional limitations.

Patent Owner submits that claims 7 and 23, as amended, are patentable over the prior art for at least the reasons identified by the Examiner in the Office Action (Office Action, p. 21). For example claim 7, as amended includes the limitations:

> "wherein the front panel further has a front opening that allows access to the collapsible housing for accommodating a pet;
> wherein a front shade is attached to the front panel above the front opening;
> wherein the front shade is mesh;
> **wherein a bottom side, a first side and a second side of the front shade are connected to the front panel with one or more zippers**;".

Likewise claim 23, as amended includes the limitations:

> "wherein the front panel further has a front opening that allows access to the housing;
> wherein a front shade is attached to the front panel above the front opening;
> wherein the front shade is mesh;
> **wherein a bottom side, a first side and a second side of the front shade are connected to the front panel with one or more zippers**;".

Thus, claims 7 and 23 as amended require the feature found by the Examiner to be absent from Peeples, Godshaw, Littlepage, Zarola, Watanabe and Halpin. Patent Owner therefore submits that claims 7 and 23 should be allowed as amended.

Patent Owner has added new claims 31-40 dependent upon claim 7 which was previously confirmed and has been rewritten in independent from. Support for new claims 31-40 is identified in Appendix A to this response. No new matter has been added. Patent Owner submits that claims 31-40 are patentable for at least the same reasons as claim 7 from which the claims depend. Patent Owner therefore submits that new claims 31-40 should be allowed for at least the same reasons as claim 7 from which the claims depend.

## 2. Rejection Of Claims 1-3, 11-13, 15, 16, 18, 19 and 27-30 over Halpin

The Examiner rejected claims 1-3, 11-13, 15, 16, 18, 19 and 27-30 under 35 U.S.C. §102(b)

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

YUNTEK-SP 000730

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

as being anticipated by Halpin (Office Action, pp. 20-21). Patent Owner has amended the claims as indicated in the Listing of Claims above, and traverses the rejection of claims 1-3, 11-13, 15, 16, 18, 19 and 27-30 under 35 U.S.C. §102(b) as being anticipated by Halpin with respect to the amended claims for the following reasons.

The Examiner conceded that "Halpin does not depict the sides and top in the collapsed state, and only describes the front and back panels as being folded either under or into the main body." (Office Action, p. 5). The Examiner asserted that "Halpin teaches all elements set forth in claims 1-3, 11-13 and 15 except for the sides and top being collapsed onto a bottom of the main body, with the front and back panels folded onto the collapsed main body." (Office Action, pp. 6-7). The Examiner found however that: "the recitation in claim 1 (and similarly claim 16): 'and wherein said housing is foldable such that: . . . ', is considered to be a functional limitation because the word "foldable" only requires an ability to be folded." (Office Action, p. 20). The Examiner therefore concluded that "the main body 11 and panels 15 are capable of being collapsed/folded as functionally recited in claims 1 and 16." (Office Action, p. 21).

Patent Owner has amended claim 1 such that, instead of merely specifying that the housing is foldable, it expressly requires that the housing has:

"**a folded configuration** in which:
    the first, second, and top sides are disengaged from said front and back panels, wherein when disengaged, said front and back panels open in a direction parallel to a longest side of the main body;
    the main body is collapsed so that the first, second, and top sides are collapsed on top of said bottom side; and
    the front panel and the back panel are folded over the collapsed main body with one of the front panel and the back panel folded over the other.

Similarly, claim 16 has been amended such that, instead of merely specifying that the housing is foldable, it expressly requires that the housing has:

"**a folded configuration** in which:
    the first, second, and top sides are disengaged from said front and back panels;
    the main body is collapsed so that the first, second, and top sides are collapsed on top of said bottom side;
    the front panel and the back panel are folded over the collapsed main body with one of the front panel and the back panel folded over the other; and
    the bottom surface is then folded in half."

Thus, both claims 1 and 16 have been amended so that they expressly define the housing have the defined "**folded configuration**" rather than merely having the capability of being folded in a particular manner. Support for these amendments is identified in Appendix A to this Reply. Thus, both claims 1 and 16 recite a folded configuration. The Examiner conceded that "Halpin does not depict the sides and top in the collapsed state, and only describes the front and back panels as

- 18 -

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

being folded either under or into the main body." (Office Action, p. 5). Thus Halpin does not disclose the folded configuration specified by claims 1 and 16 as amended.

Furthermore, Patent Owner has amended claims 1 and 16 to better distinguish Halpin by specifying the front panel includes a front panel frame and the back panel includes a back panel frame. Support for these amendments is identified in Appendix A to this Reply. Claims 1 and 16, as amended, both include the limitation: "a front panel including a front panel frame, and a back panel including a back panel frame." Halpin teaches a frame in the form of a separate element 30 enclosed by the outer container 11. Halpin does not teach that the end closures 15 of the outer container 11 include frame elements. Furthermore, the manner in which frame 30 and outer container 11 of Halpin are collapsed does not satisfy the claim limitations regarding the "folded configuration" because the frame 30 is collapsed separately from the outer container 11. For example, if the frame 30 of Halpin is removed before collapsing the outer container 11 and folding the closure members 15, Halpin does not satisfy the limitation that "the front panel and the back panel are folded over the collapsed main body with one of the front panel and the back panel folded over the other" because, as claimed, the front panel so folded must include a front panel frame and the back panel so folded must include a back panel frame. Furthermore, if the frame 30 of Halpin is left inside the outer container 11, the frame 30 must be collapsed first inside outer container 11 and before collapsing outer container 11 and folding the closure members 15.

Furthermore, dependent claims 11 and 27 require that "the top side of the main body has a handle attached thereto." Although Halpin has a handle 45 identified by the Examiner (Office Action, p. 20) this handle is attached to the frame 30 (see FIG. 7) and is not attached to the top side of the main body as claimed. Thus, Halpin fails to satisfy this additional limitation of claims 11 and 27.

For a rejection of claims to be properly founded under 35 U.S.C. § 102, it must be established that a prior reference discloses each and every element of the claims. Hybritech, Inc. v Monoclonal Antibodies Inc., 231 USPQ 81 (Fed. Cir. 1986), cert. denied, 480 US 947 (1987); Scripps Clinic & Research Found v. Genentech Inc., 18 USPQ2d 1001 (Fed. Cir. 1991). The Federal Circuit held in Scripps that, "Invalidity for anticipation requires that all of the elements and limitations of the claim are found within a single prior art reference . . . There must be no difference between the claimed invention and the reference disclosure, as viewed by a person of ordinary skill in the field of the invention." (18 USPQ2d at 1010). A reference that fails to disclose even one limitation will not be found to anticipate, even if the missing limitation could be discoverable through further experimentation.

The Examiner has conceded that Halpin fails to teach the element of the "sides and top

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

being collapsed onto a bottom of the main body, with the front and back panels folded onto the collapsed main body," and Halpin does not teach the element of front and back panels including front and back panel frames. Halpin also fails to teach the element of a handle attached to the top side of the main body. Thus, Patent Owner respectfully submits that Halpin does not teach all the elements of claims 1 and 16 as amended (and claims dependent thereon). Patent Owner, therefore, respectfully requests reconsideration and withdrawal of the §102 rejection of claims 1-3, 11-13, 15, 16, 18, 19 and 27-30 over Halpin.

### 3. Rejection Of Claims 1-3, 11-13, 15, 16, 18, 19 and 27-30 over Halpin and Godshaw

The Examiner rejected claims 1-3, 11-13, 15, 16, 18, 19 and 27-30 under 35 U.S.C. §103(a) as being unpatentable over Halpin and Godshaw (Office Action, pp. 4-8). Patent Owner has amended the claims as indicated in the Listing of Claims above, and traverses the rejection of claims 1-3, 11-13, 15, 16, 18, 19 and 27-30 under 35 U.S.C. §103(a) as being unpatentable over Halpin and Godshaw with respect to the amended claims for the following reasons.

The Examiner applied Halpin as previously discussed and conceded that "Halpin teaches all elements set forth in claims 1-3, 11-13 and 15 except for the sides and top being collapsed onto a bottom of the main body, with the front and back panels folded onto the collapsed main body." (Office Action, p. 7). Patent Owner incorporates the arguments made in Section 2 that Halpin fails to teach all of the elements of claims 1 and 16 as amended. The Examiner relied on Godshaw as disclosing "an analogous housing which further includes sides and top 16 collapsed onto a bottom of a main body." In light of Godshaw, the Examiner concluded that "it would have been obvious to … collapse the sides and top of the Halpin collapsible housing onto the bottom of the main body 11 as being a known collapsing scheme associated with a continuous main body." However, the Examiner conceded that "Godshaw does not teach either folding the front and back panels onto the collapsed main body or folding the front and back panels one over the other." (Office Action, p. 9). Indeed, it appears from FIG. 5 of Godshaw that the rectangular base member 10 of the bag is significantly smaller in size than the side sections 12 and 14 therefore precluding folding the front and back panels onto the collapsed main body or folding the front and back panels one over the other on top of the collapsed main body.

The Examiner asserted that, "The combination of Halpin and Godshaw, as discussed supra, teaches all elements set forth in claims 1-3, 11-13 and 15 except for the front and back panels being folded onto the collapsed main body and folded one over the other." (Office Action, pp. 10-11). Nevertheless, the Examiner concluded that because, "Halpin teaches that the panels can be folded into positions either above or below the bottom" and it appears, by comparison to the flaps

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

YUNTEK-SP 000733

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

19, 19a, that the panels so folded would overlap (col. 5, Ins. 40-43), they satisfy "the 'folded over each other' limitation recited in claim 1." (Office Action, pp. 7-8). Patent Owner respectfully disagrees for the reasons below.

First, while drawings and pictures can anticipate claims if they clearly show the structure that is claimed (see MPEP § 2125, citing In re Mraz, 455 F.2d 1069 (CCPA 1972)) the folded over each other feature is not shown in Halpin. Because this rejection relies on the comparative measurement of drawing features in Halpin, the Office Action must first determine whether the drawings are to scale, and if the dimensions are described (see MPEP § 2125). Halpin does not indicate that the drawings are to scale nor does Halpin describe the relative dimensions of the closure members 15 and the bottom portion 12. Thus, the conclusion that the closure members 15 of Halpin overlap is conjecture.

Second, Patent Owner notes that the Examiner's argument that closure members 15 overlap (even though not shown or stated in Halpin to overlap) is essentially an argument based on inherency. It is well settled that subject matter is inherent only when extrinsic evidence makes it clear that the subject matter necessarily (i.e., inevitably) flows from a disclosure of cited art (MPEP 2112). Consequently, inherency may never be established by mere probabilities or even possibilities and the mere fact that a certain thing may be present (or may result) is always insufficient (MPEP 2112). It is by no means clear that that the closure members 15 must necessarily overlap because the flaps 19 and 19a overlap. As shown in FIG. 3, flaps 19, 19a are secured to bottom portion 12 at some distance in from the ends of bottom portion 12. Flaps 19, 19a also have to be long enough that they can pass over the exterior surface of closure members 15. Thus, from FIG. 3, flaps 19, 19a must be longer than the closure members 15 and they are also mounted closer together. Thus, the fact that flaps 19, 19a overlap does not establish **inevitably** that closure members 15 do the same, especially in light of the silence of the Halpin reference upon this point. The possibility that closure members 15 **might** overlap is insufficient basis for the rejection (MPEP 2112).

Third, as stated above in Section 2, Patent Owner has amended claims 1 and 16 to better distinguish Halpin. Instead of merely specifying that the housing is foldable, claims 1 and 16 both expressly require that the housing has:

> "a folded configuration in which:
>      the first, second, and top sides are disengaged from said front and back panels, wherein when disengaged, said front and back panels open in a direction parallel to a longest side of the main body;
>      the main body is <u>collapsed</u> so that the first, second, and top sides are collapsed on top of said bottom side; and
>      the front panel and the back panel are folded over the collapsed main body

- 21 -

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

with one of the front panel and the back panel folded over the other."

The Examiner conceded that neither Halpin nor Godshaw expressly teach such a folded configuration and it appears from FIG. 5 of Godshaw that such a folded configuration would not be possible in the disclosed travel bag because side sections 12 and 14 are significantly larger than central area 26.

Fourth, as stated above in Section 2, Patent Owner has amended claims 1 and 16 to better distinguish Halpin by specifying the front panel includes a front panel frame and the back panel includes a back panel frame. Halpin teaches a frame in the form of a separate element 30 enclosed by the outer container 11. Godshaw fails to disclose that the side sections 12 and 14 should include frame elements. Halpin does not teach that the front and back panel of the container include frame elements, and does not teach that the front panel including the front panel frame and back panel including the back panel frame are folded as claimed. The manner in which frame 30 and outer container 11 of Halpin are collapsed does not satisfy the claim limitations regarding the "folded configuration" because the frame 30 is collapsed separately from the outer container 11. For example, if the frame 30 of Halpin is removed before collapsing the outer container 11 and folding the closure members 15, Halpin does not satisfy the limitation that "the front panel and the back panel are folded over the collapsed main body with one of the front panel and the back panel folded over the other" because, as claimed, the front panel so folded must include a front panel frame and the back panel so folded must include a back panel frame. Furthermore, if the frame 30 of Halpin is left inside the outer container 11, the frame 30 must be collapsed first inside outer container 11 and before collapsing outer container 11 and folding the closure members 15.

Furthermore, dependent claims 11 and 27 require that "the top side of the main body has a handle attached thereto." Although Godshaw has a handle 18, this handle is attached to the side sections 12 and 14 (see FIG. 1) and is not attached to the top side of the main body as claimed. Thus, Godshaw and Halpin both fail to satisfy this additional limitation of claims 11 and 27.

Thus, Patent Owner respectfully submits that the combination of Halpin and Godshaw fails to teach or suggest all of the elements of claims 1 and 16, as amended (and claims dependent thereon). Patent Owner, therefore, respectfully requests reconsideration and withdrawal of the §103 rejection of claims 1-3, 11-13, 15, 16, 18, 19 and 27-30 over Halpin and Godshaw.

## 4. Rejection Of Claims 1-6, 11-13, 15-16, 18-22 & 27-30 over Halpin, Godshaw, and Watanabe

The Examiner rejected claims 1-6, 11-13, 15, 16, 18-22 and 27-30 under 35 U.S.C. §103(a) as being unpatentable over Halpin, Godshaw, and Watanabe (Office Action, pp. 8-12). Patent Owner has amended the claims as indicated in the Listing of Claims above, and traverses the

YUNTEK-SP 000735

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

rejection of claims 1-6, 11-13, 15, 16, 18-22 and 27-30 under 35 U.S.C. §103(a) as being unpatentable over Halpin, Godshaw, and Watanabe with respect to the amended claims for the following reasons.

The Examiner applied Halpin and Godshaw as previously described in Section 3, above. The Examiner asserted that, "The combination of Halpin and Godshaw, as discussed supra, teaches all elements set forth in claims 1-3, 11-13 and 15 **except** for the front and back panels being folded onto the collapsed main body and folded one over the other." (Office Action, pp. 10-11). The Examiner stated that:

> "Although the front and back panels of the Halpin collapsible housing are not folded onto the collapsed main body and folded one over the other, as claimed, attention is directed to the Watanabe reference which discloses an analogous collapsible housing which further includes front and back panels B, C folded onto a collapsed main body A, D, E and folded one over the other (Fig. 10)."

The Examiner then concluded that:

> "in consideration of Watanabe, it would have been obvious to one of ordinary skill in the collapsible housing art to fold the front and back panels of Halpin both onto the collapsed main body and one over the other as being a known collapsing scheme associated with folding end panels.

Patent Owner respectfully disagrees for the following reasons.

First, the present claims are distinguishable from Halpin and the combination of Halpin and Godshaw for the reasons stated in Sections 2 and 3 above. Patent Owner repeats and incorporates the arguments made in Sections 2 and 3 above that Halpin and Godshaw fail to satisfy the limitations of claims 1 and 16 as amended.

Second, even if the pet carrier of Halpin was folded in the manner shown in Watanbe, Halpin so folded would not satisfy the "folded over each other" limitation recited in claim 1. As previously described, it cannot be established from the drawings or specification of Halpin whether the dimensions of the closure members 15 relative to the bottom portion 12 are such that the closure members 15 would inevitably overlap if folded in the manner shown in Watanabe. The possibility that closure members 15 of Halpin **might** overlap if folded as shown in Watanabe is insufficient basis for the rejection (MPEP 2112).

Third, one of ordinary skill in the art would not be motivated by Watanabe to fold the housing of Halpin in the manner taught by Watanabe. The housing of Watanbe has features significantly different than the Halpin pet carrier. The different structural features of Watanabe are essential to the folding scheme of Watanbe. The main housing of Watanbe is not continuous but consists of a flexible left side plate (E) and a flexible right side plate (D) (see FIG. 1). The flexible left side plate (E) and a flexible right side plate (D) are folded separately into the bottom box. (Watanabe, Col.5,

- 23 -

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

lines 5-12). Additionally, rear end 3 (see FIG. 10) has an increased height to facilitate folding back panel C over front panel B. These features are not present in Halpin and so one of ordinary skill in the art would not be motivated by Watanabe to fold the housing of Halpin in a manner that Watanabe teaches is dependent upon such features.

Fourth, as stated above in Section 2, Patent Owner has amended claims 1 and 16 to better distinguish Halpin by specifying the front panel includes a front panel frame and the back panel includes a back panel frame. Halpin and Godshaw do not satisfy this limitation for the reasons stated above. Thus, even if the pet carrier of Halpin was collapsed according to the method shown in Watanabe it would not satisfy the claim limitations regarding the "folded configuration" because the frame 30 is collapsed separately from the outer container 11. For example, if the frame 30 of Halpin is removed before collapsing the outer container 11 and folding the closure members 15, Halpin does not satisfy the limitation that "the front panel and the back panel are folded over the collapsed main body with one of the front panel and the back panel folded over the other" because, as claimed, the front panel so folded must include a front panel frame and the back panel so folded must include a back panel frame. Furthermore, if the frame 30 of Halpin is left inside the outer container 11, the frame 30 must be collapsed first inside outer container 11 and before collapsing outer container 11 and folding the closure members 15.

Regarding claim 4, the Examiner conceded that "the front panel of the Halpin collapsible housing does not include an opening, as claimed." (Office Action, p. 11). The Examiner asserted however that because Watanabe "discloses an opening (closed by F) in the front panel B" ... it would have been obvious ... to associate an opening with the Halpin front panel in order to facilitate animal access." (Office Action, p. 11). Patent Owner disagrees for the following reasons.

Halpin discloses an outer container 11 having a separate frame 30 contained therein. The frame 30 supports the top and sides of the outer container 11 when in use. Because the closure members 15 are not utilized as structural elements, the closure members 15 can be disengaged from the top and sides of the main housing to allow entry of a pet. Indeed, Halpin teaches that "The animal is received in the receptacle and the doors 15 closed by means of the zipper 17" (Halpin, Col. 5, lines 12-14). Halpin also teaches that "When the door is thrown open into a horizontal position as shown in FIG. 3 an animal may walk into or out of the container 11." (Halpin, Col. 3, lines 35-38). FIG. 3 of Halpin shows closure member 15 "thrown open into a horizontal position." Thus, Halpin teaches away from the idea of adding an opening within the closure members 15. Moreover, one of ordinary skill in the art would not be motivated by Watanabe to add an opening to Halpin where a door already exists in the form and function of closure member 15. Such a door-within-a-door would be superfluous – serving no function other than to increase the complexity and

- 24 -

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

expense of the device.

Moreover, even if the opening of Watanabe was added to the end closure of Halpin, the door F disclosed by Watanabe is attached by a side hinge 16 to the front end plate B of Watanabe (see FIG 2). The door F through front end plate B disclosed by Watanabe does not satisfy the limitations of claims 6 and 22 that the "shade is attached to the front panel **above** the front opening." Moreover the Examiner conceded that "the front panel of the Halpin collapsible housing does not include an opening, as claimed" (Office Action, p. 11) thus Halpin cannot be said to disclose that a "shade is attached to the front panel above the front opening" as claimed. Thus, none of Halpin, Godshaw and Watanabe satisfies the limitations of claims 6 and 22. Furthermore, claims 6 and 22 have been amended to require that "a bottom side, a first side and a second side of the front shade are connected to the front panel with one or more zippers." The Examiner previously conceded in confirming claim 7 that, "the recited feature of a shade attached by a zipper to a panel at a bottom, first side and second side of the shade, is not fairly taught by any of the Peeples, Godshaw, Littlepage, Zarola, Watanabe or Halpin references." (Office Action, p. 21). Thus, amended claims 6 and 22 distinguish Peeples, Godshaw, Littlepage, Zarola, Watanabe and Halpin for at least the same reasons as previously confirmed claim 7.

Thus, Patent Owner respectfully submits that the combination of Halpin, Godshaw and Watanabe fails to teach or suggest all of the elements of claims 1 and 16, as amended (and claims dependent thereon). Patent Owner, therefore, respectfully requests reconsideration and withdrawal of the §103 rejection of claims 1-6, 11-13, 15, 16, 18-22 and 27-30 over Halpin, Godshaw, and Watanabe.

## 5. Rejection Of Claims 1-5, 8-21 & 24-30 over Halpin, Godshaw, Watanabe, and Zarola

The Examiner rejected claims 1-5, 8-21 and 24-30 under 35 U.S.C. §103(a) as being unpatentable over Halpin, Godshaw, Watanabe and Zarola (Office Action, pp. 13-15). Patent Owner has amended the claims as indicated in the Listing of Claims above, and traverses the rejection of claims 1-5, 8-21 and 24-30 under 35 U.S.C. §103(a) as being unpatentable over Halpin, Godshaw, Watanabe and Zarola with respect to the amended claims for the following reasons.

The Examiner applied Halpin, Godshaw and Watanabe as previously discussed. Patent Owner reiterates its arguments, made above, that Halpin, Godshaw and Watanabe do not satisfy the limitations of claims 1 and 16 and claims dependent thereon. The Examiner did not apply Zarola other than by noting that:

"Requester's explanation at pages 80-81 concerning the Zarola disclosure is confusing and does not reasonably set forth a manner in which the prior art is applied to the claims. Zarola discloses a door 23 secured in place by a zipper 27. This disclosure in Zarola does not

- 25 -

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

appear to correspond to claims 6 and 7, which require a shade attached above a door opening, with a zipper connection to the door at a bottom, first side and second side of the shade." (Office Action, p. 14).

The Office Action does not specify how, if it all, Zarola is being applied in the rejection of claims 1-5, 8-21 & 24-30. In the event that the Examiner maintains this rejection, Patent Owner respectfully requests that the Examiner, identify on the record and with specificity sufficient to support a *prima facie* case of obviousness, the teachings of Zarola applied against the claims.

To the extent Zarola is relied upon to teach the opening, conceded by the Examiner to be missing from Halpin, it is ineffective. Halpin discloses an outer container 11 having a separate frame 30 contained therein. The frame 30 supports the top and sides of the outer container 11 when in use. Because the closure members 15 are not utilized as structural elements, the closure members 15 can be disengaged from the top and sides of the main housing to allow entry of a pet. Indeed, Halpin teaches that "The animal is received in the receptacle and the doors 15 closed by means of the zipper 17" (Halpin, Col. 5, lines 12-14). Halpin also teaches that "When the door is thrown open into a horizontal position as shown in FIG. 3 an animal may walk into or out of the container 11." (Halpin, Col. 3, lines 35-38). FIG. 3 of Halpin shows closure member 15 "thrown open into a horizontal position." Thus, Halpin teaches away from the idea of adding an opening within the closure member 15. Moreover, one of ordinary skill in the art would not be motivated by Zarola to add an opening to Halpin where a door already exists in the form and function of closure member 15. Such a door-within-a-door would be superfluous – serving no function other than to increase the complexity and expense of the device.

Thus, Patent Owner respectfully submits that the combination of Halpin, Godshaw, Watanabe and Zarola fails to teach or suggest all of the elements of claims 1 and 16 as amended (and claims dependent thereon). Patent Owner, therefore, respectfully requests reconsideration and withdrawal of the §103 rejection of claims 1-5, 8-21 and 24-30 over Halpin, Godshaw, Watanabe and Zarola.

## 6. New Claims 41-65

Patent Owner has added new claims 41-65 to better distinguish the prior art. New independent claims 41 and 56 include the limitations of issued claim 1 and therefore do not impermissibly broaden the scope of the patent. Attached as Appendix B to this Reply is a table indicating limitations within new independent claims 41 and 56 which correspond to each limitation of issued claim 1. New claims 41-65 are fully supported by the specification. Support in the specification for each limitation of new claims 41-65 is identified in Appendix A to this Reply. No new matter has been introduced. New claims 41 and 56, and claims dependent thereon, distinguish

- 26 -

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

the cited prior art for the reasons stated below.

New claim 41 is directed to:

41. (New) A collapsible housing for accommodating a pet comprising:

a collapsible main body having a bottom side, a first side, a second side, and a top side, said main body forming a continuous structure;

a front panel **including a front panel frame**, said front panel joined to the main body on the bottom side and selectively engageable with the first, second, and top sides of the main body such that, when disengaged, said front panel opens in a direction parallel to a longest side of the main body;

**a front opening in said front panel which allows access to the collapsible housing for entry and exit of the pet;**

a back panel **including a back panel frame**, said back panel joined to the main body on the bottom side and selectively engageable with the first, second, and top sides of the main body such that when disengaged, said back panel opens in a direction parallel to a longest side of the main body;

wherein, **at a first time, said housing has an unfolded configuration** and, **at a second time, said housing has a folded configuration**;

wherein, in said unfolded configuration,

the first, second, and top sides of said main body are engaged with said front panel and back panel; and

**the front panel and the back panel are positioned substantially perpendicular to the bottom side of the main body such that the front panel frame and back panel frame support said first, second, and top sides of the main body;**

wherein, in said folded configuration,

the first, second, and top sides of said main body are disengaged from said front and back panels;

the first, second, and top sides of said main body are collapsed on top of said bottom side of said main body; and

the front panel and the back panel are folded over the collapsed main body with one of the front panel and the back panel folded over the other of the front panel and the back panel.

New claim 41 includes all the limitations of claim 1 as previously issued plus additional limitations. The additional limitations – highlighted in the claim - have been added to further distinguish the prior art. Patent Owner reiterates its arguments, made in sections 2 through 5 above, that Halpin, Godshaw, Watanabe and Zarola do not satisfy the limitations of claim 1. The Halpin, Godshaw, Watanabe and Zarola references likewise fail to satisfy the limitations of claim 41 alone or in combination. In particular, claim 41 distinguishes the references for the following reasons.

First, the front panel has been further defined to include "a front panel frame" and the back panel has been further defined to include "a back panel frame." As previously discussed these limitations distinguish Halpin which has a separate internal frame 30.

Second, the claim requires "a front opening in said front panel which allows access to the collapsible housing for entry and exit of the pet." As previously discussed, this limitation distinguishes Halpin which has no front opening in the front closure member for entry and exit of a

YUNTEK-SP 000740

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

pet. Indeed, the Examiner conceded that "the front panel of the Halpin collapsible housing does not include an opening, as claimed" (Office Action, p. 11). Furthermore Halpin has a separate frame 30 which supports the main housing. Thus, the front and back closure members 15 are not needed to support the main housing. Consequently, Halpin teaches that the front closure member 15 is itself disengaged to allow entry of a pet. There is thus no motivation to combine Halpin with e.g. the openings disclosed by Watanabe and Zarola. The addition of a door-within-a-door to Halpin is contrary to the teachings of Halpin and would be superfluous – adding additional complexity without adding functionality.

Third, rather than specifying that the housing is merely foldable, the claim specifies that the housing has "at a first time … an unfolded configuration" and "at a second time … a folded configuration" as defined.

Fourth, it is specified that in the unfolded configuration, "the front panel and the back panel are positioned substantially perpendicular to the bottom side of the main body such that the front panel frame and back panel frame support said first, second, and top sides of the main body." As specified in claim 41, the front panel frame included in the front panel and the back panel frame included in the back panel serve to support the first, second, and top sides of the main body in the unfolded configuration. This limitation distinguishes Halpin which has a separate frame 30 which performs the function of supporting the outer container 11.

Fifth, it is specified that in the folded configuration, "the front panel and the back panel are folded over the collapsed main body with one of the front panel and the back panel folded over the other of the front panel and the back panel." Halpin does not disclose such a folded configuration. Moreover, this limitation further distinguishes Halpin, because, as defined, the front panel includes the front panel frame and the back panel includes the back panel frame. Halpin has a separate frame 30 which, even if collapsed inside the outer container 11, would not satisfy this limitation. Consequently, new claim 41 clearly distinguishes the claimed invention from the Pet Carrier of Halpin.

New claim 42, dependent on claim 41, further distinguishes Halpin in that it requires "a front shade is attached to the front panel above the front opening" whereas the flaps of Halpin are attached to the bottom side of the housing. New claim 43 dependent on claim 42, further distinguishes Halpin in that it requires that "a bottom side, a first side and a second side of the front shade are connected to the front panel with one or more zippers" whereas the flaps of Halpin are not secured by zippers or in the manner claimed. New claim 44, dependent upon claim 43, further distinguishes Halpin in that it requires that "the front shade comprises mesh" whereas Halpin does not describe mesh flaps. New claims 45 and 46 dependent from claim 41, further distinguish Halpin

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

YUNTEK-SP 000741

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

because they require that "the top side of the main body has a handle attached thereto" and "the top side of the main body has a handle sewn thereto" whereas the handle 45 of Halpin is part of the frame 30 and is not attached/sewn to the top side of the outer container 11. New claims 47-55, distinguish Halpin for at least the same reasons as claim 41 from which they depend.

New independent claim 56 is directed to:

56. (New) A collapsible housing for accommodating a pet comprising:
a collapsible main body having a bottom side, a first side, a second side, and a top side, said main body forming a continuous structure;
a front panel **including a front panel frame**, said front panel joined to the main body on the bottom side and selectively engageable with one or more zippers to the first, second, and top sides of the main body such that, when disengaged, said front panel opens in a direction parallel to a longest side of the main body;
**a front opening in said front panel which allows access to the collapsible housing for entry and exit of the pet;**
**a front mesh shade attached to the front panel above the front opening wherein a bottom side, a first side and a second side of the front mesh shade are selectively engageable with one or more zippers to the front panel;**
a back panel **including a back panel frame**, said back panel joined to the main body on the bottom side and selectively engageable with one or more zippers to the first, second, and top sides of the main body such that when disengaged, said back panel opens in a direction parallel to a longest side of the main body;
wherein said housing has **an unfolded configuration and a folded configuration**;
wherein, in said unfolded configuration of said housing,
the first, second, and top sides of said main body are engaged with said front panel and back panel, and
**the front panel and the back panel are positioned substantially perpendicular to the bottom side of the main body such that the front panel frame and back panel frame support said first, second, and top sides of the main body;**
wherein, in said folded configuration of said housing,
the first, second, and top sides of said main body are disengaged from said front and back panels,
the first, second, and top sides of said main body are collapsed on top of said bottom side of said main body, and
the front panel and the back panel are folded over the collapsed main body with one of the front panel and the back panel folded over the other of the front panel and the back panel.

New claim 56 includes all the limitations of claim 1 as previously issued. The additional limitations – highlighted in the claim - have been added to further distinguish the prior art. For example, new claim 56 includes limitations from claim 7, previously confirmed by the Examiner, such as "a front mesh shade attached to the front panel above the front opening wherein a bottom side, a first side and a second side of the front mesh shade are selectively engageable with one or more zippers to the front panel." New claim 56 should be allowable for the same reasons as claim 7 previously confirmed by the Examiner and for the following reasons.

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

YUNTEK-SP 000742

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

First, the front panel has been further defined to include "a front panel frame" and the back panel has been further defined to include "a back panel frame." As previously discussed these limitations distinguish Halpin which has a separate internal frame 30.

Second, the claim requires "a front opening in said front panel which allows access to the collapsible housing for entry and exit of the pet." As previously discussed, this limitation distinguishes Halpin which has no front opening for entry and exit of a pet. Because Halpin has a separate frame 30 which supports the outer container 11, the front and back closure members 15 are not needed to support the outer container 11. Consequently, Halpin teaches that the front closure member 15 is itself disengaged to allow entry of a pet. Moreover, one of ordinary skill in the art would not be motivated by Watanabe to add an opening to Halpin where a door already exists in the form and function of closure member 15. Such a door-within-a-door would be superfluous – serving no function other than to increase the complexity and expense of the device without adding functionality.

Third, the claim requires "a front mesh shade attached to the front panel above the front opening wherein a bottom side, a first side and a second side of the front mesh shade are selectively engageable with one or more zippers to the front panel." The Examiner previously conceded in confirming claim 7 that, "the recited feature of a shade attached by a zipper to a panel at a bottom, first side and second side of the shade, is not fairly taught by any of the Peeples, Godshaw, Littlepage, Zarola, Watanabe or Halpin references." (Office Action, p. 21). Thus new claim 56 distinguishes Peeples, Godshaw, Littlepage, Zarola, Watanabe and Halpin for the same reason as confirmed claim 7.

Fourth, rather than specifying that the housing is merely foldable, the claim specifies that the housing has a "folded configuration" and "unfolded configuration" as defined.

Fifth, it is specified that in the unfolded configuration, "the front panel and the back panel are positioned substantially perpendicular to the bottom side of the main body such that the front panel frame and back panel frame support said first, second, and top sides of the main body." As specified in claim 41, the front panel frame included in the front panel and the back panel frame included in the back panel serve to support the first, second, and top sides of the main body in the unfolded configuration. This limitation distinguishes Halpin which has a separate frame 30 which performs the function of supporting the outer container 11.

Sixth, it is specified that in the folded configuration, "the front panel and the back panel are folded over the collapsed main body with one of the front panel and the back panel folded over the other of the front panel and the back panel." Halpin does not disclose such a folded configuration. It is noted that this limitation further distinguishes Halpin, because, as defined, the front panel

- 30 -

YUNTEK-SP 000743

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

includes the front panel frame and the back panel includes the back panel frame. Halpin has a separate frame 30 which, even if collapsed inside the outer container 11, would not satisfy this limitation. Consequently, new claim 56 clearly distinguishes the claimed invention from the Pet Carrier of Halpin and the other cited references.

New claims 57 and 58, dependent on claim 56, further distinguish Halpin in that they require "a handle attached to said top side of said main body" and "a handle sewn to said top side of said main body" whereas the handle of Halpin is part of the frame 30 and is not attached/sewn to the top side of the housing. New claims 59-67, distinguish Halpin for at least the same reasons as claim 56 from which they depend.

For the reasons stated above, Patent Owner respectfully submits that the combination of Halpin, Godshaw, Watanabe and Zarola fails to teach or suggest all of the elements of new claims 41 and 56. Patent Owner, therefore, respectfully requests consideration and allowance of claims 41-65.

## 7. Amendments To The Specification

Patent Owner has amended the specification of the patent pursuant to 37 C.F.R. §1.530(d)(1) to incorporate material from the abstract of the patent application as originally filed and from claims 1- 42 of the patent application as originally filed. The amendment to the specification has been made to better support the claims including the amended claims and new claims. Because the amendment to the specification incorporates material which was present in the patent disclosure as originally filed, no new matter has been added. Appendix C to this reply includes an identification of the support for the amendment to the specification in the original disclosure to facilitate the determination that pursuant to 37 C.F.R. §1.530(j) the amendment does not introduce new matter. Patent Owner respectfully requests entry of this amendment to the specification.

## CONCLUSION

In view of the above amendments and remarks, it is respectfully submitted that all of the claims now pending in the subject patent reexamination should be allowable, and consideration thereof is respectfully requested.

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

YUNTEK-SP 000744

Patent No.: 6,715,446
Reexam. No.: 95/001,513
Office Action dated: January 25, 2011

Patent Owner has submitted herewith the fees for submission of additional independent and dependent claims. The Commissioner is authorized to charge any underpayment or credit any overpayment to Deposit Account No. 06-1325 for any matter in connection with this response, including any fee for extension of time, which may be required.

Respectfully submitted,

Date:  March 24, 2011                    By:  / Sheldon R. Meyer/
                                              Sheldon R. Meyer
                                              Reg. No. 27660

Customer No. 23910
FLIESLER MEYER LLP
650 California Street, 14th Floor
San Francisco, California  94108
Telephone:  (415) 362-3800

- 32 -

Attorney Docket No.: YUNT-01000US2
M:\lmcausland\WP\YUNT\1000US2\1000US2_RespOA_01-25-2011.doc

YUNTEK-SP 000745