Jen-Feng Lee, SBN 204328
jflee@ltpacificlaw.com
Kenneth K. Tanji, Jr., SBN 162273
ktanji@ltpacificlaw.com
**LT Pacific Law Group, LLP**
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
F: 626-810-7300

Robert E. Aycock (Admitted *pro hac vice*)
robert@kimballanderson.com
William B. Chadwick (Admitted *pro hac vice*)
will@kimballanderson.com
**Kimball Anderson**
649 E. South Temple, 2nd Floor
Salt Lake City, UT 84102
T: 801-359-3333
F: 801-326-4526

Attorneys for Defendants
XIAMEN JXD ELECTRONIC COMMERCE CO. LTD.,
XIAMEN SUNNYPET PRODUCTS CO. LTD., and
PETSFIT INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| YUNTEK INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>XIAMEN JXD ELECTRONIC COMMERCE CO., LTD., XIAMEN SUNNYPET PRODUCTS CO., LTD., and PETSFIT INC.,<br><br>Defendants. | Case No. 4:20-cv-07201-JSW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF YUNTEK INTERNATIONAL, INC.'S MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS; CASE STATUS REPORT**<br><br>Judge: Hon. Jeffrey S. White<br>Magistrate: Hon. Robert M. Illman<br><br>Hearing Date: October 8, 2021<br>Hearing Time: 9:00 a.m.<br>Courtroom: Telephone or Video Conference |

Defendants Xiamen JXD Electronic Commerce Co. Ltd. ("JXD"), Xiamen Sunnypet Products Co. Ltd. ("Sunnypet"), and Petsfit Inc. (collectively "Defendants") respectfully request that the Court deny the Motion for Leave to Amend its Infringement Contentions ("Motion," Dkt. 58) filed by Plaintiff Yuntek International Inc. ("Yuntek"). Yuntek seeks to add a long list of products ("Additional Products"[1]) to its infringement contentions because it failed to act diligently in accusing those Additional Products in its original infringement contentions. Yuntek's proposed amendments will prejudice Defendants and should not be permitted.

In developing their litigation strategy, Defendants reasonably believed that Yuntek had conducted the requisite investigation before it filed its lawsuit and served its original infringement contentions. Based on those disclosures, Defendants approached pretrial event dates and timing[2], resource expenditure, scope and amount of discovery, settlement discussions, settlement conference, and offers with the understanding that Yuntek was only accusing a handful of products of infringement. Now, Yuntek seeks to expand its infringement contentions with products that it has known about for years or that have never been sold in the U.S. Permitting Yuntek to amend its contentions at this stage will undermine the significant resources that both sides have spent up to this point and force Defendants to defend themselves in a framework tailored to Yuntek's original litigation. This is improper and Defendants respectfully request that the Court deny Yuntek's Motion.

**I.     Yuntek Did Not Act With Diligence.**

Yuntek cannot meet its burden to show "good cause" because it did not act diligently to include the Additional Products in its original infringement contentions. Patent L.R. 3-6; *Illumina Inc. v. BGI Genomics Co.*, No. 20-cv-01465-WHO, 2021 WL 2400941, at *2 (N.D. Cal. Jun. 11, 2021). To be clear, Defendants' argument that Yuntek has not been diligent is not directed at the weeks between when Yuntek informed Defendants of its intent to amend its infringement contention

---

[1] Yuntek requests leave to add the following products to its infringement contentions: Classy Go, Comfy Go (sold by K&H), DCC1039023&4&5, DCC1039033&4&5, DCC1910, DCC1811, DCC1047054&5, DCC20611, DHCA012033LN, and DHC0012033N1 ("Additional Products").

[2] In the parties' Joint Case Management Conference Statement and [Proposed] Order, Defendants agreed with Plaintiff in shortening the time between Patent L.R. 3 and 4 events based on Yuntek's identified accused products at that time. *See* Dkt 24.

and when it filed its Motion. During that time, Defendants attempted to reach an agreement with Yuntek whereby the parties would stipulate to each other's request for leave to amend their respective infringement and invalidity contentions. Defendants hoped such agreement would have resulted in the conservation of both theirs and the Court's resources. Unfortunately, Yuntek refused this compromise. *See* Dkt. 58-2.

However, Defendants do contend that Yuntek did not act diligently in the years before it filed its complaint on October 15, 2020 and submitted its infringement contentions on May 21, 2021. As explained below, Yuntek had access to or was in actual possession of the information it needed to have timely added the Additional Products in its original infringement contentions.

### a. Yuntek knew about some of the Additional Products for many years but "did not remember" and "did not recall" them when serving its initial infringement contentions.

1. <u>Yuntek knew about the Comfy Go and Classy Go Additional Products over six years before it served its infringement contentions.</u>

For more than six years before it submitted its infringement contentions, Yuntek had been acutely aware that Sunnypet made and imported the products it now wants to add to its infringement contentions. In January 2015, Yuntek alleged that K&H Manufacturing ("K&H"), Sunnypet's customer, infringed the claims of U.S. Pat. No. 6,175,446 ("'446 Patent")—the same patent asserted in this case—by selling the Comfy Go and Classy Go products it had purchased from Sunnypet. When K&H informed Sunnypet of Yuntek's allegation, Sunnypet asked its attorney to contact Yuntek and seek an early, amicable, and global resolution. *See* Declaration of Roger Lu in Support of Defendants' Opposition to Yuntek International, Inc.'s Motion for Leave to Amend its Infringement Contentions; Case Status Report ("Lu Decl.") filed herewith at ¶¶ 7-9; *see also* Declaration of Jen-Feng Lee in Support of Defendants' Opposition to Yuntek International, Inc.'s Motion for Leave to Amend its Infringement Contentions; Case Status Report ("Lee Decl.") filed herewith at ¶¶ 1-16.

In early 2015, Defendants' counsel repeatedly reached out to two Yuntek representatives (James and Phillip) and Yuntek's president, David Chou. *Id*. In those communications, Defendants' counsel explained that Sunnypet sold the accused pet carrier products to K&H. *See* Lee Decl. at ¶¶ 9-11, 13-14. Yuntek did not respond. *See id.* at ¶¶ 11, 16, 17. Defendants' counsel followed up, but

still Yuntek did not respond. *Id.* In a final effort to resolve those infringement allegations, Defendants' counsel sent a letter to Mr. Chou confirming what he had already explained in his telephone calls with the two Yuntek representatives: Sunnypet pet carriers do not fold in the same manner required by the '446 Patent. *See* Lee Decl. at ¶ 16; *see also* Lu Decl. at ¶¶ 10-16. Yuntek again chose not to respond to Defendants' counsels. *See* Lee Decl. at ¶ 17. At the very least, Yuntek's failure to respond reasonably led Sunnypet to believe that Yuntek had accepted its noninfringement position. Based in part on Yuntek's silence and its good-faith noninfringement position, Sunnypet continued importing and selling pet carrier products that did not use the folding configuration claimed in the '446 Patent. *Id.*

More than five years later, Yuntek filed its complaint but did not accuse the Comfy Go or Classy Go products of infringement. A few months after that, Yuntek served its original infringement contentions but still did not identify these two products. Now, over six years after originally concluding that Sunnypet's Comfy Go and Classy Go products infringe the '446 patent, Yuntek seeks to add them for the first time in this litigation. This is the antithesis of diligence.

 2. <u>Yuntek knew about the #DCC02611 Additional Product nearly three years before it served its infringement contentions but chose not to include it.</u>

Yuntek also indicates that it wants to add products but claims that it lacks information from Defendants to evaluate infringement. Motion at 10; Dkt. 56-2 at 4. However, for at least the #DCC002611 product, Yuntek had the information for several years that it now claims it needs to determine infringement. In a June 26, 2018 email, Mr. Chou—Yuntek's president and the inventor of the '446 Patent—claimed that Sunnypet's #DCC002611 product sold on Amazon by Petsfit infringed Yuntek's patent rights. Mr. Chou wrote:

> Dear Petsfit,
>
> It has come to our attention that Petsfit is advertising and selling on line [sic], 2 pet products for which our company owns patent rights:
>
> We allege the following:
> 1. Petsfit Expandable Foldable Pet carrier PN:**DCC002611**B-M (UUS, (**Amazon ASIN B06Y5SB51H**) in all sizes offered, infringes our Patent rights as described in our U S Patent US 8,459,208 B2.

*See* Exh. E to Lee Decl., June 26, 2018 email from David Chou to Defendant (emphasis added).[3]

When Yuntek filed its complaint and served its infringement contentions, it did not mention this product. In July 8, 2021, over three years since the product first hit Yuntek's radar, counsel for Yuntek stated that it <u>still</u> needed more time and information to investigate Sunnypet's #DCC02611 product:

> It appears that Model #DCC002611 may infringe one of [sic] more claims of the '446 Patent (*see* SUNNY_00031), but the documents produced by Sunnypet do not have sufficient information to permit an infringement determination at this time, including as to (1) the position and function of all product zippers, (2) collapsibility/foldability, and (3) side and rear product features.

Dkt. 56-5 at 5.

In its Motion, Yuntek reiterates this position stating that its proposed amended contentions "identify other reference numbers for which Yuntek needs additional information from Defendants to complete its infringement analysis." Motion at 6. Yuntek states that it found the accused products included in its original contentions on Defendants' websites and Amazon. Motion at 5. The Additional Products were also available on Defendants' websites, Amazon, and other online retailers at the same time. *See* Lu Decl. at ¶¶ 18-21. Even so, Yuntek claims that information about the Additional Products could not be found through publicly available sources including Amazon because:

> Defendants' product listings on www.amazon.com do not include Defendants' internal reference numbers for the listed products. Thus, Yuntek has no way to identify those reference numbers from the Amazon listing. To Yuntek's knowledge, the accused products Yuntek seeks to add by amendment are not listed on www.amazon.com.

---

[3] In this email, Mr. Chou asserts infringement of two different Yuntek patents: the '446 patent asserted in this case, and U.S. Pat. 8,459,208 which is not asserted in this case. Again, this email shows that Yuntek and Mr. Chou knew of Sunnypet's DCC002611 product for three years before it submitted its infringement contentions. Yuntek's failure to assert that the DCC002611 product as infringes the '446 patent in 2018 raises the serious question of Yuntek's litigation strategy in this case and whether its request to amend its infringement is motivated by "gamesmanship" rather than forgetfulness or mistake. *See Advanced Micro Devices, Inc.*, 2017 WL 732896, at *2 (N.D. Cal. Feb. 24, 2017) (citing *Karl Storz Endoscopy-Am.*, 2016 WL 7386136) (stating "[c]ourts have allowed amendments when the movant made an honest mistake, <u>the request to amend did not appear to be motivated by gamesmanship</u>, or where there was still ample time left in discovery." (emphasis added)).

Dkt. 56 at 10, ll. 21-25. Mr. Chou's 2018 email directly undermines this assertion. In that correspondence, he clearly specifies the ASIN listing and Sunnypet internal reference number of the Additional Product. *See* Exh. E to Lee Decl., (identifying "DCC002611" and "Amazon ASIN B06Y5SB51H"). Yuntek's argument that it does not have this information is curious.

Mr. Chou's 2018 email also exposes Yuntek's lack of diligence in other areas. Just three months ago, Yuntek requested leave to amend its complaint to add defendant Petsfit because it alleged that before May 28, 2021, it had not been aware of Petsfit or its relationship with the other Defendants. *See* Dkt. 46 at 2. However, Mr. Chou addressed his 2018 email (which begins "Dear Petsfit") to support@sunnypet.com, further indicating that he was aware of some connection between Petsfit and Sunnypet and the product at issue. This understanding is cemented by return correspondence from "Sandy" at support@sunnypet.com which included a signature line indicating that she was from "Xiamen JXD E-Commerce Co., Ltd. (Brand: Petsfit)" (shown below):

> Sandy
>
> **Xiamen JXD E-Commerce Co., Ltd. (Brand: Petsfit)**
> **Add:** 8th Floor,No.370,Heshan Road,Huli District,Xiamen City,Fujian,China.
> **Email:** cheny@zestrade.com
> **Mobile:** 86-15159953268
> **Phone:** 86-592-5234035

*Id.*

The 2018 correspondence shows that three years before Yuntek submitted its infringement contentions, it knew: (1) of Petsfit and its relationship to Sunnypet and JXD defendants; (2) sufficient details about the DC002611 product to assert a claim of patent infringement; (3) and Defendants' internal reference numbers and Amazon ASIN for the product at issue. Because it has had this knowledge for years, Yuntek cannot argue that it has diligently investigated and pursued its infringement position or that it should be permitted to amend its infringement contentions.

3. <u>The remaining Additional Products should not be added.</u>

There are also issues with the other Additional Products. Similar to the DC002611 product, the other Additional Products Yuntek seeks to include in its infringement contentions were readily available on Amazon or other publicly available sales channels or have not been sold in the U.S. *See*

Lu Decl. at ¶ 18. The table below lists the Additional Products and identifies the dates they were available for sale, and where they were publicly available for sale:

| [Proposed] Additional Product | Dates sold | Availability |
|---|---|---|
| Classy Go and Comfy Go sold by K&H | Since at least January 2015 | K&H. *See* Yuntek's motion, Dkt. 56 at 6-7; *see also* Lee Decl. Exhs. A-D |
| #DCC1910 | Since at least 2/2016 | Amazon, Lu Decl. at ¶ 18. |
| #DCC1811 | Since at least 12/2014 | Amazon, Lu Decl. at ¶ 18. |
| #DCC1039023&4&5 | This product has not yet been made or sold by Defendants | N/A. Lu Decl. at ¶ 19. |
| #DCC1039033&4&5 | This product has not yet been made or sold by Defendants | N/A. Lu Decl. at ¶ 19. |
| #DCC1047054&5 | This product has not yet been made or sold by Defendants | N/A. Lu Decl. at ¶ 19. |
| #DCC002611 | Since at least 1/2018 | Amazon, Lee Decl. Exh. E, Mr. Chou's June 26, 2018 email. |
| #DHCA012033LN | 4/2021 | Petco.com, Lu Decl. at ¶ 21. |
| #DHCO012033N1 | 4/2021 | Petco.com, Lu Decl. at ¶ 21. |

As discussed above, for more than five years before it filed the complaint and more than six years before it submitted its infringement contentions, Yuntek has known that these are Defendants' products. *See also,* Motion at 11-12. Yuntek's excuse for not bringing these claims in the last few years is simply that it "did not recall" or "did not remember" Sunnypet or these products. *Id*. at 1, 12. This alleged lapse of memory does not excuse Yuntek's inaction. Repeated forgetfulness is not diligence.

As noted in the table above, Defendants have not yet sold the #DCC1039023&4&5, #DCC1039033&4&5, or #DCC1047054&5 products that Yuntek wants to add to its infringement contentions. Lu Decl. at ¶ 19. Defendants provided basic information about these products in response

to Yuntek's discovery requests, but these products have not yet been sold in the U.S.. *Id*. As such, there is no basis for Yuntek to include them in its infringement contentions.

For the DHCA012033LN and DHCO012033N1 Additional Products, Sunnypet first sold them in April 2021, five months after Yuntek filed its complaint. "Rule 15(d) of the Federal Rules of Civil Procedure provides that a supplemental complaint, not merely an amended complaint, is necessary to set forth 'any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.'" *Rembrandt Patent Innovations, LLC v. Apple Inc.*, No. C 14-05094 WHA, 2015 WL 8607390 at *2 (N.D. Cal. Dec. 13, 2015) (denying a motion to amend infringement contentions and finding that plaintiff would need to seek leave to file a supplemental complaint to add claims/accused products were released after the filing of the complaint). "In other words, the filing date of a complaint ordinarily determines the cut-off date for the scope of the case, and a party must seek leave to extend the case to include claims based on facts that occurred after that date." *Id*. To accuse products that were not sold until after it filed its complaint, Yuntek would need to file a supplemental complaint.

**b. Yuntek did not act diligently in amending its willful infringement contention.**

In its proposed amendment, Yuntek tries to bolster its allegation of willful infringement. However, the facts demonstrate that Defendants consistently had a good faith and justifiable belief of noninfringement. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016). When Sunnypet learned in 2015 that Yuntek accused its products of infringing the '446 Patent, Sunnypet immediately contacted Yuntek to explain its noninfringement position and seek resolution. *See* Lee Decl. ¶¶ 9-10 and 14-15. When Yuntek did not respond to Sunnypet's communications, Defendants' counsel sent an email and letter directly to Yuntek's president to again explain that the accused products did not practice the claimed folding configuration. *See* Lee Decl. ¶ 16. Again, Yuntek did not respond to these communications and suggests that it simply forgot about Sunnypet. *See* Motion at 12. After receiving Sunnypet's noninfringement position, Yuntek remained silent on its infringement allegations for more than three years. Yuntek's extended silence implied that it had accepted Sunnypet's noninfringement position. Sunnypet reasonably relied on Yuntek's lack of response as a tacit admission that the products did not infringe.

Even though it knew that Sunnypet supplied the K&H products it accused, Yuntek admits that it chose not to pursue claims against Sunnypet for more than three years. *See* Lee Decl. at ¶ 17; *see also* Dkt. 56 at 6-7. More notably, Yuntek fails to describe any investigation it undertook at the time regarding Sunnypet, the other Defendants, or its the accused pet carrier products. Instead, Yuntek's excuse is that it just forgot about Sunnypet. *Id*. at 1, 12.

It is undisputed that: (1) more than six years from the time it submitted its infringement contentions, Yuntek knew Sunnypet made and sold products it believed infringed the '446 patent, *i.e.*, Comfy Go and Classy Go; (2) five years later, Yuntek did not identify the Classy Go and Comfy Go products when it filed this lawsuit on October 15, 2020; (3) and, more than six years later, Yuntek failed to include the Classy Go and Comfy Go products in its original infringement contentions. *See* Lee Decl. at ¶¶ 9-17; *see also* Dkt. 56-25 Declaration of David Chou in Support of Plaintiff Yuntek International, Inc.'s Motion for Leave to Amend its Infringement Contentions; Case Status Report ("Chou Decl.") at ¶¶ 4-5. Yuntek was in possession of these facts well before it submitted its infringement contentions. Had it wanted to include them in its infringement contentions, Yuntek should have included them. Yuntek's consistent failures to respond to Defendants, be diligent in asserting infringement, or identify accused products alone undercut its claim for willfulness and its request to add this additional language into its infringement contentions should be denied.

**II.   Yuntek's Proposed Amended Infringement Contentions Would Be Unfairly Prejudicial.**

Even had Yuntek been diligent, Defendants will be prejudiced if the Additional Products are added to Yuntek's infringement contentions. *See Illumina*, No. 20-cv-01465-WHO, 2021 WL 2400941, at *2 ("If the court finds that the moving party has acted with diligence, it then must determine whether the non-moving party would suffer prejudice if the motion to amend were granted."). Defendants understandably developed their litigation strategy based on the initial identified accused products and the corresponding requested damages. From the outset, Yuntek only accused three products while demanding a ten percent royalty. Because of the relatively narrow range of accused products, Sunnypet agreed to Yuntek's shortened case schedule. *See* Dkts. 24, 27. Now, Yuntek seeks to increase the number of accused products and hike up the requested damages. This

change in scope would force Sunnypet to defend itself against allegations within the constraints of an accelerated schedule ordered when the case was smaller.

Similarly, Sunnypet crafted its discovery, settlement, and mediation strategy based on the case scope that Yuntek set forth. Now that mediation has failed and Sunnypet has exhausted much of its discovery requests, Yuntek seeks to increase the potential damages at issue. This unfairly places Defendants in a hole and threatens their right to defend themselves against Yuntek's claims.

### III. Defendants' Response to Plaintiff's "Status Report."

Yuntek finishes its Motion with a "status report" that deserves some clarification. Defendants' Motion for Leave to Amend its Invalidity Contentions addresses Yuntek's first point. *See* Dkt. 58.

Next, Defendants' position has not been that the oral deposition of its designee, Roger Lu, is impossible. Throughout the repeated meet-and-confer process, Defendants have pointed out the extra burden imposed on Defendants for arranging the travel out of China for its witness, so as to make the deposition happen. On top of this, is the real health risk that Mr. Lu would face for cross-border travel.

Traditionally, taking a Chinese citizen's deposition can be done with proper burden distribution. Lee Decl. at ¶¶ 19 – 27. China has adopted a "clearing to zero" policy. This includes discouraging unnecessary travel and imposing quarantine requirement of "14+7" days on a traveler's return. *Id.* at ¶¶ 28-34. Entering into nearby countries/regions also is burdensome. *Id.* at ¶¶ 35-39. Particularly, there is great concern for travel arrangement to Hong Kong for the deposition as the travel is aimed to get around the prohibition of taking deposition in China. *Id.* at ¶ 40.

Deposition via Zoom in the Covid era could also unjustifiably shift the burden to Defendants. *Id.* at ¶¶ 41-44. While Yuntek now saves $30k - $50k, depending on travel arrangement of its attorney for the pre-Covid deposition arrangement, Mr. Lu will be forced to spend substantial amount of money for the travel, the hotel stay, the PCR test, plus the minimum 14+7 days quarantine that will significantly disrupt his work schedule and business operations of Defendants.

Yuntek recognizes the burden of depositions on the parties. Defendants' have noticed Yuntek's Rule 30(b)(6) deposition. Yuntek only designated Mr. Chou as its Rule 30(b)(6) witness. Because Mr. Chou will need the assistance of an interpreter, Yuntek agreed to extend the Rule 30(b)(6) deposition over two days for 12 hours. Because Mr. Chou is also the sole named inventor of the '446 Patent, Defendants have also requested his personal deposition. Yuntek has asserted that because Mr. Chou is head of Yuntek and that his time needs to be respected that Defendants should not be able to ask for additional time on top of the agreed to 12 hour/2-day deposition to conduct both his personal and Rule 30(b)(6) depositions. Mr. Lu is similarly situated. He is a key person in Defendants' business. And, at the present time, if Mr. Lu were required to travel out of China for his deposition, both he and Defendants would be significantly impacted more than Mr. Chou would be impacted if he were to be deposed for a few more hours. *Id.* at ¶¶ 45 – 46.

At the minimum, the burden and cost of deposing Mr. Lu should be born, at least in part, by Plaintiff, including travel costs (flight, hotels, PCR tests; there is no expenses for the 7-day home quarantine). However, in an effort avoid violating China law, relieve some of the burden, and to facilitate a deposition, Defendants have suggested deposition by written question. Understandably, Plaintiff has not agreed to this option. *Id.* at ¶ 42.

### IV.   CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny Yuntek's Motion.

Dated: September 2, 2021

KIMBALL ANDERSON

*/s/ Robert E. Aycock*
Robert E. Aycock
William B. Chadwick

LT PACIFIC LAW GROUP, LLP
Jen-Feng Lee
Attorneys for Defendants XIAMEN JXD ELECTRONIC COMMERCE CO., LTD., XIAMEN SUNNYPET PRODUCTS CO., LTD., and PETSFIT INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2021, the preceding **DEFENDANTS' OPPOSITION TO PLAINTIFF YUNTEK INTERNATIONAL, INC.'S MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS; CASE STATUS REPORT** was filed with the Clerk of the Court using CM/ECF, which will send notification of the filing to all attorneys of record in this case.

/s/ *Robert E. Aycock*
Robert E. Aycock