Matthew H. Poppe (SBN 177854)
matthew.poppe@rimonlaw.com
RIMON, P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone: 650.461.4433
Facsimile: 650.461.4433

Attorneys for Plaintiff
YUNTEK INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| YUNTEK INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> XIAMEN JXD ELECTRONIC COMMERCE CO., LTD., XIAMEN SUNNYPET PRODUCTS CO., LTD., and PETSFIT INC., <br><br> Defendants. | Case No. 4:20-cv-07201-JSW <br><br> **PLAINTIFF YUNTEK INTERNATIONAL, INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS [DKT. NO. 58]** <br><br> Hearing Date: October 5, 2021 <br> Hearing Time: 11:00 a.m. <br> Hearing Location: Telephone or Video Conference <br> Judge: Hon. Robert M. Illman |

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 1 |
|  | A. The Claim Terms to Which Defendants' Proposed Amendments Relate | 1 |
|  | B. Yuntek's Infringement Contentions | 2 |
|  | C. Defendants' Invalidity Contentions | 4 |
|  | D. Claim Construction Proceedings | 4 |
| III. | LEGAL STANDARD | 6 |
| IV. | ARGUMENT | 7 |
| V. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Catch a Wave Technologies, Inc. v. Sirius XM Radio, Inc.*,
 No. C 12-05791 WHA, 2014 WL 186405 (N.D. Cal. Jan. 16, 2014) ............................... 6, 7, 8

*Hewlett Packard Co. v. ServiceNow, Inc.*,
 No. 14-cv-00570-BLF (HRL), 2016 WL 692828 (N.D. Cal. Feb. 19, 2016) ....................... 6, 8

*Illumina Inc. v. BGI Genomics Co.*,
 No. 20-cv-01465-WHO, 2021 WL 2400941 (N.D. Cal. Jun. 11, 2021) .................................. 6

*MLC Intellectual Property, LLC v. Micron Technology, Inc.*,
 No. 14-cv-03657-SI, 2018 WL 6046465 (N.D. Cal. Nov. 19, 2018) ................................ 6, 8, 9

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
 467 F.3d 1355 (Fed. Cir. 2006) ............................................................................................... 6

*Oracle America, Inc. v. Google Inc.*,
 No. C 10-03561 WHA, 2011 WL 3443835 (N.D. Cal. Aug. 8, 2011) ..................................... 8

*Silicon Labs., Inc. v. Cresta Tech. Corp.*,
 No. 14-cv-03227-PSG, 2015 WL 13449672 (N.D. Cal. Dec. 21, 2015) ............................. 8, 9

*Slot Speaker Techs., Inc. v. Apple, Inc.*,
 No. 13-cv-01161-HSG(DMR), 2017 WL 1278744 (N.D. Cal. Apr. 6, 2017) .......................... 8

**Other Authorities**

L.R. 3-6 .............................................................................................................................................. 6

L.R. 3-6(a) ......................................................................................................................................... 7

L.R. 4-1 .............................................................................................................................................. 8

L.R. 4-1(a) ......................................................................................................................................... 5

L.R. 4-2 .......................................................................................................................................... 5, 8

**STATEMENT OF ISSUE TO BE DECIDED**

Whether Defendants[1] can show the requisite diligence needed for leave to amend their invalidity contentions where the proposed amendments consist of new arguments based on prior art that Defendants cited in their original contentions but did not bother to chart, and where the proposed amendments are not justified by any new information or relevant case developments.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff Yuntek International, Inc. ("Yuntek") opposes Defendants' belated attempt to add new arguments to their invalidity charts based on prior art that Defendants listed in their original contentions but did not bother to chart. Case law holds that an accused patent infringer cannot make the required showing of diligence in these circumstances. Defendants' claimed justification for the late amendment is disingenuous. They assert that the proposed amendments are a response to Yuntek's proposed interpretation of a claim term. But Yuntek's interpretation of that term has been consistent throughout this case and follows directly from the specification and file history. Indeed, Defendants have not offered a different interpretation, only "plain and ordinary meaning." Defendants cannot legitimately claim that Yuntek's proposed claim construction represents new information that justifies stating new invalidity contentions after the court-imposed deadline for those contentions. Defendants' motion is in stark contrast to Yuntek's co-pending motion to amend its infringement contentions, which is based on information not known to Yuntek when it served its original contentions. Yuntek requests that Defendants' motion be denied.

**II.   STATEMENT OF FACTS**

   **A.   The Claim Terms to Which Defendants' Proposed Amendments Relate**

Yuntek alleges that Defendants infringe U.S. Patent No. 6,715,446 (the "'446 Patent"), which covers a collapsible pet carrier such as the one shown in these images from the patent:

---

[1] "Defendants" refers collectively to Defendants Xiamen JXD Electronic Commerce Co., Ltd., Xiamen Sunnypet Products Co., Ltd., and Petsfit Inc.




FIG. - 1     FIG. - 3

Poppe Decl., Ex. A, Figs. 1, 3.[2]  The features of the patented invention that are pertinent to this motion are "front panel 2" and "an opening 21 in the front panel 2 . . . .," *id*. at 2:24-32, each on the left side of the product shown in Figures 1 and 3 above.  The front panel is sewn to the main body of the pet carrier along the bottom edge and connected by zippers on the other three sides.  *Id*. at 2:25-30.  The front opening is covered by a mesh shade 22.  *Id*. at 2:32-37.  The asserted claims refer to these features by reciting that "the front panel further has a front opening that allows access to the collapsible housing for accommodating a pet . . . ."  Poppe Decl., Ex. B, at 1:49-51, 2:1-3, 3:45-46, 4:50-51.  In the file history, the patentee described front opening 21 as a "door-within-a-door."  Poppe Decl., Ex. C, pp. 24-25, 27-28.

**B.     Yuntek's Infringement Contentions**

Defendants' products, such as the one shown below, are essentially identical to Yuntek's patented invention:



---

[2] "Poppe Decl." refers to the Declaration of Matthew H. Poppe in Opposition to Defendants' Motion for Leave to Amend Invalidity Contentions, filed concurrently herewith.

2
YUNTEK'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND INVALIDITY CONTENTIONS
CASE NO. 4:20-CV-07201-JSW

*See* Second Amended Complaint, Dkt. No. 52, ¶ 11.  In particular, the accused products feature a front panel (shown in the above image on the left) sewn to the main body on the bottom edge and connected by zippers on the other three sides, and an opening in the front panel covered by a mesh shade.  On May 21, 2021, Yuntek described these features of the accused products as follows in its Infringement Contentions:

| Claim Element | Where Element Is Found in Sunnypet Model #DCC1039 |
|---|---|
| a front panel, and a back panel, said front panel and said back panel joined to the main body on the bottom side and selectively engageable with the first, second, and top sides such that, when arranged substantially perpendicular to the bottom side, said front panel and said back panel form a frame for said housing; and | Sunnypet product DCC1039 includes a front panel and a back panel, as shown in Photos 4 and 5 below.  The front and back panels are each joined by stitching to the main body on the bottom side.  The front and back panels are each selectively engageable with the first, second, and top sides via zippers.  When the front and back panels are arranged substantially perpendicular to the bottom side, and the zippers are at least partly closed, the front and back panels form a frame for the housing as shown in Photos 2 and 3 above.   (Photo 4 - annotated)   (Photo 5 - annotated) |

| Claim Element | Where Element Is Found in Sunnypet Model #DCC1039 |
|---|---|
| wherein the front panel further has a front opening that allows access to the collapsible housing for accommodating a pet; | Sunnypet product DCC1039 has a front opening in the middle of the front panel that, when unzipped, allows access to the collapsible housing, as shown, for example, in Photo 2 above (in which the front opening is zipped). |



(Photo 2)

Poppe Decl., Ex. D, pp. 3, 4, 7; *see also id*. at 20, 21-22, 24 (similar contentions for a different accused product). Yuntek thereby made its position clear that an entire end panel of the accused products is the "front panel" of the asserted claims, and the opening "in the middle of" the end panel of the accused products is the "front opening" of the claims.

### C.  Defendants' Invalidity Contentions

Three weeks later, on June 11, 2021, Defendants served their Invalidity Contentions. Poppe Decl., ¶ 6 & Ex. E. Defendants included a long list of purported prior art references, but addressed only a few of them in their invalidity charts. *See id*., Ex. E, pp. 3-5 & Ex. A. Three references that Defendants listed but did not chart were U.S. Patent No. 5,493,818 to Wilson; U.S. Patent No. 3,280,796 to Hatcher; and U.S. Patent No. 4,397,398 to Watanabe. *See id*., Ex. E, pp. 4-5 (listing these references); *id*., Ex. E at Ex. A (omitting these references). These are the references for which Defendants now seek to add new arguments to their invalidity charts.

For the next nearly two months, Defendants gave no indication that they wanted to amend their Invalidity Contentions. Poppe Decl., ¶ 7. The only related discussions between the parties during that period pertained to Yuntek's request that Defendants remove the uncharted prior art references from their contentions.[3] *See id*., ¶ 7 & Exs. F-I. Not until August 5, 2021 did Defendants reveal that they wanted to add new arguments to their Invalidity Contentions based on previously listed but uncharted prior art references. Poppe Decl., ¶ 7 & Ex. J. Defendants presented their request as a tit-for-tat demand in response to Yuntek's earlier request (first made on July 8, 2021) to amend its infringement contentions to address new information that Yuntek learned after serving its original contentions. *See id*.; *see also* Dkt. No. 56.

### D.  Claim Construction Proceedings

Defendants assert that they seek to supplement their invalidity charts because Yuntek adopted a "new" position regarding the meaning of "front opening" in the asserted claims that

---

[3] Defendants have represented that they will amend their invalidity contentions to remove the uncharted references regardless of the outcome of their present motion. Poppe Decl., ¶ 13 & Ex. G. Yuntek has refrained from filing a motion to strike in reliance on that representation, but reserves the right to do so if Defendants do not follow through on their promise.

"was an unanticipated and substantial deviation from [Yuntek's] prior position that 'front opening' did not require constructions." Dkt. No. 58 at 2. That statement is untenable for several reasons.

First, Defendants served their Invalidity Contentions several weeks *after* Yuntek served its Infringement Contentions. *See* Poppe Decl., ¶ 6 & Exs. D, E. Yuntek's Infringement Contentions state Yuntek's position that the claimed "front opening" is a doorway "in the middle of the front panel." *See supra* at 3-4. Yuntek thereby stated its understood meaning of "front opening" weeks before Defendants served their Invalidity Contentions.

Second, Defendants served their Invalidity Contentions two weeks *before* Yuntek served its Proposed Terms for Construction pursuant to Patent L.R. 4-1(a). *See* Poppe Decl., ¶ 6 & Exs. E, K. Thus, when Defendants served their Invalidity Contentions, Yuntek had not stated or even implied a "position" that "front opening" did not require construction. Defendants cite no evidence of any such "prior position" by Yuntek that pre-dated the Invalidity Contentions.

Third, it is Defendants' own conduct that prompted Yuntek to propose a construction of "front opening." Believing the term's meaning to be clear from the claim language, Yuntek did not include "front opening" in its Proposed Terms for Construction. *See* Poppe Decl., Ex. K. Defendants did include that term, though, plus eight others. *See id.*, Ex. L. Consequently, as required by the patent local rules, Yuntek crafted a proposed construction of "front opening" (and Defendants' other terms) and identified all relevant intrinsic and extrinsic evidence. *See id.*, Ex. M; Patent L.R. 4-2. Defendants, however, without prior notice to Yuntek, announced in their "Preliminary Claim Constructions" document that they no longer sought constructions of six of the nine terms they had previously identified, including "front opening." *See* Poppe Decl., ¶ 17 & Ex. N. Having gone to the effort, at Defendants' behest, of developing a proposed construction of "front opening" and identifying supporting evidence, Yuntek chose to ask the Court to adopt it. Yuntek's proposed construction—"an opening in the front panel; *i.e.*, a door within a door"— follows directly from the specification and file history, is consistent with the analysis in Yuntek's Infringement Contentions, and is not "an unanticipated and substantial deviation" from any prior position taken by Yuntek. Indeed, Defendants to date have never proposed a different meaning of

"front opening" or identified anything wrong with Yuntek's construction, offering only "plain and ordinary meaning" as their proposal.  *See* Dkt. No. 51.

## III.   LEGAL STANDARD

"Amendment of the . . . Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause."  Patent L.R. 3-6.  The patent local rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."  *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006) (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)); *see also Catch a Wave Technologies, Inc. v. Sirius XM Radio, Inc.*, No. C 12-05791 WHA, 2014 WL 186405, at *1 (N.D. Cal. Jan. 16, 2014) (the deadlines "exist for a reason—to provide for the orderly and timely disposition of a case while providing adequate notice to opposing sides of the theories of the case"); *Hewlett Packard Co. v. ServiceNow, Inc.*, No. 14-cv-00570-BLF (HRL), 2016 WL 692828, at *1 (N.D. Cal. Feb. 19, 2016) ("this court is 'conservative' in granting leave to amend . . . invalidity contentions").

"In determining whether a party has established good cause, courts first look to whether the party has shown that it has acted with diligence."  *Illumina Inc. v. BGI Genomics Co.*, No. 20-cv-01465-WHO, 2021 WL 2400941, at *3 (N.D. Cal. Jun. 11, 2021) (citing *O2 Micro*, 467 F.3d at 1366).  "The moving party bears the burden of establishing diligence."  *MLC Intellectual Property, LLC v. Micron Technology, Inc.*, No. 14-cv-03657-SI, 2018 WL 6046465, *3 (N.D. Cal. Nov. 19, 2018) (citing *O2 Micro,* 467 F.3d at 1355).  "**When the moving party is unable to show diligence, there is 'no need to consider the question of prejudice'** . . . ."  *Id*. (quoting *O2 Micro*, 467 F.3d at 1368); *see also id*. at *4 n.3 ("Because the Court finds that Micron is unable to show diligence, it is unnecessary to determine whether MLC would be prejudiced by amendments to the invalidity contentions").  But "[i]f the court finds that the moving party has acted with diligence, it then must determine whether the non-moving party would suffer prejudice if the motion to amend were granted."  *Illumina Inc.*, 2021 WL 2400941, at *3 (quoting *Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. Jun. 26, 2013)).

A reason that "may" support a finding of good cause is "[a] claim construction *by the Court* different from that proposed by the party seeking amendment . . . ." Patent L.R. 3-6(a) (emphasis added). An alleged change in the plaintiff's claim construction position does not, by itself, justify amended invalidity contentions. *See Catch a Wave*, 2014 WL 186405, at *2 ("The rules do not state that defendants can limit themselves to only references they believe are relevant to plaintiff's read of the patent.").

## IV.   ARGUMENT

Good cause does not exist for Defendants to amend their invalidity contentions because Defendants have not shown, and cannot show, that they have acted diligently. As Defendants admit, the required diligence includes both "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." Dkt. No. 58 at 4 (quoting *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017)).

Here, Defendants did not act diligently "in discovering the basis for amendment" because the prior art references in question were known to Defendants—indeed, cited by them—when they served their Invalidity Contentions. Defendants simply did not bother to chart those references at that time. *See supra* at 4. Indeed, one of the three references was cited and discussed in the file history of the patent-in-suit on the very point with which Defendants now propose to supplement their invalidity charts. *See* Poppe Decl., Ex. O at 11 (discussing Watanabe in connection with "front opening" claim element); *id.*, Ex. C at 24-25 (same). Defendants cannot reasonably claim to have been diligent when they failed to include this argument in their Invalidity Contentions.

In similar circumstances, courts in this District have consistently denied leave to amend invalidity contentions. For example, in *Catch a Wave*, the defendant sought to add a new prior art reference to its invalidity contentions that it admittedly knew about before. Just as Defendants allege here, the defendant in *Catch a Wave* asserted that the reference it sought to add "'only became relevant' as plaintiff's claim construction position expanded . . . ." 2014 WL 186405, at *2. The Court rejected the defendant's explanation and its amendment request because "[t]he rules do not state that defendants can limit themselves to only references they believe are relevant

7
YUNTEK'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND INVALIDITY CONTENTIONS
CASE NO. 4:20-CV-07201-JSW

to plaintiff's read of the patent. Defendant could have (and perhaps should have) charted the reference but defendant did not. Defendant must now live with that choice." *Id.*; *see also Oracle America, Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 3443835, at *3 (N.D. Cal. Aug. 8, 2011) (denying leave to amend invalidity contentions to add charts based on prior art reference that, like those at issue here, "was included in Google's [prior] invalidity contentions but only in the list of additional references for which no claim charts were provided"); *Hewlett Packard*, 2016 WL 692828, at *3-*4 (denying leave to amend invalidity charts to add defense available at time of original contentions because "a party simply cannot show diligence under these circumstances"); *MLC Intellectual Property*, 2018 WL 6046465, at *3-*4 (denying leave to add charts for prior art references that were not "newly discovered" and rejecting argument that the amendments were justified by a change in the plaintiff's claim construction position).

Defendants argue that their proposed amendments are justified because Yuntek allegedly changed its claim construction position after they served their Invalidity Contentions. The Court should reject this argument. Accepting it would invite amended invalidity contentions in every case as a matter of course because, under the default schedule set by the Patent Local Rules, the parties do not exchange proposed claim constructions until after invalidity contentions have been served. *See* Patent L.R. 4-1 (parties to exchange proposed terms for construction 14 days after invalidity contentions are served); Patent L.R. 4-2 (preliminary claim constructions due 21 days later). Indeed, a key purpose of requiring early invalidity contentions is to help the parties decide upon their proposed claim constructions. *See Hewlett Packard*, 2016 WL 692828, at *1 (patent local rules were adopted "to prevent vexatious 'shifting sands' claim-construction strategies"). Thus, a "differing claim construction in and of itself does not constitute good cause [to amend invalidity contentions]." *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-cv-01161-HSG(DMR), 2017 WL 1278744, at *2 (N.D. Cal. Apr. 6, 2017) (brackets in original) (quoting *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 789197, at *2 (N.D. Cal. Feb. 26, 2014)).

Courts that have addressed whether to permit amended invalidity contentions based on a new claim construction typically consider whether the change is "material." *See, e.g., Silicon Labs., Inc. v. Cresta Tech. Corp.*, No. 14-cv-03227-PSG, 2015 WL 13449672, at *1 & n.6 (N.D.

Cal. Dec. 21, 2015) (denying leave to amend invalidity contentions where court's construction did not differ from parties' proposals in material way) (citing *Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-00630, 2013 WL 3246094, at *5 (N.D. Cal. June 26, 2013)).  Defendants cannot show a material change here.  Yuntek merely put the plain and ordinary meaning of "front opening" into words.  Yuntek's related claim construction argument relies solely on intrinsic evidence.  *See* Dkt. No. 59 at 17-19.  Yuntek's interpretation of the term was clear from its Infringement Contentions, which it served three weeks before Defendants' Invalidity Contentions were due.  *See supra* at 3-4, 5.  Defendants have never identified a different meaning or proposed a different construction of "front opening."  *Id*. at 5-6.  Moreover, one of the references that Defendants seek leave to chart was cited and discussed on the same point in the file history of the patent-in-suit many years ago, *see supra* at 7, and Defendants' other two references are cumulative on this point.  Defendants simply cannot justify their failure to chart these references in their original Invalidity Contentions.

Defendants' motion should also be denied because the sequence of events here smacks of gamesmanship.  *See MLC Intellectual Property*, 2018 WL 6046465, at *2 (identifying gamesmanship as factor in whether to grant motion for leave to amend invalidity contentions).  Defendants have not presented a believable reason for why they failed to include the material they seek to add now in their original Invalidity Contentions.  As discussed above, it cannot truly be Yuntek's unremarkable claim construction positions that prompted Defendants to seek leave to amend when they added nothing materially new.  Moreover, Yuntek only proposed a construction of "front opening" because *Defendants* listed it as a claim term to be construed.  *Supra* at 5.  Yet when it came time for the parties to exchange their proposed claim constructions, Defendants announced they no longer requested construction of that term (and five others).  *Id*.  If such tactics could serve as a basis for a defendant to amend its invalidity contentions, defendants would be incentivized to adopt those tactics in other cases to buy time for their invalidity analyses while imposing an extra burden on the plaintiff.  The Court should not encourage that.

By the time of the hearing on Defendants' motion, it will be just a few days before the claim construction hearing (October 7, 2021) and the close of fact discovery (October 22, 2021).

Yuntek should not be put to the burden of addressing Defendants' new invalidity theories when Defendants did not exercise reasonable diligence in disclosing them.

## V.     CONCLUSION

For the foregoing reasons, Yuntek respectfully requests that this Court deny Defendants' motion for leave to amend their Invalidity Contentions.

Dated:  September 2, 2021                           RIMON, P.C.


                                                    By: */s/ Matthew H. Poppe*
                                                         Matthew H. Poppe

                                                         Attorneys for Plaintiff YUNTEK
                                                         INTERNATIONAL, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2021, the within document was filed with the Clerk of the Court using CM/ECF, which will send notification of the filing to all attorneys of record in this case.

                                                      */s/ Matthew H. Poppe*
                                                      Matthew H. Poppe