UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| YUNTEK INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>XIAMEN JXD ELECTRONIC COMMERCE CO., LTD., et al.,<br><br>Defendants. | Case No. 20-cv-07201-JSW (RMI)<br><br>**ORDER RE: SECOND SET OF DISCOVERY DISPUTES**<br><br>Re: Dkt. No. 91 |

Now pending before the court is a jointly-filed letter brief (dkt. 91) presenting seven discovery disputes in this patent case concerning the design of small bags designed for the transportation of pets or other small animals. Many of the Parties' disputes are difficult of quantify because the Parties have, once again, failed to properly address one another's contentions and, in other regards, the disputes are insubstantial in that one Party appears to have ignored its opponent's concessions or commitments while seeking to prematurely or unnecessarily rely on the court to handhold the Parties through each and every instance of discontent that may possibly arise during the discovery process. With that said, the court will now turn to the substance of the seven issues in dispute.[1]

*Issue-1 – Plaintiff's Request to Compel Further Responses to Interrogatory ("ROG") No. 1*

Plaintiff contends that, with respect to model nos. DCC1039 and DCC1039B1C, Defendants' responses to ROG No. 1 are inadequate. *See* Ltr. Br. (dkt. 91) at 3. It appears that Plaintiff's dissatisfaction in this regard is two-fold. First, Plaintiff submits that Defendants'

---

[1] Pursuant to Civil Local R. 7-1(b), the court finds that this matter is suitable for disposition without oral argument.

responses were not sufficiently detailed and therefore non-responsive because ROG-1 asked for Defendants' non-infringement arguments coupled with a detailed statement of the basis for each argument. *Id*. As to model no. DCC1039B1C, Defendants responded that "DCC1039B1C does not infringe any of the asserted claims of the '446 patent because it does not meet the 'front and back panels open in a direction parallel to the longest side of the main body' limitation." *See id*. at 3, 5. It appears that Plaintiff is not satisfied with this response because of the contention that "Defendants did not explain their argument" (*see id*. at 3), however Plaintiff fails to explain what additional detail might be necessary and why. Accordingly, to the extent that Plaintiff is asking the court to force Defendants to provide further detail in this regard, that request is **DENIED**.

Further, Plaintiff submits that on January 17, 2022, "Defendants' counsel said [that] Defendants will supplement their response to . . . state that the non-infringement argument does not apply to DCC1039 after all (only to DCC1039B1C) but did not commit to a date for doing so" and because "[t]he close of fact discovery is a few days away . . . Defendants should be ordered to provide an under-oath supplemental interrogatory response on or before January 28 stating all product measurements relevant to their non-infringement defense." *Id*. at 3. Defendants' relevant portion of the Letter Brief (*id*. at 5) simply ignores Plaintiff's request for Defendant to be ordered to provide the information that it has already reportedly committed to provide on or before the date in question. Instead, Defendants' portion of the brief focuses on: whether these products have been made available for inspection; the fact that Plaintiff has produced pictures and a 21-minute video of its inspection of the small DCC1039B1C; and, whether "[i]t is reasonable for Defendants' counsel to retain possession of the nearly two-dozen sample products for use in its expert reports, motions, claim construction, and trial preparation." *Id*. at 5. This is yet another example of the Parties' combining to waste the court's time and resources: while Defendants have reportedly committed to giving Plaintiff certain information that Plaintiff wishes to have, Plaintiff moves the court for an order that would give Defendants a firm deadline for doing so – meanwhile, Defendants respond with a series of statements that do not appear to bear any relevance to Plaintiff's request for a deadline for supplementation of a response to the interrogatory in question. To the extent that Defendants have in fact committed to supplementing their response to ROG-1 as

1  described by Plaintiff, Defendants are **ORDERED** to do so on or before the deadline for the
2  closing of fact discovery, or as soon thereafter as possible.

3  *Issue-2 – Plaintiff's Request to Compel Further Responses to ROG-4*

4  Plaintiff's ROG-4 asked for "a detailed description of the product design process 'for each
5  of the Accused Products,' including, but not limited to 'inspirations(s) for each design,' 'the
6  factors . . . that influenced the design,' and 'any alternative designs or design elements
7  considered." *Id*. at 3. Plaintiff then contends that while Defendants provided a lengthy response, it
8  was "generic" and contained "no specifics for any accused product," as Plaintiff was mainly
9  interested in the design process "for any accused product or inspirations, influences, or alternative
10 designs." *Id*. Ironically, Plaintiff's complaints about Defendants' "generic" responses to ROG-4
11 are *themselves* generic. Defendants' respond that – coupled with their objections – they produced
12 complete responses which were then further elaborated upon in the course of Mr. Lu's two-day
13 14-hour deposition (*i.e.*, that the design process was founded upon evaluating their customers'
14 needs and modifying their designs and products in order to fit those needs). *See id*. at 6. Because
15 Plaintiff does not describe *how* Defendants' responses are deficient, or specifically, what
16 additional information Plaintiff now seeks that was not part of Defendants' response to ROG-4, or
17 otherwise developed (or able to be developed) during Mr. Lu's deposition, Plaintiff's generic
18 request for a court order requiring Defendants "to provide a complete, under-oath response by the
19 January 28 discovery cutoff date" is **DENIED**. To the extent that Plaintiff is worried about
20 Defendants supposedly "reserving their right to present undisclosed responsive information at
21 trial," this is not a question for today or for the undersigned. Since Defendants contend that they
22 have given complete responses, and since Plaintiff has not identified, with any specificity, any
23 missing information that it believes Defendants are withholding – in the event that Plaintiff finds
24 itself surprised at trial by Defendants' attempt to introduce information that was responsive to a
25 discovery request but that was withheld, Plaintiff can present such arguments in support of a
26 request to exclude that evidence to the trial judge at the appropriate time.

27 *Issue-3 – Plaintiff's Request to Compel Further Responses to ROG-5*

28 In ROG-5, Plaintiff asked Defendants "to state the nature and amount of their monthly

3

costs and profits for each accused product and to produce documents showing the costs and profits." *Id*. at 4. Plaintiff complains that for Defendant Xiamen JXD, the documents produced by Defendants include a spreadsheet stating costs and profits, but on an annual (rather than monthly) basis which Plaintiff cryptically suggests *may* be inadequate because "Defendants have asserted defenses that may require parsing the data more finely." *Id*. Plaintiff also contends that some of the supporting documentation is in Chinese rather than English (however, Plaintiff has not contended that it is unable to understand the documents). *Id*. As to Defendant Xiamen Sunnypet, Plaintiff complains that Defendants have produced a spreadsheet with monthly cost and profit data but with no underlying documentary support. *Id*. Then, in similar fashion, Plaintiff notes that during a recent meeting (on January 17, 2022) Defendants committed to producing translations of the Chinese-language documents (but without committing to a deadline for that production) as well as committing to "inquire about the Xiamen Sunnypet supporting documents" (but without committing to produce them). *Id*. Hence, Plaintiff seeks an order compelling Defendants to produce monthly basis data for the spreadsheet relating to Defendant Xiamen JXD, complete English translations, and complete supporting records as to Defendant Xiamen Sunnypet by the discovery cutoff date, January 28, 2022. *Id*.

As for the cost and profit reports, Defendants contend that they "don't keep this information in the form requested by Yuntek, but the 'costs and profits' for the accused products can be calculated from the financial information contained in the documents Defendants cite in their response." *Id*. at 6 (citing 6 sets of bates number ranges for supporting documents, three for JXD and three for Sunnypet). Plaintiff fails to address this contention. *See id*. at 4. Because Plaintiff fails to address this contention, and because Plaintiff's description of *why* it needs monthly (as opposed to annual) cost and profit data is nebulous at best (to wit, a single sentence: "Yet Defendants have asserted defenses that may require parsing the data more finely"), Plaintiff's request to force Defendants to undertake the preparation of monthly cost and profit data reports that Defendants contend Plaintiff can just as easily glean from documents already produced in discovery is herewith **DENIED**. As to the documents that still contain Chinese characters, Defendants have committed to providing the remaining translations, therefore, Plaintiff's request

4

to compel Defendants to produce that which they have already committed to produce is **DENIED as moot**. Defendants are instructed to provide the remaining translations forthwith and without delay. As to the outstanding supporting documentation underling the cost and profit data for Defendant Xiamen Sunnypet, the court's task is rendered difficult due to the Parties' poorly conceived and poorly drafted letter brief. Plaintiff does not clarify exactly what documents are missing – instead, Plaintiff simply notes that Defendants have committed to inquire about the supporting documents without committing to producing them. *Id*. at 4. Meanwhile, it is not entirely clear from Defendants' portion of the brief whether or not Defendant contends that the three cited sets of Sunnypet documents (*see id*. at 6) are in fact the supporting documents being discussed. Because Plaintiff bears the burden of establishing relevance and proportionality underlying its request to compel this material, the court finds that Plaintiff has failed to meet that burden by failing to adequately describe the nature of the missing documents, by failing to explain why they are relevant and necessary, and by failing to address Defendants' contention that it has already produced three sets of documents (*see id*. at 6) that establish "additional support" for the cost and profit spreadsheet in question. Thus, once again, Plaintiff's request to compel Defendants to produce that which they appear to contend that they have already produced is **DENIED**.

*Issue-4 – Plaintiff's Request to Compel Further Responses to ROG-6*

Through ROG-6, Plaintiff seeks the number of unsold units for each accused product in Defendants' U.S. inventory. *See id*. at 4. Defendants reportedly presented an initial response to the effect that they had no unsold units in inventory here in the United States, however, on December 16, 2021, Defendants reportedly supplemented to provide responsive information but failed to provide the number of units for each product model and size. *Id*. Defendants contend that their supplemental response of December 16, 2021, was sufficient in that Plaintiff was informed that Defendant Sunnypet had no unsold inventory but that Defendant JXD had 606 units of DCC002, 2198 units of DCC1800, 153 units of DCC1039, and 716 units of DCC1047 in inventory as of December 16, 2021. *Id*. at 6. It is unclear why Plaintiff is dissatisfied with this information except perhaps that Plaintiff may have wished for this data to be broken down not just by model number, but also by size. *See id*. at 4 ("However, they did not state the number of units in inventory for

1  each product model and size, though the interrogatory calls for that information."). Defendants
2  appear to have interpreted Plaintiff's contention differently in that Defendants seem to think that
3  Plaintiff desired "daily inventory totals" which Defendants contend is burdensome, unnecessary,
4  and disproportional to the needs of the case. *Id*. at 7. To the extent that Plaintiff seeks daily
5  inventory totals, the undersigned agrees with Defendants in that Plaintiff has failed to establish
6  relevance or proportionality. To the extent that Plaintiff seeks a further breakdown of the
7  inventory data from December 16th by size, Plaintiff has failed to establish why that information
8  is relevant or why it is proportional to the needs of the case. In either case, Plaintiff's request to
9  compel this data is **DENIED**.

*Issue-5 – Plaintiff's Request to Compel Further Responses to RFP-2*

Plaintiff seeks complete customs documentation related to Defendants' importation of the accused products (including U.S. Customs forms and shipping documents) such as to be able to verify that Defendants have accurately reported their sales, their prices, and their costs. *Id*. at 4. Defendants respond that they have already tendered all such documents in their possession, and that they have expended good faith efforts to gather such documents from any third parties in whose possession such documents might exist (such as customs brokers, etc.). *Id*. Indeed, Defendants contend that they were actively engaged "in the process of updating supplemental responses to include this information [when] Yuntek informed Defendants on 1/21/22 that it intended to file this letter brief and insisted that Defendants provide a response less than one business day later." *Id*. At bottom, Plaintiff requests that "Defendants should be ordered to produce the documents or submit an under-oath declaration describing their efforts in detail and explaining why they nevertheless could not obtain the documents." *Id*. at 4. The court finds this to be unnecessary. Defendants' portion of the letter brief explains that the responsive documents in their possession have already been tendered, and the court finds that Defendants' enumeration of their efforts in this regard and their explanations are sufficient and satisfactory. Accordingly, Plaintiff's request for an order directing Defendants to file an under-oath declaration repeating the details of their efforts and their explanations – which have already been given on the record through counsel – is **DENIED**.

6

*Issue-6 – Plaintiff's Request to Compel Further Responses as to Petsfit, Inc.*

Plaintiff seeks "all communications between Petsfit and the other Defendants or related entities relating to the accused products," as well as additional documents "related to Petsfit's business activities related to the accused products." *Id*. at 4-5. In short, Plaintiff seeks Petsfit documents "related to such subjects as warehousing, importation, Amazon interactions, receipt and disbursement of funds, and other financial documents." *Id*. at 5. As to the communications between Petsfit and the other Defendants or related entities, Defendants have asked Plaintiff to identify certain reasonable and narrowly-tailored search terms such as to narrow the universe of responsive documents and such as to lessen the burdens associated with the impractical task of reviewing all communications between Petsfit and "the other Defendants or related entities" as it may, in any conceivable way, relate to the accused products – however, it appears that Plaintiff simply wishes to seek an order compelling that entire universe of potentially responsive communications rather than to propose some targeted search terms. Defendants have "offered to, and will, conduct searches of [their] communications if Yuntek provides specific search terms that are [] reasonably targeted, clear, and as specific as practicable." *Id*. at 7. Defendants have submitted that to produce all such communications and related documents sent between Defendants, and related entities, constitutes a request that is overly broad, burdensome, and disproportional to the needs of the case. *Id*. The court agrees with Defendants in that Plaintiff has failed to establish the relevance and proportionality of the discovery request in its currently-phrased form; therefore, Plaintiff's request to compel the information responsive to RFP-61 is **DENIED** in its current formulation. If Plaintiff wishes to have information along these lines, Plaintiff is **ORDERED** to propose reasonably targeted, clear, narrowly-tailored, and specific search terms that must be calculated to capture the information Plaintiff seeks while *also* taking care to minimize the burden on Defendants and eliminate or substantially reduce the possibility of capturing of irrelevant information.

*Issue-7 – Plaintiff's Request for a Third Full Day of Deposition Testimony from Mr. Lu*

As noted by Defendants, Plaintiff had the opportunity to depose Mr. Lu (Defendants' 30(b)(6) designee) for 14 hours over two full days. *Id*. at 7. Nevertheless, and without much

7

explanation, Plaintiff seeks an order from this court compelling Defendants to make Mr. Lu available such that he can "appear for a full additional deposition day." *Id.* at 5. In this regard, Plaintiff only explains that "Defendants' failure to provide the above materials in a timely way deprived Yuntek of the opportunity to obtain related deposition testimony" from Mr. Lu at his deposition on December 9 and 10, 2021. *Id.* As explained above, there was no merit to any of Plaintiff's arguments – indeed they were borderline frivolous – for that reason, and also because Plaintiff has failed to provide any persuasive reason why any additional deposition time with Mr. Lu would be warranted (let alone an entire day), Plaintiff's request for a third deposition day with Mr. Lu is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 25, 2022

ROBERT M. ILLMAN
United States Magistrate Judge