RIMON, P.C.
Matthew H. Poppe (SBN 177854)
matthew.poppe@rimonlaw.com
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone: 650.461.4433
Facsimile: 650.461.4433

Attorneys for Plaintiff
YUNTEK INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| YUNTEK INTERNATIONAL, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>XIAMEN JXD ELECTRONIC COMMERCE CO., LTD., XIAMEN SUNNYPET PRODUCTS CO., LTD., and PETSFIT INC.<br><br>        Defendants. | Case No. 4:20-cv-07201-JSW<br><br>**DECLARATION OF MATTHEW H. POPPE IN SUPPORT OF PLAINTIFF YUNTEK INTERNATIONAL, INC.'S MOTION TO STRIKE IN PART DEFENDANTS' RESPONSIVE DAMAGES CONTENTIONS**<br><br>Hearing Date:    March 4, 2022<br>Hearing Time:    9:00 a.m.<br>Hearing Location: Ctrm. 5, 2d Floor<br>Judge:    Hon. Jeffrey S. White |

I, Matthew H. Poppe, declare:

1. I am an attorney licensed to practice in the State of California, a partner at the law firm of Rimon, P.C., and counsel of record for Plaintiff Yuntek International, Inc. ("Yuntek") in this action. I make this declaration based on personal knowledge and, if called as a witness, would and could testify competently to the facts stated herein.

2. On or about April 9, 2021, the parties in this action exchanged initial disclosures under FRCP 26(a). Attached hereto as Exhibit A is a true and correct copy of Defendants' Rule 26 Initial Disclosure as served upon Yuntek by Defendants Xiamen JXD Electronic Commerce Co., Ltd. and Xiamen Sunnypet Products Co., Ltd. Those Defendants have never updated their Rule 26(a) disclosures, and Defendant Petsfit Inc. has never served Rule 26(a) disclosures. Those three parties are collectively referred to herein as "Defendants."

3. On or about August 20, 2021, Yuntek served its Damages Contentions Pursuant to Patent L.R. 3-8 on Defendants. Yuntek disclosed therein that it would seek damages in the form of a reasonable royalty. Yuntek identified the royalty rate it would seek to prove, the supporting facts known to Yuntek related to each of the *Georgia-Pacific* factors, the size of the damages base it claimed based on sales data that Defendants had produced as of that date, and other relevant information. On or about November 11, 2021, Yuntek served Amended Damages Contentions with updates based on information produced by Defendants later in discovery. Defendants have not complained about the sufficiency of Yuntek's Damages Disclosures.

4. Attached hereto as Exhibit B is a true and correct copy of Defendants' Responsive Damages Contentions Pursuant to Patent L.R. 3-9, which Defendants served on Yuntek on or about September 10, 2021.

5. Attached hereto as Exhibit C is a true and correct copy of Defendants' First Amended Responsive Damages Contentions Pursuant to Patent L.R. 3-9, which Defendants served on Yuntek on or about December 22, 2021.

6. Attached hereto as Exhibit D is a true and correct copy of a meet-and-confer letter from me to Defendants' counsel dated January 7, 2022.

7. Attached hereto as Exhibit E is a true and correct copy of a response meet-and-confer letter from Defendants' lead counsel, Robert Aycock, to me dated January 13, 2022.

8. On January 17, 2022, Mr. Aycock and I held a one-hour meet-and-confer telephone conference to discuss the issues raised in Exhibits D and E. During that call, I explained the following to Mr. Aycock, among other things (stated in paraphrased form below):

- Defendants' cited *Eon Corp.* case does not hold that damages contentions need not be stated in detail with supporting factual contentions or supplemented in a timely way, only that a party need not obtain court approval upon a showing of good cause before supplementing them. *Eon Corp.* affirmatively required detailed disclosures.

- Consequently, the boilerplate statements in Defendants' Responsive Damages Contentions are inadequate, preventing Yuntek both from addressing Defendants' theories in Yuntek's expert report and from seeking related fact discovery.

- It is irrelevant that claim construction has not yet occurred, as Defendants could have identified their damages theories under each alternative claim construction as they undoubtedly intend to do in their expert reports.

- Yuntek has not disclosed any new Doctrine-of-Equivalents infringement theories. Mr. Aycock told me he thought Yuntek had done so in Exhibit D, footnote 1; more specifically, that Yuntek had stated there an intention to present a Doctrine-of-Equivalents theory with respect to the claim element reciting that "front and back panels [that] open in a direction parallel to a longest side of the main body." I responded that Mr. Aycock had misread the footnote and that Yuntek will only rely on literal infringement with respect to that claim element.

I asked Mr. Aycock during the call for additional information about the "commercially viable alternatives" on which Defendants intended to rely in connection with their damages theories, but he declined to provide any such information, saying only that he was gathering information from Defendants' expert and would provide it when he had it. I also asked Mr. Aycock whether Defendants would make their 30(b)(6) witness, Roger Lu, available for a further deposition about the challenged damages theories. In response, Mr. Aycock said that would not happen.

1    9.   Attached hereto as Exhibit F is a true and correct copy of a response meet-and-confer letter from me to Mr. Aycock dated January 20, 2022.

10.   On December 9-10, 2021, I took the personal and 30(b)(6) deposition of Roger Lu, Defendants' representative via Zoom, in which Mr. Lu participated from a hotel room in Macao, China. I had spent months in discussions with Defendants' counsel trying to schedule that deposition because I was told Mr. Lu had to travel outside Mainland China for the deposition per Chinese law and was subject to COVID-19 travel restrictions.

Executed this 28th day of January, 2022 in Woodside, California.

*/s/ Matthew H. Poppe*
Matthew H. Poppe

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2022, the within document was filed with the Clerk of the Court using CM/ECF, which will send notification of the filing to all attorneys of record in this case.

                                              */s/ Matthew H. Poppe*
                                                Matthew H. Poppe