UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| YUNTEK INTERNATIONAL, INC., <br><br>Plaintiff, <br><br>v. <br><br>XIAMEN JXD ELECTRONIC COMMERCE CO., LTD., et al., <br><br>Defendants. | Case No. 20-cv-07201-JSW (RMI) <br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION TO STRIKE** <br><br>Re: Dkt. No. 93 |

Now pending before the court is Plaintiff's Motion (dkt. 93) seeking to strike parts of Defendants' Responsive Damages Contentions. The matter was referred to the undersigned for the preparation of findings and recommendations (dkt. 94), and the matter has now been fully briefed. Upon review of the Parties' filings, the undersigned finds that pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the matter is suitable for disposition without oral argument. As set forth below, the undersigned recommends that Plaintiff's motion be denied.

**INTRODUCTION**

This Court's Local Patent rules require the early disclosure of certain types of contentions by Plaintiffs and Defendants involved in such cases. The architecture of these rules provides for tiered disclosures as follows: (1) within 14 days after the initial case management conference, any party claiming patent infringement shall serve a disclosure of asserted claims and infringement contentions – which would include nine categories of information (*see* Patent L.R. 3-1 (a)-(i)); (2) within 45 days of service of that disclosure, any party opposing a claim of patent infringement shall serve its invalidity contentions – which would include four categories of information (*see* Patent L.R. 3-3(a)-(d)); (3) within 50 days of the service of the invalidity contentions, each party

asserting infringement shall serve its damages contentions – including each category of asserted damages, the associated theories of recovery, factual support for those theories, computations for damages within each category including lost profits, price erosion, convoyed or collateral sales, reasonable royalty, as well as any other form of damages (*see* Patent L.R. 3-8(a)(1)-(5)); and, (4) within 30 days of service of the damages contentions, "each party denying infringement shall identify specifically how and why it disagrees with those contentions" – such as would include the party's affirmative position on each issue (*see* Patent L.R. 3-9). The essence of the undersigned's recommendation for denial of Plaintiff's Motion is found in the fact that Rules 3-8 and 3-9 involve rather different requirements, a fact which Plaintiff's Motion obstinately refuses to acknowledge – in essence, Plaintiff seeks to improperly impose Rule 3-8's requirements onto Rule 3-9.

## PROCEDURAL BACKGROUND

In August of 2021, Plaintiff served its damages contentions pursuant to Rule 3-8. *See* Defs.' Exh. A (dkt. 99) at 3-10. Thereafter, on September 9, 2021, Defendants served their original responsive damages contentions pursuant to Rule 3-9. *See* Defs.' Opp., Exh. B (dkt. 96-3) at 3-9. Defendants' original responsive damages contentions contained a number of references to non-infringing alternatives and commercial demand for various non-patented features of the products at issue. *See generally* Defs.' Opp. (dkt. 96) at 5-6 (identifying five such references). Following the service of Defendants' contentions, in mid-September of 2021, Plaintiff served Defendants with a large number of discovery requests – none of which were addressed to Defendants' stated positions regarding non-infringing alternatives or consumer demand for the non-patented features of the products at issue. *Id*. at 6.

Thereafter, on November 12, 2021, Plaintiff served amended damages contentions (*see* Defs.' Exh. C (dkt. 100) at 3-10); and, Plaintiff's counsel emailed Defendants' counsel to request clarification regarding three matters involved in Defendants' original responsive damages contentions: (1) clarification of the hypothetical negotiation date; (2) a precise disclosure of Defendant's asserted royalty rate; and, (3) a change in the confidentiality designation of the disclosures. *See* Defs.' Opp. (dkt. 96) at 7. A little more than two weeks later, Plaintiff served Defendants with amended deposition notices that – to a degree – reflected topics that encompassed

the issue of non-infringing alternatives. *See id.* (describing Plaintiff's deposition notice topics as including, *inter alia*, questioning about any efforts to design, package, or write instructions for the accused products so as to not infringe the asserted patent). While Defendants did not object to any of the topics in Plaintiff's four amended deposition notices, Plaintiff still chose to not explore non-infringing alternatives or consumer demand for the non-patented features of the products at issue during the deposition of Mr. Roger Lu. *Id.* at 8. The following month, on December 23, 2021, Defendants served amended responsive damages contentions. *See* Defs.' Opp., Exh. F (dkt. 96-7) at 3-10. Additionally, Defendants submit that, during discovery, "Defendants produced pictures of non-infringing alternative designs and related costs and hundreds of customer reviews." Defs.' Opp. (dkt. 96) at 8.

For its part, Plaintiff admits that it failed to seek discovery on the factual foundation for those portions of Defendants' responsive damages contentions as such: "[i]ndeed, Yuntek had no cause to use up interrogatories and deposition time on topics that Defendants had failed to put in issue due to the nondisclosures in Defendants' damages contentions, as well as their failure to identify any related witnesses or documents in their Rule 26(a) disclosures." *See* Pl.'s Mot. (dkt. 93) at 17. Plaintiff's explanation for its affirmative decision to not seek discovery (while citing an out of district case, which the court will discuss below, *see infra* p.7) is to state that "where a party (such as Defendants here) has an affirmative duty to disclose information in damages contentions – including responsive damages contentions – the opposing party need not request the information in discovery." *Id.* Confusingly, Plaintiff also asserts that Defendants' supposedly inadequate disclosure will cause it to be damaged "irreparably" because of the contradictory notion that Plaintiff "will be deprived of the ability to obtain related fact discovery." *Id.* at 6. As such, Plaintiff seeks an order striking Defendants' contentions, or in the alternative, Plaintiff "requests that Defendants be ordered to promptly supplement their disclosures with the detailed facts that they contend support the damages theories . . . to be followed by an opportunity for [Plaintiff] to propound additional written discovery, re-depose Defendants' 30(b)(6), and serve expert reports addressing the supplemented damages theories." *Id.* at 5.

//

3

**DISCUSSION**

Subject to certain limited exceptions (*see* dkts. 88, 90), fact discovery in this case closed on January 28, 2022. *See* Order (dkt. 98) at 2. If Plaintiff regrets the choices it made during the period allotted for fact discovery, and wishes for a reopening of that period, then it should address such a request to the presiding judge under the relevant standard. However, as the undersigned sees it, Plaintiff has instead chosen an untenable path to achieve that same objective.

As mentioned above, the relevant standards for each party's damages contentions are quite different; however, in order to accept Plaintiff's arguments, those differences have to be entirely overlooked. From the very outset, Plaintiff submits that "[t]he Responsive Damages Contentions 'should include the party's affirmative position on each issue,' including the 'factual basis' for the party's contentions." Pl.'s Mot. (dkt. 93) at 5 (citing Patent L.R. 3-9 and *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-cv-03657-SI, 2019 U.S. Dist. LEXIS 110882, at *43 (N.D. Cal. July 2, 2019)). However, a review and close reading of Patent L.R. 3-9 and of Judge Illston's July 2, 2019 Order in *MLC Intellectual Property* reveals that Plaintiff's citations, and particularly Plaintiff's use of quotations for the phrase, "factual basis," are misleading. First, the undersigned should note that while Patent L.R. 3-8 imposes a requirement for Plaintiff to expound and disclose the "factual support" for its theories of recovery in its damages contentions, such is not the case for Rule 3-9. Instead, Rule 3-9 only requires that "each party denying infringement shall identify specifically how and why it disagrees with [the opposing Party's damages] contentions . . . include[ing] the party's affirmative position on each issue [and] [t]o the extent a party contends it is unable to provide a fulsome response to the disclosures required by this rule, it shall identify the information it requires." *See* Patent L.R. 3-9. Thus, When Plaintiff places the phrase, "factual basis," in quotations and punctuates that quotation with a citation to Rule 3-9, in which no such phrase can be found, the moniker of misleading is not misplaced. Nor can Plaintiff find any refuge in its secondary citation to Judge Illston's Order in *MLC Intellectual Property* as that order was concerned with rulings on various motions *in limine* (in that the parties were arguing about the adequacy of discovery responses rather than the form and content of their damages contentions at that point). To make matters worse, that order involved <u>*a Plaintiff*</u> who had failed to provide a

4

1  factual basis for its reasonable royalty contention (as required by Patent L.R. 3-8) and who had
2  failed to disclose that basis through interrogatories and depositions. *See MLC Intellectual Prop.,*
3  *LLC*, No. 14-cv-03657-SI, 2019 U.S. Dist. LEXIS 110882, at *43-*45 (N.D. Cal. July 2, 2019)
4  ("Thus, the record reflects that Micron repeatedly asked MLC - through interrogatories and the
5  Hinckley deposition - for the factual basis of its reasonable royalty claim and about its reliance on
6  the Hynix license in particular - and MLC consistently failed to disclose its contention that the
7  Hynix license 'reflected' a 0.25% royalty rate that should be applied to this case . . . There is
8  simply no explanation to excuse MLC's failure to disclose the factual basis for its claim about a
9  reasonable royalty. MLC suggests that it was not required to do so because the reasonable royalty
10 is the subject of expert testimony. However, while MLC was not required to disclose its expert
11 opinions during fact discovery, MLC was still required to disclose the factual basis for its
12 reasonable royalty claim."). Thus, Rule 3-9 does not use the term "factual basis" at all, and *MLC*
13 *Intellectual Property*'s use of the term is utterly incongruent with Plaintiff's citation. It is, of
14 course, well established that "[t]he expectation [that is] built into L.R. 3-8, as well as L.R. 3-9, that
15 there is discovery—perhaps significant discovery—still to be conducted at the time of
16 computation . . ." *Twilio, Inc. v. Telesign Corp.*, No. 16-cv-06925-LHK (SVK), 2017 U.S. Dist.
17 LEXIS 190809, at *6 (N.D. Cal. Nov. 17, 2017).

18       However, as mentioned above, Plaintiff has expressly and admittedly refused to take
19 discovery on the facts underlying Defendants' responsive damages contention due to what appears
20 to be Plaintiff's confusion about the differing standards of Rules 3-8 and 3-9. While Plaintiff could
21 have taken such discovery through any of the common methods – including interrogatories,
22 requests for admission, depositions, and so on – Plaintiff chose not to do so because of the grossly
23 mistaken notion that Plaintiff need not "use up interrogatories and deposition time on topics that
24 Defendants had failed to put in issue due to nondisclosures in Defendants' damages contentions,
25 as well as their failures to identify any related witnesses or documents in their Rule 26(a)
26 disclosures." *See* Pl.'s Mot. (dkt. 93) at 17.  Well after the end of fact discovery, Plaintiff only
27 now comes to claim that it "is only asking for a recitation of facts relevant to Defendants' damages
28 theories." *Id*. at 13 n. 1. The problem is that the time to ask for such "a recitation of facts relevant

to Defendants' damages theories" was during fact discovery – not now. In essence, Plaintiff's mistaken interpretation of the clear and plain language of Rule 3-9, combined with what appears to be its obdurate adherence to that incorrect interpretation, is responsible for its current predicament.

For example, Plaintiff contends – repeatedly – that Defendants' responsive damages contentions did not identify the specific details underlying their contentions related to design alternatives and consumer demand for the non-patented features of the accused products. *Id*. at 13. In support of this assertion, Plaintiff quotes from *Twilio* to the following effect: "[t]hey do not 'identify the known facts that support the theories,' 'do the math,' or 'set forth . . . where defendant finds factual discrepancies in plaintiff's damages theories and computations." *Id*. (citing *Twilio*, 2017 U.S. Dist. LEXIS 190809, at *5). However, the opening clause of the sentence from *Twilio* which Plaintiff has quoted (which was, of course, omitted from Plaintiff's quotation) states that "[t]he requirements of L.R. 3-8 could not be more clear . . ." *See id*. And, as stated above, because Patent L.R. 3-8 and 3-9 are quite dissimilar in their terms and provisions, Plaintiff's reliance on *Twilio* (a case focused on Rule 3-8's requirements) is unavailing as it represents yet another iteration of Plaintiff's effort to graft Rule 3-8's requirements onto Rule 3-9.[1]

---

[1] Plaintiff also complains that – regarding certain features and capabilities of the accused products such as are beyond the scope of Plaintiff's patent and which allegedly drive consumer demand for those products – "with respect to apportionment between patented and non-patented elements of the accused products, Defendants said they would 'seek information through investigation and discovery regarding . . . apportioning the revenue and profit of their products to only the patented features.'" *See* Pl.'s Mot. (dkt. 93) at 8-9. First, Defendant once again misapprehends the differences between the requirements of Rules 3-8 and 3-9. Where Rule 3-8 requires a party asserting patent infringement to not only disclose its damages theories, but to also disclose the factual support for those theories, Rule 3-9 does not require that level of factual basis disclosure for responsive damages contentions. Second, as explained in *Twilio*, neither rule 3-8 nor 3-9 directly address apportionment, which is a fact-intensive inquiry that is contemplated as being developed during discovery. *See Twilio*, 2017 U.S. Dist. LEXIS 190809, at *7-8 ("The Court notes that L.R. 3-8 and L.R. 3-9 do not directly address apportionment. The Federal Circuit requires that a damages opinion provide an evidentiary basis for the apportionment of damages between the patented feature and the unpatented features. [] Apportionment is an extremely fact-intensive exercise requiring more discovery and analysis than is likely to be completed at the juncture of the damages computation required by L.R. 3-8. Nevertheless, the apportionment requirement does not obviate the need to compute damages under L.R. 3-8. A plaintiff should, at a minimum, identify the likely factors that will be considered in its apportionment calculation, quantify those factors to the extent possible, and identify the outstanding discovery directed to quantifying these factors with the particularity outlined above.") (citing *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011)). At bottom, Plaintiff's argument is meritless. To the extent that Plaintiff contends that Defendants failed to pursue the apportionment angle during fact discovery (*see* Pl.'s Mot. (dkt. 93) at 9), that argument is a red herring and is irrelevant to the essence of Plaintiff's motion to strike. If Defendants' ultimately fail to prevail on one or more of their responsive damages contentions, that is a question for another day and it has no bearing on Plaintiff's arguments.

In response to Defendants' cogent and persuasive arguments about the material differences between Defendants' obligations under Rule 3-9 and Plaintiff's obligations under Rule 3-8, Plaintiff digs in its heels and merely states: "Defendants have argued that Yuntek is at fault for not seeking discovery related to the damages theories at issue here[,] [h]owever, where a party (such as Defendant here) has an affirmative duty to disclose information in damages contentions – including responsive damages contentions – the opposing party need not request the information in discovery." *See* Pl.'s Mot. (dkt. 93) at 17 (citing *Glaukos Corp. v. Ivantis, Inc.*, No. SACV 18-620 JVS (JDEx), 2020 U.S. Dist. LEXIS 104502, at *5 (C.D. Cal. Apr. 8, 2020)). The undersigned finds that Plaintiff's reliance on – and quotation from – *Glaukos* is similarly misleading. While *Glaukos* is a Central District case that was focused on the application of Local Patent Rules for the Northern District of California – Judge Selna's order faulted the Defendant in that case attempting to rely on a responsive damages theory that "was untimely because it was not presented in Ivantis's PLR 3-9 disclosure, and instead was disclosed for the first time in its rebuttal expert reports." *See id*. Thus, in the present context, *Glaukos* is similarly unavailing, and the case simply does not stand for the propositions Plaintiff has asserted.

By way of remedies, Plaintiff moves to strike Defendants' Rule 3-9 responsive damages contentions, or in the alternative, to reopen discovery so that Plaintiff can abate the prejudice that it contends it has suffered as a result of Defendants' failure to follow the provisions of an inapplicable rule (Rule 3-8) as Plaintiff has suggested. *See* Pl.'s Mot. (dkt. 93) at 14-17. However, because the undersigned finds that Plaintiff's arguments about Defendants' supposedly inadequate disclosures under Patent L.R. 3-9 are wholly meritless, the undersigned finds it unnecessary to reach Plaintiff's arguments as to an appropriate remedy. If Plaintiff regrets its choice to not seek discovery because of its misapprehension of Rules 3-8 and 3-9, as well as its misapprehension of *Twilio* and *Glaukos*, then Plaintiff should so say so plainly while seeking leave to reopen discovery from the presiding judge under the appropriate standard for reopening fact discovery due to mistake or accident rather than attempting to advance such a tortured misinterpretation of the local patent rules.

//

## CONCLUSION

For the reasons stated herein, the undersigned **RECOMMENDS** that Plaintiff's Motion (dkt. 93) be **DENIED**. Any party may file objections to this report and recommendation with the district court within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED.**

Dated: April 4, 2022

ROBERT M. ILLMAN
United States Magistrate Judge