1   Matthew H. Poppe (SBN 177854)
    matthew.poppe@rimonlaw.com
2   RIMON, P.C.
    800 Oak Grove Avenue, Suite 250
3   Menlo Park, California 94025
    Telephone: 650.461.4433
4   Facsimile: 650.461.4433
5
6   Attorneys for Plaintiff
    YUNTEK INTERNATIONAL, INC.
7

8                   **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10                         **OAKLAND DIVISION**

11

12  YUNTEK INTERNATIONAL, INC.,            Case No. 4:20-cv-07201-JSW

13              Plaintiff,                 **PLAINTIFF YUNTEK INTERNATIONAL,
                                           INC.'S MOTION FOR RELIEF FROM
14         v.                              NONDISPOSITIVE PRETRIAL ORDER
                                           OF MAGISTRATE JUDGE RE: MOTION
15  XIAMEN JXD ELECTRONIC                  TO STRIKE [DKT. NO. 117]**
    COMMERCE CO., LTD., XIAMEN
16  SUNNYPET PRODUCTS CO., LTD., and       Judge:   Hon. Jeffrey S. White
    PETSFIT INC.,
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF THE COURT ACTION REQUESTED BY YUNTEK

Plaintiff Yuntek International, Inc. ("Yuntek") objects, pursuant to Fed. R. Civ. Proc. 72(a) and Civil L.R. 72-2, to the Report and Recommendation Re: Plaintiff's Motion to Strike, Dkt. No. 117 ("R&R").  Yuntek asks the Court to sustain its objections and grant its Motion to Strike in Part Defendants' Responsive Damages Contentions, Dkt. No. 93 ("Motion to Strike") by striking the following parts of Defendants' Amended Responsive Damages Contentions (Dkt. No. 93-3): (1) p. 5, ll. 3-8 ("Defendants will seek…acceptable alternatives."); (2) p. 5, ll. 10-11 ("Defendants intend…metrics over time."); (3) p. 5, ll. 19-23 ("Its utility…commercial appeal."); (4) p. 6, ll. 1-5 ("Defendants have sold…demand for their products."); (5) p. 6, ll. 8-9 ("Defendants intend …independent inquiry."); (6) p. 6, ll. 22-24 ("Defendants also intend…consumer demand."); (7) p. 7, ll. 16-18 ("In particular,…low royalty rate."); and (8) p. 8, l. 19-20 ("Technical expert opinions…associated costs;").  If the Court declines that relief, Yuntek alternatively requests that Defendants be ordered to disclose the factual support for their above-cited damages theories, and for Yuntek then to be granted leave to propound related written discovery, re-depose Defendants' 30(b)(6) witness, and serve expert reports addressing the supplemented damages theories.

## LEGAL ISSUE PRESENTED

This is a patent case.  Pursuant to the Court's Patent Local Rules, the patentee must serve Damages Contentions and the alleged infringer must serve Responsive Patent Contentions.

The R&R is based entirely on the Magistrate Judge's legal conclusion that, whereas Patent L.R. 3-8 requires that a patentee's damages contentions disclose "factual support" for its damages theories, "Rule 3-9 does not require that level of factual basis disclosure for responsive damages contentions."  R&R at 6 n. 1.  That holding is erroneous:  a "factual basis" requirement is manifest in the language of Rule 3-9 and its underlying policies.  Failure to sustain Yuntek's objections to the R&R will undermine those policies with implications far beyond this case.

## STANDARD OF REVIEW

A court "*must* . . . set aside" a nondispositive magistrate judge ruling if it is "contrary to law."  Fed. R. Civ. P. 72(a) (emphasis added).  The R&R is contrary to law and must be set aside because it turns entirely on an erroneous interpretation of Patent L.R. 3-9 regarding responsive

1   damages contentions.  "A decision is 'contrary to law' if it applies an incorrect legal standard…."

2   *In re AIS GmbH Aachen Innovative Solutions*, No. 5:16-mc-80094-EJD, 2021 WL 616502, at *2

3   (N.D. Cal. Feb. 16, 2021) (quoting *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674

4   (D. Haw. 2008)).  The "contrary to law" standard amounts to *de novo* review.  *See id*.

5   <u>**SPECIFIC PARTS OF R&R TO WHICH OBJECTION IS MADE**</u>

6   Yuntek objects to the following parts of the R&R:

7   (1)     The recommendation that the Motion to Strike be denied.  R&R at 1:19, 8:2-3; *see*

8   *also id*. at 7:16-27 (discussing the rejection of Yuntek's requested remedies).

9   (2)     The holding that responsive damages contentions need not state the factual basis

10  for the alleged infringer's damages theories.  *See* R&R at 2:7-10, 4:7-8, 6:1-3, 6:13-15, 6:20-21;

11  *see also id*. at 4:9-5:20, 6:4-12 & n.1, 7:1-2 (further discussing requirements of Patent L.R. 3-9).

12  (3)     The holding that a patentee must devote discovery resources to damages theories

13  for which the alleged infringer stated no factual basis in its responsive damages contentions.  *See*

14  R&R at 5:20-6:3; *see also id*. at 3:11-22, 7:1-15 (further discussing damages discovery).

15  <u>**STATEMENT OF REASONS AND AUTHORITY SUPPORTING THIS MOTION**</u>

16  **I.      RESPONSIVE DAMAGES CONTENTIONS MUST STATE THE FACTUAL
17           BASIS FOR AN ALLEGED INFRINGER'S DAMAGES THEORIES**

18  The R&R repeatedly states that damages contentions and responsive damages contentions

19  are subject to different standards and, more specifically, that the latter need not disclose factual

20  support for the alleged infringer's damages theories.  *See* R&R at 2:7-10, 4:7-8, 6:1-3, 6:13-15,

21  6:20-21.  However, the R&R states no reasoning in support of that conclusion other than pointing

22  out that the applicable rules use different words.  *See id*.  The R&R never explains <u>*why*</u> the words

23  of Patent L.R. 3-9 do not require the disclosure of factual support for responsive damages theories,

24  nor does it address the policies underlying the rule—even though Yuntek addressed those points in

25  detail in its briefing.  *See* Motion to Strike at 8-9; Reply (Dkt. No. 104) at 2-4.

26  Although Patent L.R. 3-9 does not contain the words "factual support," it mandates that an

27  accused infringer "identify <u>*specifically*</u> how and why it disagrees with" the patentee's contentions.

28  (Emphasis added.)  A bare recitation of boilerplate legal theories without factual support does not

2

1   meet that standard.  Nor does it satisfy the duty to "include the party's _affirmative position_ on each

2   issue." Patent L.R. 3-9 (emphasis added).  The rule further signals a requirement to state factual

3   support by directing that that if a party "is unable to provide a _fulsome_ response," it must "identify

4   the _information_ it requires."  *Id*. (emphasis added).

5       Damages contentions serve various purposes that include "narrow[ing] and sharpen[ing]

6   the issues[,] thereby confining discovery and simplifying trial preparation."  *Netfuel, Inc. v. Cisco*

7   *Sys. Inc.*, No. 5:18-cv-02352-EJD, 2020 WL 4381768, at *3 (N.D. Cal. Jul. 31, 2020) (quoting

8   *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012)).  Other purposes

9   are "to clarify and narrow the theory of damages," "promote settlement," "clarify the issues for

10  trial," and "eliminate the guesswork involved in going through a party's documentary and other

11  evidence."  *Id*. at *3-*4.  Responsive damages contentions cannot achieve these purposes unless

12  they include the factual basis for a party's contentions.  "It is [] insufficient for a party to only

13  disclose its theory and summarily discuss the underlying support.  A contrary finding would

14  eradicate the purpose of damages contentions...."  *Id*. at *3.  This quotation appears in a discussion

15  of a patentee's damages contentions, but it applies equally to responsive contentions.  Why require

16  them if they are an empty exercise without sufficient information to serve the stated purposes?

17      Few cases have addressed responsive damages contentions, but they support the position

18  that such contentions must disclose factual support for damages theories.  One court stated that

19  responsive damages contentions "are the place to set forth ... where defendant finds _factual_

20  discrepancies in plaintiff's damages theories and computations...."  *Twilio, Inc. v. Telesign Corp.*,

21  No. 16-cv-06925-LHK (SVK), 2017 WL 5525929, at *4 (N.D. Cal. Nov. 17, 2017) (emphasis

22  added).  Another court—from a different district but discussing this district's rules—expressly

23  held that responsive damages contentions must include factual support and struck parts of the

24  defendants' contentions for failure to comply with that requirement.  *See Glaukos Corp. v. Ivantis,*

25  *Inc.*, No. SACV 18-620 JVS (JDEx), 2020 WL 3124217, *1-*3 & n.1 (C.D. Cal. Apr. 8, 2020).

26      The required contents of responsive damages contentions are discussed further in Yuntek's

27  Motion to Strike at 8-9 and Yuntek's Reply (Dkt. No. 104) at 2-7.

28

3

## II.    DEFENDANTS INADEQUATELY DISCLOSED TWO DAMAGES THEORIES

Yuntek moved to strike two damages theories that Defendants described in boilerplate terms with no factual support:  (1) Defendants could implement non-infringing alternatives to the patented invention, and (2) non-patented features of the accused products drive demand for those products.  *See* Motion to Strike at 5-6, 9-10, and in Yuntek's Reply (Dkt. No. 104) at 7-8.  Yuntek still does not know what the alleged non-infringing alternatives or non-patented features are.

Because the R&R found no duty to provide factual support, it mostly does not address whether Defendants did so.  In a footnote, though, the R&R discusses Defendants' disclosures regarding theory (2) above, which relates to apportionment.  R&R at 6 n.1.  The R&R states that Patent L.R. 3-8 and 3-9 do not "directly address apportionment," a topic to be "developed during discovery."  *Id*.  However, apportionment is *implicitly* addressed by the rules because it is part of the "theories of recovery" that a patentee must describe and to which an alleged infringer must respond.  Thus, the case cited by the R&R on the topic of apportionment held that a patentee's damages contentions "should, at a minimum, identify the likely factors that will be considered in its apportionment calculation, quantify those factors to the extent possible, and identify the outstanding discovery directed to quantifying these factors with the particularity outlined above."  *Twilio*, 2017 WL 5525929, at *3.  Yuntek did so, in the redacted portions of Dkt. No. 100.  Defendants had to state "specifically" why they disagreed, Patent L.R. 3-9, but did not do so.

The R&R also states that it is "irrelevant" that Defendants' responsive contentions said they would explore theory (2) "through investigation and discovery."  R&R at 6:26-28.  The relevance is that Defendants did not state the factual basis for theory (2) in their responsive contentions; they said they would investigate the theory but never amended their contentions to state a factual basis resulting from that investigation; and those facts reasonably led Yuntek to believe theory (2) was not truly at issue.  *See* Motion to Strike at 5-6, 10, 14; Reply at 10-12.

## III.    SCARCE DISCOVERY RESOURCES NEED NOT BE DEVOTED TO ISSUES INADEQUATELY DISCLOSED IN RESPONSIVE DAMAGES CONTENTIONS

The R&R blames Yuntek for declining to devote scarce discovery resources to damages issues that Defendants did not properly disclose as being at issue in the case.  *See* R&R at 3:11-22,

4

5:18-6:3, 7:1-15.  However, this District's patent local rule disclosure requirements are intended to *replace* discovery that would otherwise be needed.  *Huawei Techs. Co. v. Samsung Elecs. Co.*, 340 F.Supp.3d 934, 945 (N.D. Cal. 2018).  This includes responsive damages contentions under Patent L.R. 3-9.  *Glaukos Corp.*, 2020 WL 3124217, at *3 ("the Court is not persuaded that Glaukos bore the burden of requesting the [hypothetical negotiation] date in discovery, where PLR 3-9 clearly states that Ivantis's 'affirmative position' was required to be disclosed").

The R&R finds Yuntek's citation of *Glaukos* "misleading," R&R at 7:9, but without stating a clear reason.  The R&R purports to distinguish *Glaukos* because the relevant damages theory in that case "was untimely because it was not presented in Ivantis's PLR 3-9 disclosure, and instead was disclosed for the first time in its rebuttal expert reports."  *Id*. at 7:11-14 (quoting *Glaukos Corp.*, 2020 WL 3124217, at *2).  But here, Defendants' challenged damages theories are untimely for the same reason.  Defendants did not state the factual basis for those theories in their PLR 3-9 disclosure and likely intend to do so for the first time in their rebuttal damages report.

The R&R also finds it "confusing" and "contradictory" that Yuntek claims irreparable harm from being deprived of the ability to take fact discovery related to Defendants' damages theories.  R&R at 3:20-22.  But this is a recognized form of harm from improper responsive damages disclosures.  *See Glaukos Corp.*, 2020 WL 3124217, at *3 ("[Plaintiff] was prevented from taking fact discovery of, and preparing expert reports for, a 2010 hypothetical negotiation.").  Had Defendants properly disclosed their damages theories, Yuntek would have taken related discovery because it would have known those theories were properly at issue and would have been able to use the disclosed factual basis to craft meaningful discovery requests and questions.  *See* Motion to Strike at 12-14; Reply (Dkt. No. 104) at 10-15.

## IV.   THE MOTION TO STRIKE IS OTHERWISE WELL-FOUNDED

Because the R&R found Defendants' responsive damages contentions to be adequate, it did not address (1) whether any deficiencies were substantially justified or harmless or (2) the proper remedy.  Yuntek fully addressed these issues in its briefing.  *See* Motion to Strike at 11-14; Reply (Dkt. No. 104) at 8-15.  For the reasons stated there, Yuntek requested the relief identified above, page 1, and spelled out in detail in the Proposed Order submitted herewith.

1    Dated:  April 18, 2022                        RIMON, P.C.

2

3

                                            By:  */s/ Matthew H. Poppe*

4                                                Matthew H. Poppe

5                                              Attorneys for Plaintiff YUNTEK

6                                              INTERNATIONAL, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR RELIEF FROM PRETRIAL ORDER OF MAG. JUDGE RE: MOTION TO STRIKE
CASE NO. 4:20-CV-07201-JSW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 18, 2022, the within document was filed with the Clerk of the Court using CM/ECF, which will send notification of the filing to all attorneys of record in this case.

*/s/ Matthew H. Poppe*
Matthew H. Poppe

7