United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUNTEK INTERNATIONAL, INC., | Case No. 20-cv-07201-JSW |
| Plaintiff, | |
| v. | **NOTICE OF TENTATIVE RULINGS ON CLAIMS CONSTRUCTION** |
| XIAMEN JXD ELECTRONIC COMMERCE CO., LTD., et al., | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MAY 26, 2022, AT 10:00 a.m.:

The Court has reviewed the parties' briefs and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's tentative rulings contained herein. The parties shall each have approximately 45 minutes to present their respective arguments on claim construction.

United States District Court
Northern District of California

1     The Court provides its tentative constructions of the disputed terms of United States Patent

2 No. 6,715,446 ("the '446 Patent") entitled Pet Tent.  The parties shall confine their arguments and

3 presentations to address the following tentative constructions.

4     **1.      Claim Term: "foldable"**

5     Yuntek proposes the construction of the term "foldable" to mean "having structural

6 features that facilitate folding in the manner described."  Defendants propose the construction of

7 the term to have its plain and ordinary meaning.

8     There is a "'heavy presumption' that a claim term carries its ordinary and customary

9 meaning."  *CCS Fitness, Inc. v. Brunswick, Corp.*, 288 F.3d 1359, 1366 (9th Cir. 2002) (citation

10 omitted).  The "ordinary and customary meaning of a claim term is the meaning that the term

11 would have to a person of ordinary skill in the art in question at the time of the invention."

12 *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-13 (Fed. Cir. 2005) (en banc).  In addition, the

13 "foldable" requirement in the context of the patent is already modified and defined by restrictions

14 in each asserted claim.  *See ACTV, Inc. v. Walt Disney Co.*, 346 F.3d 1082, 1088 (9th Cir. 2003)

15 (holding that the "context of the surrounding words of the claim also must be considered in

16 determining the ordinary and customary meaning of those terms.").  The Court finds that it would

17 be improper to adopt Yuntek's proposed construction to incorporate additional limitations existent

18 in the various restrictions of the limiting language of the claims.

19     The Court **tentatively** adopts the plain and ordinary meaning of the term and construes

20 "foldable" to mean "able to be folded."

21     **2.      Claim Term: "on top of said bottom side [of said main body]"**

22     Yuntek proposes the construction of the term "on top of said bottom side [of said main

23 body]" to mean "above and directly adjacent to the bottom side of the main body."  Defendants

24 propose the construction of the term to mean "onto the interior floor of the housing, and on top of

25 any mat or pad on the interior floor of the housing."

26     The Court does not agree that the suggested optional feature, such as a pad that is

27 removable from the product, should be included in the claim construction.  The Court also finds

28 the term "adjacent" in this context to be unnecessarily ambiguous and confusing.

2

United States District Court
Northern District of California

The Court **tentatively** construes the term "on top of said bottom side [of said main body]" to mean "on the interior floor directly above the bottom side of the main body."

**3.     Claim Term: "front panel and back panel are *folded over* the collapsed main body with one of the front panel and the back panel *folder over* the other"**

Yuntek proposes the construction of the term "front panel and back panel are *folded over* the collapsed main body with one of the front panel and the back panel *folder over* the other" to mean "'folded over' means bent or pivoted to a position above the collapsed main body and at least partly overlapping the other panel."  Defendants propose the construction of the term to mean "front panel and back panel folded toward and over each other over the top side of the collapsed main body such that the housing is folded to and remains in a significantly compact state."

The crux of the dispute is in the term "folded over" which the Court construes to mean "bent toward" and the examination history clearly indicates that the compact form of the folded product was necessary to distinguish it from prior art.  *See Phillips*, 415 F.3d at 1317 ("[T]he prosecution history can often inform the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the court of prosecution, making the claim scope narrower than it would otherwise be.").

Accordingly, the Court **tentatively** construes the disputed phrase to mean "front and back panel are bent toward the collapsed main body with either one of the front panel and the back panel bent toward the other in an overlapping and significantly compact position above the collapsed main body."

**4.     Claim Term: "a continuous structure"**

Yuntek proposes the construction of the term "a continuous structure" to mean "a structure in which the four sides are connected (such as by sewing) without being disengageable (such as by a zipper) across the structure's entire length at any location."  Defendants propose the construction of the term to have its plain and ordinary meaning.

The Court finds Yuntek's proposal to modify the term by adding the phrases "such as by sewing" or "such as by a zipper" lacks explanation and are improper embodiments.  The Court also finds that the proposed addition of the phrase "four sides" may create confusion and indicate

the structure has include four distinct sides when the structure is in fact a dome shape.

The Court **tentatively** construes the term "a continuous structure" to mean "a structure in which all parts are connected without being disengageable."

### 5. Claim Term: "wherein said housing is foldable such that"

Yuntek proposes the construction of the term "wherein said housing is foldable such that" to mean, for Claim 6, "wherein the housing is foldable in the manner stated in column 1, lines 39-47 of the Inter Partes Reexamination Certificate."  And for Claim 7, Yuntek proposed the term to mean "wherein the housing is foldable in the manner stated in column 2, lines 13-21 of the Inter Partes Reexamination Certificate."  Defendants propose the construction of the term to have its plain and ordinary meaning.

The Court finds that the phrase "wherein said housing is foldable such that" includes the term "such that" indicating that the three limitations which follow describe the manner in which the housing is "foldable" rather than reciting how the pet housing must actually be folded.  The Court finds persuasive that the term "such that" means "in such a way that" and then include the three limitations which follow.  The reexamination interpretation supports this understanding where the examiner found the cited reference to be invalidating where it disclosed front and back panels that "are capable of being folded onto the collapsed main body."  This interpretation is also consistent with the Court's construction of the separate term "foldable" meaning able to be folded.

The Court **tentatively** construes the term "wherein said housing is foldable such that" for Claim 6 to mean "wherein the housing is foldable in the manner stated in column 1, lines 39-47 of the Inter Partes Reexamination Certificate."  The Court **tentatively** construes the term "wherein said housing is foldable such that" for Claim 7 to mean "wherein the housing is foldable in the manner stated in column 2, lines 13-21 of the Inter Partes Reexamination Certificate."

Do the parties have anything further to add?

**IT IS SO ORDERED.**

Dated: May 24, 2022

_____

JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California